

February 24, 2025

Hon. Jennifer L. Rochon
U.S. District Court for the Southern District of New York
500 Pearl Street, Room 1920
New York, NY 10007

      **Re: *John Doe v. Sean Combs, et al.*; Case No. 1:25-cv-00996 (JLR)**

Dear Judge Rochon:

      We write on behalf of our client, Plaintiff John Doe, in reference to this Court's order dated 02/13/25 (Dkt. 10) directing Plaintiff to seek leave to proceed under a pseudonym.

      Prior to commencing this action, Plaintiff filed a motion under seal seeking leave to proceed under a pseudonym pursuant to ECF Rule 6.14. On January 23, 2025, Plaintiff's motion was granted. Plaintiff refers the Court to Case 1:24-mc-00036-AT, Dkt. 3, attached hereto as Exhibit A.

      Accordingly, Plaintiff respectfully seeks clarification from this Court as to whether the Court is requesting an additional Motion for Leave to Proceed Under a Pseudonym or whether the Court's above-referenced order should be withdrawn.

      Respectfully submitted,

      _____
      YASMINE MEYER
      Attorneys for Plaintiff,
      JOHN DOE

Our attorneys are admitted to practice law in California, Florida, Nevada, New York, and Texas
26565 Agoura Road., Suite 200, Calabasas, CA 91302 | Office: (818) 914-7397 | Fax: (818) 884-8079 | TheBloomFirm.com

# EXHIBIT A

| | |
|---|---|
| UNITED STATES DISTRICT COURT<br>SOUTHERN DISTRICT OF NEW YORK<br>JOHN DOE,<br><br>                     Plaintiff,<br><br>    -against-<br><br>SEAN COMBS, BAD BOY ENTERTAINMENT LLC, BAD BOY RECORDS LLC, BAD BOY ENTERTAINMENT HOLDINGS INC., BAD BOY PRODUCTIONS HOLDINGS INC., BAD BOY BOOKS HOLDINGS INC., DOE CORPORATIONS 1-10, AND DOE DEFENDANTS 11-20,<br><br>                     Defendants. | USDC SDNY<br>DOCUMENT<br>ELECTRONICALLY FILED<br>DOC #: _____<br>DATE FILED: __1/23/2025__<br><br>25 Misc. 36 (AT)<br><br>**ORDER** |

ANALISA TORRES, District Judge:

    Plaintiff moves to proceed anonymously and file his complaint with the corresponding redactions. *See* ECF Nos. 1, 1-1 at 10. For the reasons stated below, Plaintiff's motion is GRANTED.

    In deciding whether a plaintiff may proceed anonymously, courts balance "the plaintiff's interest in anonymity" against "both the public interest in disclosure and any prejudice to the defendant." *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 189 (2d Cir. 2008). The Second Circuit has laid out a non-exhaustive list of factors to be considered:

> (1) whether the litigation involves matters that are highly sensitive and of a personal nature;
> (2) whether identification poses a risk of retaliatory physical or mental harm to the party seeking to proceed anonymously or even more critically, to innocent non-parties;
> (3) whether identification presents other harms and the likely severity of those harms, including whether the injury litigated against would be incurred as a result of the disclosure of the plaintiff's identity;
> (4) whether the plaintiff is particularly vulnerable to the possible harms of disclosure, particularly in light of [their] age;
> (5) whether the suit is challenging the actions of the government or that of private parties;
> (6) whether the defendant is prejudiced by allowing the plaintiff to press [their] claims anonymously, whether the nature of that prejudice (if any) differs at any particular stage of the litigation, and whether any prejudice can be mitigated by the district court;
> (7) whether the plaintiff's identity has thus far been kept confidential;
> (8) whether the public's interest in the litigation is furthered by requiring the plaintiff to disclose [their] identity;

(9) whether, because of the purely legal nature of the issues presented or otherwise, there is an atypically weak public interest in knowing the litigants' identities; and
(10) whether there are any alternative mechanisms for protecting the confidentiality of the plaintiff.

*Id.* at 190 (cleaned up) (citations omitted).  A court "is not required to list each of the factors or use any particular formulation as long as it is clear that the court balanced the interests at stake in reaching its conclusion." *Id.* at 191 n.4.

Here, the weight of the factors tips in favor of allowing Plaintiff to proceed anonymously. Plaintiff intends to bring claims of, *inter alia*, rape, sexual assault, and sex trafficking. ECF No. 1-1 at 3.  Courts in this District have recognized that allegations concerning sexual assault are "highly sensitive" and "of an extremely personal nature." *Doe v. Skyline Autos. Inc.*, 375 F. Supp. 3d 401, 505 (S.D.N.Y. 2019); *see, e.g.*, *Doe 3 v. Indyke*, No. 24 Civ. 1204, 2024 WL 4299757, at *3 (S.D.N.Y. Sept. 26, 2024); *Doe v. Townes*, No. 19 Civ. 8034, 2020 WL 2395159, at *3 (S.D.N.Y. May 12, 2020).  Plaintiff is "particularly vulnerable to the possible harms of disclosure," *Sealed Plaintiff*, 537 F.3d at 190: Because Plaintiff alleges to be a male sexual abuse victim, "[p]ublicly disclosing his identity could subject him to increased scrutiny and derogation, reinforced by stereotypes about male victimhood and masculinity." ECF No. 1-1 at 5.  At this exceedingly early stage in the case, the factors counseling against disclosure outweigh those that counsel in favor.  *Cf. Doe v. Delta Airlines, Inc.*, 310 F.R.D. 222, 226 (S.D.N.Y. 2015) (requiring the plaintiff to identify herself as the case approached trial).

Accordingly, Plaintiff's motion to proceed anonymously is GRANTED without prejudice to reconsideration at a future point.  The Clerk of Court is respectfully directed to restrict access to this order to the selected party viewing level and close the case.

SO ORDERED.

Dated: January 23, 2025
      New York, New York

_____
ANALISA TORRES
United States District Judge

2