**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

JOHN DOE,

                   *Plaintiff*,

        -against-

SEAN COMBS, BAD BOY ENTERTAINMENT
LLC, BAD BOY RECORDS LLC, BAD BOY
ENTERTAINMENT HOLDINGS INC., BAD BOY
PRODUCTIONS HOLDINGS INC., BAD BOY
BOOKS HOLDINGS INC., DOE CORPORATIONS
1-10, AND DOE DEFENDANTS 11-20,

                 *Defendants*.

Case No.: 1:25-cv-00996 (JLR)

**<u>ORAL ARGUMENT
REQUESTED</u>**

---

**<u>MEMORANDUM OF LAW IN SUPPORT OF
DEFENDANT BAD BOY RECORDS LLC'S MOTION TO DISMISS</u>**

 

**PRYOR CASHMAN LLP**
    Donald S. Zakarin
    William L. Charron
    Nicholas G. Saady
7 Times Square
New York, NY 10036
Tel.: (212) 421-4100
Fax: (212) 798-6307

*Attorneys for Bad Boy Records LLC*

## **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ......................................................................................... iii

PRELIMINARY STATEMENT ........................................................................................1

RELEVANT FACTS .........................................................................................................3

   1.  THE COMPLAINT SHOULD BE DISMISSED AGAINST BBRLLC BECAUSE IT IS BASED SOLELY ON NON-SPECIFIC, IMPROPER GROUP PLEADING ...................3

   2.  BBRLLC IS NEITHER OWNED NOR CONTROLLED BY COMBS PERSONALLY, INDIVIDUALLY OR DIRECTLY AND HAS NOTHING TO DO WITH PLAINTIFF OR ADULT ENTERTAINMENT ...............................................................................5

STANDARDS OF REVIEW ...............................................................................................6

ARGUMENT ......................................................................................................................6

   I.  THE CLAIMS AGAINST BBRLLC ARE IMPROPER GROUP PLEADINGS AND SHOULD BE DISMISSED .........................................................................................6

   II.  PLAINTIFF'S PURPORTED CORPORATE LIABILITY THEORY AGAINST BBRLLC IS INSUFFICIENTLY PLED AND BASELESS .................................................7

   III.  PLAINTIFF'S VGMVPA CAUSE OF ACTION AGAINST BBRLLC FAILS FOR SEVEN INDEPENDENT REASONS ..........................................................................9

      1.  Plaintiff's VGMVPA Claim Is Time-Barred ...............................................................9

      2.  The VGMVPA Is Not Retroactive as Against BBRLLC ..............................................9

      3.  Plaintiff's VGMVPA Claim Is Preempted By New York State Law .........................11

      4.  Plaintiff's VGMVPA Claim Relies on Impermissible Group Pleading .....................12

      5.  Plaintiff Fails to, and Cannot, Allege Any Gender Animus By BBRLLC .................13

      6.  Plaintiff Does Not Allege Any Act of Violence Occurring in New York City ...........13

      7.  Misconduct Alleged Against Combs Cannot Be Imputed to BBRLLC .....................14

   IV.  PLAINTIFF'S FEDERAL LABOR TRAFFICKING CLAIM IS TIME-BARRED, IMPROPERLY GROUP-PLED AND FAILS TO PLEAD THE REQUISITE ELEMENTS AGAINST BBRLLC ................................................................................15

      1.  Plaintiff's Claim Is Time-Barred ..............................................................................15

2.   Plaintiff Fails to Plead Any Claim Against BBRLLC Under 18 U.S.C. § 1589 .........15

3.   BBRLLC Cannot Be Liable Under 18 U.S.C. § 1589(a) Because It Had No
     Relationship with Plaintiff ...........................................................................................16

4.   BBRLLC Cannot Be Liable Under 18 U.S.C. § 1589(b) Because It Had No
     Knowledge of Combs' Alleged Misconduct and Received No Benefit ....................16

V. PLAINTIFF'S NEW YORK LABOR TRAFFICKING CLAIM FAILS BECAUSE THE
   STATUTE DOES NOT APPLY AND NO VIABLE CLAIM IS PLED .........................17

1.   New York's Labor Trafficking Law Does Not Apply to Pre-2016 Conduct .............17

2.   Plaintiff Fails to Plead the Elements of a Viable Claim Against BBRLLC ...............18

VI. PLAINTIFF'S FEDERAL SEX TRAFFICKING CLAIM FAILS ...................................18

1.   Plaintiff's Claim is Time-Barred .............................................................................18

2.   Plaintiff Fails to Plead Any of the Requisite Elements to Sustain a Claim Against
     BBRLLC Under 18 U.S.C. § 1591 ..........................................................................18

     a)   Plaintiff Fails to Allege BBRLLC's Participation Or Involvement In Any Alleged
          Sex Trafficking Venture ...................................................................................19

     b)   Plaintiff Fails to Plead How BBRLLC Had Knowledge of Any Acts of Combs ..20

     c)   Plaintiff Fails to Plead Any Benefit Received By BBRLLC for Combs' Acts .....21

VII. PLAINTIFF'S CTVPA CLAIM FAILS BECAUSE IT DOES NOT APPLY TO
     BENEFICIARIES, IS TIME-BARRED AND IS IMPROPERLY GROUP-PLED ........21

1.   Plaintiff's CTVPA Claim is Time-Barred ................................................................22

2.   Plaintiff Fails to Plead How BBRLLC Perpetrated, Rather Than Benefitted From,
     Plaintiff's Alleged Trafficking ................................................................................22

3.   Plaintiff Fails to Plead Any Intent by BBRLLC to Obtain Forced Labor or Services
     from Plaintiff ..........................................................................................................23

VIII. PLAINTIFF'S ATTEMPT TO TOLL THE APPLICABLE STATUTE OF
      LIMITATIONS FAILS ON MULTIPLE GROUNDS ...................................................24

IX. PLAINTIFF SHOULD NOT BE GIVE LEAVE TO REPLEAD ....................................25

CONCLUSION..............................................................................................................26

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*2497 Realty Corp. v. Fuertes*,
    232 A.D.3d 451 (1st Dep't 2024) ...........................................................................8

*Achtman v. Kirby, McInerney & Squire, LLP*,
    464 F.3d 328 (2d Cir. 2006) ...................................................................................6

*AJ Energy LLC v. Woori Bank*,
    No. 18-CV-3735 (JMF), 2019 WL 4688629 (S.D.N.Y. Sept. 26, 2019) ..................6

*Am. Fuel Corp. v. Utah Energy Dev. Co.*,
    122 F.3d 130 (2d Cir. 1997) ...................................................................................8

*Anora v. Oasia Pro. Mgmt. Grp., Ltd.*,
    No. 19-CV-11732 (LJL), 2021 WL 1114539 (S.D.N.Y. Aug. 31, 2021) ................16

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009) ..........................................................................................6, 22

*Atuahene v. City of Hartford*,
    10 F. App'x 33 (2d Cir. 2001) .................................................................................7

*Bellino v. Tallarico*,
    No. 24-CV-00712 (S.D.N.Y. Apr. 26, 2024) .....................................................10, 12

*Bellino v. Tallarico*,
    No. 24-CV-0712 (LAK), 2024 WL 1344075 (S.D.N.Y. Feb. 21, 2024) ................11

*Bensky v. Indyke*,
    No. 24-CV-1204 (AS), 2024 WL 3676819 (S.D.N.Y. Aug. 5, 2024) ...............10, 11

*Cedar Cap. Mgmt. Grp. Inc. v. Lillie*,
    79 Misc. 3d 1238(A), 2023 N.Y. Slip Op. 50831(U) (Sup. Ct. N.Y. Cnty.
    2023) .......................................................................................................................8

*Cho v. Chu*,
    No. 21-CV-02297 (PGG) (SDA), 2022 WL 2532446 (S.D.N.Y. May 12,
    2022) ...............................................................................................................16, 17

*Collins v. Pearson Educ., Inc.*,
    721 F. Supp. 3d 274 (S.D.N.Y. 2024) .....................................................................6

*Davis v. Port*,
    84 Misc. 3d 1263(A), 2025 N.Y. Slip Op. 50029(U) (Sup. Ct. N.Y. Cnty.
    2025) ..................................................................................................................................8

*Delgado v. Donald J. Trump for President, Inc.*,
    No. 952333/2023 (Sup. Ct. N.Y. Cnty. Jan. 30, 2025) ..........................................................12

*DLJ Rest. Corp. v. City of N.Y.*,
    96 N.Y.2d 91 (2001) ...........................................................................................................11

*Doe (G.N.C.) v. Uniquest Hosp., LLC*,
    No. 23-CV-7980 (PKC), 2024 WL 4149251 (S.D.N.Y. Sept. 11, 2024) ...............................20

*Doe v. Alsaud*,
    12 F. Supp. 3d 674 (S.D.N.Y. 2014) .....................................................................................14

*Doe v. Combs*,
    No. 23-CV-10628 (JGLC), 2024 WL 4987044 (S.D.N.Y. Dec. 5, 2024) ..........................9, 10

*Doe v. N.Y. City Dep't of Educ.*,
    No. 21-CV-4332 (FB), 2023 WL 2574741 (E.D.N.Y. Mar. 20, 2023) ...................................14

*Doe v. Rees*,
    No. 24-CV-00274 (MAD/ML), 2025 WL 641467 (N.D.N.Y. Feb. 27, 2025) .......................14

*Doe v. Solebury Sch.*,
    No. 21-CV-06792 (LLS), 2022 WL 1488173 (S.D.N.Y. May 11, 2022)................................14

*Doe v. Telemundo Network Grp. LLC*,
    No. 22-CV-7665 (JPC), 2023 WL 6259390 (S.D.N.Y. Sept. 26, 2023) ................................14

*Eckhart v. Fox News Network LLC*,
    No. 20-CV-5593 (RA), 2021 WL 4124616 (S.D.N.Y. Sept. 9, 2021) .............................13, 20

*Geiss v. Weinstein Co. Holdings LLC*,
    383 F. Supp. 3d 156 (S.D.N.Y. 2019).......................................................................19, 24, 25

*Gottwald v. Sebert*,
    2016 N.Y. Slip Op. 32815[U], 2016 WL 1365969 (Sup. Ct. N.Y. Cnty. Apr. 6,
    2016) ....................................................................................................................................14

*Gottwald v. Sebert*,
    40 N.Y.3d 240 (2023) ..........................................................................................................10

*Holmberg v. Armbrecht*,
    327 U.S. 392 (1946).............................................................................................................25

*J.B. v. G6 Hosp., LLC*,
No. 19-CV-07848 (HSG), 2021 WL 4079207 (N.D. Cal. Sept. 8, 2021) ..............................23

*J.L. v. Rockefeller Univ.*,
No. 950131/2020, 2023 WL 3757389 (Sup. Ct. N.Y. Cnty. May 25, 2023)....................10, 11

*Jacobus v. Colgate*,
217 N.Y. 235 (1916) ...........................................................................................................11

*K.R. v. G6 Hosp., LLC*,
No. 19-CV-08252 (VC), 2020 WL 5653287 (N.D. Cal. Sept. 23, 2020).............................23

*Landgraf v. USI Film Prods.*,
511 U.S. 244 (1994)............................................................................................................11

*Lawson v. Rubin*,
No. 17-CV-6404 (BMC), 2018 WL 2012869 (E.D.N.Y. Apr. 29, 2018)........................19, 20

*Levin v. Sarah Lawrence Coll.*,
747 F. Supp. 3d 645 (S.D.N.Y. 2024)...................................................................15, 18, 21, 25

*Lofthus v. Long Beach Veterans Hosp.*,
214 F. Supp. 3d 908 (C.D. Cal. 2016) .................................................................................24

*Louis v. Niederhoffer*,
No. 23-CV-6470 (LTS), 2023 WL 8777015 (S.D.N.Y. Dec. 19, 2023) ..........................10, 11

*Manley v. Mazzuca*,
No. 01-CV-5178 (RJS), 2007 WL 4233013 (S.D.N.Y. Nov. 30, 2007)................................25

*Maslic v. ISM Vuzem d.o.o.*,
No. 21-CV-02556 (BLF), 2024 WL 3408217 (N.D. Cal. July 11, 2024)..............................22

*Morris v. N. Y. State Dep't of Taxation & Fin.*,
82 N.Y.2d 135 (1993) ...........................................................................................................8

*N.X. v. Cabrini Med. Ctr.*,
97 N.Y.2d 247 (2002) ....................................................................................................14, 15

*Noble v. Weinstein*,
335 F. Supp. 3d 504 (S.D.N.Y. 2018).......................................................................19, 20, 21

*O'Rear v. Diaz et al.*,
No. 24-CV-1669 (PAE), 2025 WL 283169 (S.D.N.Y. Jan. 23, 2025) ...................................12

*Overall v. Est. of Klotz*,
52 F.3d 398 (2d Cir. 1995).....................................................................................................24

*Parker v. Alexander*,
    No. 24-CV-4813 (LAK), 2025 WL 268436 (S.D.N.Y. Jan. 22, 2025) ............................11, 12

*Plusgrade L.P. v. Endava Inc*.,
    No. 21-CV-1530 (MKV), 2023 WL 2402879 (S.D.N.Y. Mar. 8, 2023) ..................................7

*Regina Metro. Co., LLC v. N.Y. State Div. of Hous. & Cmty. Renewal*,
    35 N.Y.3d 332 (2020) ................................................................................................9, 11

*Richard v. Combs et al.*,
    No. 24-CV-06848 (KPF) (S.D.N.Y.) ..........................................................................5

*Rossbach v. Montefiore* Med. Ctr.,
    No. 19-CV-5758 (DLC), 2021 WL 930710, (S.D.N.Y. Mar. 11, 2021) ..................................5

*Roeg v. Warner Music Grp. Corp*,
    83 Misc. 3d 1288(A), 2024 WL 4140059 (Sup. Ct. N.Y. Cnty. Aug. 30, 2024)....................13

*S.J. v. Choice Hotels Int'l, Inc.*,
    473 F. Supp. 3d 147 (E.D.N.Y. 2020) ..............................................................18, 20

*SCE Grp. Inc. v. City of New York*,
    No. 18-CV-8909 (AT), 2020 WL 1033592 (S.D.N.Y. Mar. 3, 2020) .....................................7

*Sheridan Broad. Corp. v. Small*,
    19 A.D.3d 331 (1st Dep't 2005) ..........................................................................8

*Shi Ming Chen v. Hunan Manor Enter., Inc.*,
    No. 17-CV-802, 2018 WL 1166626 (GBD), (S.D.N.Y. Feb. 15, 2018)....................................7

*Smith v. AECOM Tishman*,
    No. 21-CV-02915 (PGG) (SDA), 2022 WL 19410315 (S.D.N.Y. June 1,
    2022) ......................................................................................................................16

*Societe d'Assurance de l'Est SPRL v. Citigroup Inc.*,
    No. 10-CV-4754 (JGK), 2011 WL 4056306 (S.D.N.Y. Sept. 13, 2011) ................................9

*Soter Techs., LLC v. IP Video Corp*.,
    523 F. Supp. 3d 389 (S.D.N.Y. 2021).........................................................................7

*State v. Easton*,
    169 Misc. 2d 282 (Sup. Ct. Albany Cnty. 1995) ......................................................8

*Stein v. Rockefeller Univ. Hosp*.,
    Index No. 1599/2023, Dkt. No. 44 (Sup. Ct. N.Y. Cnty. May 23, 2024)..............................10

*Swarna v. Al-Awadi*,
    622 F.3d 123 (2d Cir. 2010)..........................................................................................15

vi

*Technomarine SA v. Jacob Time, Inc.*,
  905 F. Supp. 2d 482 (S.D.N.Y. 2012) ................................................................. 6

*TNS Holdings, Inc. v. MKI Sec. Corp.*,
  92 N.Y.2d 335 (1998) ........................................................................................ 8

*Willard v. UP Fintech Holding Ltd.*,
  527 F. Supp. 3d 609 (S.D.N.Y. 2021) .............................................................. 25

**Statutes**

18 U.S.C. § 1589 .................................................................................... *passim*

18 U.S.C. §§ 1595 ............................................................................ 2, 3, 15, 18

18 U.S.C. § 1591 .................................................................................... *passim*

F.R.C.P. Rule 8(a)(2) .............................................................................. *passim*

Cal. Civ. Code § 52.5 ............................................................................. *passim*

Cal. Penal Code § 236.1 ................................................................................ 23

C.P.L.R. § 214-g .......................................................................................... 11

C.P.L.R. § 214-j ........................................................................................... 11

N.Y.C. Admin. Code § 8-902 ........................................................................ 11

N.Y.C. Admin. Code § 10-1104 ............................................................... 10, 12

N.Y.C. Admin. Code § 10-1105 ...................................................................... 9

N.Y. Soc. Serv. Law § 483-bb(c) .......................................................... 2, 3, 17, 18

Defendant Bad Boy Records LLC ("BBRLLC") submits this Memorandum of Law in support of its motion, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, to dismiss the Complaint ("Complaint" or "Compl.") with respect to BBRLLC with prejudice.

## PRELIMINARY STATEMENT

The Complaint alleges that Plaintiff, an adult entertainer based in Las Vegas, who was allegedly employed by Defendant Sean Combs p/k/a Diddy ("Combs") as his personal adult entertainer, was sexually assaulted from 2007 to 2012 by Combs. In an improper group pleading, the Complaint also claims that a host of entities that Plaintiff misconceives as all belonging to Combs are somehow responsible for his private conduct. Contrary to the presumption in the Complaint, BBRLLC is not an entity that is personally, individually or directly owned or controlled by Combs. Further, BBRLLC is also not the same entity as "Bad Boy Records" (with no LLC), a completely separate entity that was and may still be owned by Combs, and also the term Plaintiff confusingly employs at times instead of the defined term "Bad Boy Defendants." Indeed, Plaintiff's counsel knew that BBRLLC was not personally, individually or directly owned or controlled by Combs because, as shown in the accompanying declaration of Donald S. Zakarin dated May 19, 2025 ("Zakarin Decl."), they were so informed prior to filing this Complaint.

The Complaint generically ascribes alleged conduct to the "Bad Boy Defendants" (and occasionally to the undefined "Bad Boy Records"), failing, however, to plead any facts that support any claim against BBRLLC. There are no facts pled that BBRLLC had anything to do with, any knowledge of, or any benefit obtained from, the alleged personal misconduct of Combs.

The Complaint, as against BBRLLC, should be dismissed for the following reasons:

1

**First**, the improper group pleading fails to provide any notice of what it was that BBRLLC supposedly did or failed to do that is actionable, instead simply labeling BBRLLC as one of many "Bad Boy Defendants."

**Second**, Plaintiff's claim for violation of the New York City Victims of Gender Motivated Violence Protection Act ("VGMVPA") fails as against BBRLLC because: (a) there is a seven-year statute of limitations, barring any claim no later than 2019; (b) the 2022 amendment to the VGMVPA ("2022 Amendment") does not apply retroactively to corporate entities; (c) the New York State Adult Survivor's Act of 2022 preempts the 2022 Amendment; and (d) the Complaint fails to identify any conduct by BBRLLC satisfying the statutory requirements of the VGMVPA.

**Third**, Plaintiff's claim for forced labor in violation of 18 U.S.C. §§ 1589 and 1595 fails as against BBRLLC because it is time-barred and fails to plead any of the elements necessary to support a claim against BBRLLC.

**Fourth**, Plaintiff's claim for labor trafficking in violation of New York Social Services Law Sec. 483-bb(c) should be dismissed as against BBRLLC because the statute does not apply to conduct prior to 2016, and the Complaint does not plead any facts supporting a claim against BBRLLC.

**Fifth**, Plaintiff's claim for sex trafficking in violation of 18 U.S.C. § 1591 as against BBRLLC fails to plead that BBRLLC "participated" or "knowingly benefited" from any alleged conduct in violation of 18 U.S.C. § 1591.

**Finally**, Plaintiff's claim for trafficking in violation of the California Trafficking Victims Protection Act, Cal. Civil Code § 52.5 ("CTVPA") is time-barred and fails because the CTVPA does not provide for liability against alleged beneficiaries of a trafficking scheme.

Plaintiff cannot employ an improper group pleading, combined with his knowingly false presumption that BBRLLC is an entity personally, individually or directly owned or controlled by Combs, to circumvent the requirement that he actually plead facts showing that BBRLLC could be liable for the alleged private conduct of Combs. For all of the reasons set forth below, the claims against BBRLLC should be dismissed with prejudice.

## RELEVANT FACTS

Without a single factual allegation connecting BBRLLC to any of Combs' alleged private actions and resorting to improper group pleading, the Complaint asserts five claims against BBRLLC: (1) violation of the VGMVPA; (2) forced labor in violation of 18 U.S.C. §§ 1589 and 1595; (3) violation of New York Services Law § 483-bb(c); (4) sex trafficking in violation of 18 U.S.C. § 1591; and (5) violation of the CTVPA, as defined in California Civil Code § 52.5. None of these claims has any factual or legal basis as against BBRLLC.

## I.    THE COMPLAINT SHOULD BE DISMISSED AGAINST BBRLLC BECAUSE IT IS BASED SOLELY ON NON-SPECIFIC, IMPROPER GROUP PLEADING

Despite the Complaint's occasional mistaken use of the undefined term "Bad Boy Records" (which is an actual entity and different from BBRLLC), there is not a single factual allegation in the Complaint connecting BBRLLC to any of the claims. Instead, presuming (incorrectly) that BBRLLC *is* "Bad Boy Records" and owned by Combs, BBRLLC is lumped together as one of many entities defined collectively as the "Bad Boy Defendants." Without a single fact pled showing that BBRLLC had any knowledge or even any reason to know of Combs' alleged conduct, nor that such alleged conduct furthered any business purpose of BBRLLC, the Complaint relies solely on a group pleading that the generic "Bad Boy Defendants" supposedly "enabled" and somehow "knew" or "should have known" about Combs' alleged conduct. (Compl. ¶¶ 77, 87, 92, 100, 109, 142, 149, 156.)

3

The Complaint alleges personal conduct of Combs from 2007 to 2012 without pleading any facts showing any involvement of BBRLLC. (*Id.* ¶¶ 14–66.) In fact, apart from the paragraphs identifying the parties (which is incorrect as to BBRLLC), there is not a single allegation in the 171-paragraph Complaint that even mentions BBRLLC, nor anything that supports any claim against BBRLLC.[1]

Instead, BBRLLC is defined as one of the many "Bad Boy Defendants" based on Plaintiff's false presumption that it is simply one of a group of companies owned by Combs ostensibly because it contains the words "Bad Boy". Not a single fact explains how BBRLLC, which is not owned by Combs, can be grouped together with entities which are owned by Combs.

Set forth below are illustrative examples of the non-specific, non-factual and conclusory "Bad Boy Defendants" group pleading paragraphs, none of which plead any facts as to BBRLLC:

- "By facilitating its owner's behavior, the Bad Boy Defendants have financially and otherwise benefited from these acts and omissions by keeping Combs satisfied." (*Id.* ¶ 76.)

- "Bad Boy Defendants enabled, condoned, had knowledge of, and failed to act to prevent or mitigate Combs' commission of the abovementioned crimes of violence motivated by gender and are therefore also liable under the VGMVPL." (*Id.* ¶ 77.)

- "Bad Boy Defendants knew of Combs' continuous death threats and coercion against Plaintiff. Combs' continuous death threats and coercion, and the Bad Boy Defendants'

---

[1] As noted, the Complaint at times confusingly uses the undefined term "Bad Boy Records," which it alleges is owned by Combs and "benefited" from Combs' conduct (Compl. ¶¶ 103, 104), and that Combs purchased airline tickets and hotel accommodations "through his company, Bad Boy Records." (Compl. ¶ 29.) "Bad Boy Records" *is* an entity that is owned by Combs, directly or indirectly, but it is a distinct entity from BBRLLC, which is not and was not personally, individually or directly owned or controlled by Combs (and indeed, was inactive by the end of 2009). (Declaration of Erica Bellarosa, dated May 19, 2025 ("Bellarosa Decl.").)

ratification of said death threats and coercion, prevented Plaintiff from asserting his rights within the statutorily proscribed period." (*Id.* ¶ 87, 92, 100, 109.)

- "At all relevant times, the Bad Boy Defendants participated in and facilitated the obtainment of Plaintiff's labor induced by force, fraud, or coercion." (*Id.* ¶ 90.)

- "The Bad Boy Defendants have financially and otherwise benefited from these acts and omissions by keeping Combs, the volatile and explosive owner of the Bad Boy Defendants, satisfied, and the Bad Boy Defendants benefited from facilitating his behavior." (*Id.* ¶ 98.)

In addition to nowhere mentioning BBRLLC, these paragraphs contain no facts, only generic conclusions. Nothing connects BBRLLC to Combs' alleged misconduct. Indeed, as explained below, the alleged conduct continued for years after BBRLLC became inactive. The Complaint fails to provide BBRLLC with any facts identifying what it is alleged to have done or failed to do or where or when it did so. The group pleading is wholly improper.

## II.    BBRLLC IS NEITHER OWNED NOR CONTROLLED BY COMBS PERSONALLY, INDIVIDUALLY OR DIRECTLY AND HAS NOTHING TO DO WITH PLAINTIFF OR ADULT ENTERTAINMENT

The Complaint alleges that "[u]pon information and belief, Defendant BAD BOY RECORDS LLC is a Delaware limited liability company that is headquartered in New York and/or California and **is a subsidiary of and/or a successor-in-interest to Bad Boy Entertainment LLC. It was founded and owned by Combs**." (*Id.* ¶ 8, emphasis added.)

However, Plaintiff's counsel was aware that these allegations were untrue before the Complaint was filed. On January 9, 2025, in another case filed by the same counsel—*Richard v. Combs et al.*, Case No. 1:24-cv-06848 (KPF) (S.D.N.Y.)—BBRLLC filed a Rule 7.1 Statement detailing its ownership. And on January 25, 2025, in the same case, BBRLLC's counsel explained the ownership of BBRLLC in a pre-motion letter to the Court. (Zakarin Decl., Exhibits A & B.)

Moreover, BBRLLC ceased active operations as of January 2010 and has had no employees since that time.  (Bellarosa Decl. ¶ 8.)

## STANDARD OF REVIEW

To survive Rule 12(b)(6) dismissal, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'  A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)).

"Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Id.* (citation omitted).  Nor do "legal conclusions masquerading as factual conclusions." *Achtman v. Kirby, McInerney & Squire, LLP*, 464 F.3d 328, 337 (2d Cir. 2006) (internal quotations and citation omitted); *AJ Energy LLC v. Woori Bank*, No. 18-CV-3735 (JMF), 2019 WL 4688629, at *5 (S.D.N.Y. Sept. 26, 2019).  Moreover, where "well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not shown—that the pleader is entitled to relief." *Technomarine SA v. Jacob Time, Inc.*, 905 F. Supp. 2d 482, 487 (S.D.N.Y. 2012) (citation omitted).

## ARGUMENT

### I.    THE CLAIMS AGAINST BBRLLC ARE IMPROPER GROUP PLEADINGS AND SHOULD BE DISMISSED

After being incorrectly identified in paragraph 8 (and included among many "Bad Boy Defendants"), BBRLLC is never mentioned again in the 171-paragraph Complaint.  Every single allegation is instead directed at the "Bad Boy Defendants" in violation of FRCP Rule 8(a)(2).  *See, e.g.*, *Collins v. Pearson Educ., Inc.*, 721 F. Supp. 3d 274, 284 (S.D.N.Y. 2024) (explaining that Rule 8 "requires factual allegations that are sufficient to 'give the defendant fair notice of what

the . . . claim is and the grounds upon which it rests.'") (citation omitted); *Atuahene v. City of Hartford*, 10 F. App'x 33, 34 (2d Cir. 2001); *SCE Grp. Inc. v. City of New York*, No. 18-CV-8909 (AT), 2020 WL 1033592, at \*3 (S.D.N.Y. Mar. 3, 2020); *Soter Techs., LLC v. IP Video Corp.*, 523 F. Supp. 3d 389, 411 (S.D.N.Y. 2021); *Shi Ming Chen v. Hunan Manor Enter., Inc.*, No. 17-CV-802, 2018 WL 1166626 (GBD), at \*9 (S.D.N.Y. Feb. 15, 2018).

No facts connecting BBRLLC to Combs' alleged actions are pled, and the allegations directed to the "Bad Boy Defendants" are conclusory. Plaintiff's assertions that all the "Bad Boy Defendants" "should have had knowledge" of Combs' personal misconduct and "enabled" such personal misconduct lack any factual basis and are in violation of Rule 8. *Plusgrade L.P. v. Endava Inc.*, No. 21-CV-1530 (MKV), 2023 WL 2402879, at \*6 (S.D.N.Y. Mar. 8, 2023) (holding that "the use of group pleading in the Amended Complaint precludes each of the thirteen defendants from knowing what conduct it is alleged to have performed and, thus, against which allegations it must defend.").

In further violation of Rule 8, the Complaint does not identify a single act or omission of BBRLLC that would support a claim against it, nor does it plead any facts explaining how any of Combs' alleged sexual misconduct is related to or in furtherance of the business of BBRLLC.

Plaintiff's group pleading is not only based on an erroneous presumption that BBRLLC is a Combs-owned and controlled entity—a fact Plaintiff's counsel knew was false before the Complaint was filed—it also violates Rule 8 and should be dismissed.

## II. PLAINTIFF'S PURPORTED CORPORATE LIABILITY THEORY AGAINST BBRLLC IS INSUFFICIENTLY PLED AND BASELESS

As Plaintiff's counsel knew before it filed this case, BBRLLC is not one of Combs' directly owned and controlled entities. It is instead a joint venture, 50% of which is owned by BB Investments LLC ("BBI") and 50% of which is owned by a New York General Partnership by the

name of Bad Boy Records (with no "LLC" at the end). (Bellarosa Decl. ¶ 3.) BBRLLC has been inactive for over 15 years. Even assuming there were *any* basis to impute Combs' personal actions to the entities he owns and controls, BBRLLC is not such an entity and Plaintiff alleges no plausible basis for this Court to reverse veil-pierce Combs' alleged misconduct to BBRLLC.

Further, a corporate entity may only be held liable for its owner's acts in the most extraordinary circumstances under a "reverse piercing theory." *State v. Easton*, 169 Misc. 2d 282, 290 (Sup. Ct. Albany Cnty. 1995) (same rule applies to "traditional" piercing and "reverse" piercing); *Am. Fuel Corp. v. Utah Energy Dev. Co.*, 122 F.3d 130, 134 (2d Cir. 1997). In order to impute liability to the corporate entity: (i) the corporate entity must have been completely "dominated" such that corporate formalities were not observed; and (ii) the "domination was used to commit a fraud or wrong against the plaintiff." *Morris v. N. Y. State Dep't of Taxation & Fin.*, 82 N.Y.2d 135, 141 (1993) (citing cases); *Am. Fuel Corp.*, 122 F.3d at 134.

The Complaint does not plead a single fact to suggest that BBRLLC failed to observe all corporate formalities or that Combs supposedly dominated BBRLLC. *TNS Holdings, Inc. v. MKI Sec. Corp.*, 92 N.Y.2d 335, 339–40 (1998) (plaintiffs failed to meet "heavy burden" that "through its domination [defendant] misused the corporate form for its personal ends so as to commit a fraud or wrongdoing or avoid any of its obligations."); *2497 Realty Corp. v. Fuertes*, 232 A.D.3d 451, 452 (1st Dep't 2024) (rejecting veil-piercing theory where plaintiff did not meet "heavy burden" of showing that alleged domination of corporation led to "inequity, fraud or malfeasance"); *Sheridan Broad. Corp. v. Small*, 19 A.D.3d 331, 332–33 (1st Dep't 2005); *Davis v. Port*, 84 Misc. 3d 1263(A), 2025 N.Y. Slip Op. 50029(U) at 4–5 (Sup. Ct. N.Y. Cnty. 2025) (denying motion to amend complaint to expand cause of action based on alter ego theory where plaintiff failed to allege or show that defendants abused corporate form to perpetrate fraud); *Cedar Cap. Mgmt. Grp.*

*Inc. v. Lillie*, 79 Misc. 3d 1238(A), 2023 N.Y. Slip Op. 50831(U) at 12 (Sup. Ct. N.Y. Cnty. 2023) (rejecting alter ego theory based on "wholly conclusory" allegations that "merely recite[d]" the veil-piercing factors); *Societe d'Assurance de l'Est SPRL v. Citigroup Inc.*, No. 10-CV-4754 (JGK), 2011 WL 4056306, at *5 (S.D.N.Y. Sept. 13, 2011) ("Disregard of the corporate form is warranted only in 'extraordinary circumstances,' and conclusory allegations of dominance and control will not suffice."). Here, the Complaint pleads only alleged personal misconduct by Combs, not that he misused the corporate form to do so, and conclusions, devoid of facts, regarding the supposed involvement of the generically (and inaccurately) named "Bad Boy Defendants."

Plaintiff pleads no basis to include BBRLLC among the "Bad Boy Defendants" and pleads no facts supporting any claim against BBRLLC.

## III.    PLAINTIFF'S VGMVPA CAUSE OF ACTION AGAINST BBRLLC FAILS FOR SEVEN INDEPENDENT REASONS

Plaintiff's VGMVPA cause of action fails for seven independent reasons stated below.

### 1.    <u>Plaintiff's VGMVPA Claim Is Time-Barred</u>

A seven-year statute of limitations applies to VGMVPA claims. N.Y.C. Admin. Code § 10-1105(a). Plaintiff's VGMVPA claim is solely supported by allegations of conduct that allegedly occurred from 2007 to 2012. Indeed, Plaintiff alleges that his last contact with Combs was in 2012. (Compl. ¶ 62.) Plaintiff did not file this lawsuit until February 2025. As such, Plaintiff's VGMVPA claim is time-barred (and as discussed below, his "duress" tolling argument fails and is inapplicable to BBRLLC in any event).

### 2.    <u>The VGMVPA Is Not Retroactive as Against BBRLLC</u>

Corporate entities such as BBRLLC cannot be held liable for conduct that occurred prior to the 2022 Amendment. *See Doe v. Combs*, No. 23-CV-10628 (JGLC), 2024 WL 4987044, at *4 (S.D.N.Y. Dec. 5, 2024); *Regina Metro. Co., LLC v. N.Y. State Div. of Hous. & Cmty. Renewal*,

35 N.Y.3d 332, 370 (2020); *Gottwald v. Sebert*, 40 N.Y.3d 240, 258 (2023); *Bensky v. Indyke*, No. 24-CV-1204 (AS), 2024 WL 3676819, at *10 (S.D.N.Y. Aug. 5, 2024); *J.L. v. Rockefeller Univ*., No. 950131/2020, 2023 WL 3757389, at *11 (Sup. Ct. N.Y. Cnty. May 25, 2023); *Louis v. Niederhoffer*, No. 23-CV-6470 (LTS), 2023 WL 8777015, at *1 (S.D.N.Y. Dec. 19, 2023); *Bellino v. Tallarico*, No. 24-CV-00712, Dkt. No. 28 at 2 (S.D.N.Y. Apr. 26, 2024) (holding that amendment was futile because the VGMVPA "does not even purport to be retroactive"); *Stein v. Rockefeller Univ. Hosp*., Index No. 1599/2023, Dkt. No. 44 (Sup. Ct. N.Y. Cnty. May 23, 2024).

Prior to the 2022 Amendment, the VGMVPA provided that "any person claiming to be injured by an **individual** who commits a crime of violence motivated by gender . . . has a cause of action against such **individual**."  N.Y.C. Admin. Code § 10-1104 (2000) (emphasis added).  In 2022, the VGMVPA was amended to provide that "any person claiming to be injured by a **party** who commits, directs, enables, participates in, or conspires in the commission of a crime of violence motivated by gender has a cause of action against such *party.*"  N.Y.C. Admin. Code § 10-1104 (emphasis added).  Nevertheless, although the 2022 Amendment extended VGMVPA liability from only "individuals" to "parties"—which would seemingly include corporate entities (including limited liability companies)—it did so **prospectively only**; the 2022 Amendment did not vest the VGMVPA with retroactive effect over corporate entities.

"Retroactive operation is not favored by the courts and statutes will not be given such construction unless the language expressly or by necessary implication requires it."  *Combs*, 2024 WL 4987044, at *3 (quoting *Gottwald v. Sebert*, 40 N.Y.3d 240, 258 (2023) (cleaned up)).  "Amendments are presumed to have prospective application unless the [l]egislature's preference for retroactivity is explicitly stated or clearly indicated . . . [and] remedial legislation should be given retroactive effect in order to effectuate its beneficial purpose."  *Combs*, 2024 WL 4987044,

at *3 (citations omitted); *Bensky*, 2024 WL 3676819, at *10; *J.L.*, 2023 WL 3757389, at *11; *Regina Metro. Co., LLC*, 35 N.Y.3d at 370; *Niederhoffer*, 2023 WL 8777015, at *1.

No text of the VGMVPA evinces any intent for it to apply retroactively, let alone the requisite "clear" expression of such intent. *Landgraf v. USI Film Prods.*, 511 U.S. 244, 284 (1994); *Jacobus v. Colgate*, 217 N.Y. 235, 240 (1916) ("[C]lear expression of the legislative purpose [is necessary] to justify . . . retroactive application."). Federal and state court decisions support the same. *See, e.g.*, *J.L.*, 2023 WL 3757389, at *6 ("Neither the text nor legislative history of the GVA suggests . . . it was intended to apply retroactively."); *Niederhoffer*, 2023 WL 8777015, at *2 (same); *Adams*, 2005 WL 6584554 (same). Indeed, the VGMVPA clearly invokes the presumption against retroactivity as it "creat[es] a new cause of action" and "substantially increas[es] the monetary liability of a private party." *Landgraf*, 511 U.S. at 284; *Regina*, 35 N.Y.3d at 368 (same); N.Y.C. Admin. Code § 8-902 (stating that the VGMVPA provides "victims of gender-motivated violence [with] a private right of action against perpetrators").

BBRLLC cannot be held liable retroactively under the 2022 Amendment.

### 3. Plaintiff's VGMVPA Claim Is Preempted By New York State Law

Plaintiff's VGMVPA claim is preempted and time-barred by New York state law, which provides "a comprehensive and detailed regulatory scheme" under the New York Child Victims Act, C.P.L.R. § 214-g ("CVA"), and the Adult Survivors Act, C.P.L.R. § 214-j ("ASA"), precluding local New York City government from "legislat[ing] on the same subject." *DLJ Rest. Corp. v. City of N.Y.*, 96 N.Y.2d 91, 95 (2001); *Bellino v. Tallarico*, No. 24-CV-0712 (LAK), 2024 WL 1344075, at *1 (S.D.N.Y. Feb. 21, 2024) (finding that "the VGMVPA is preempted by the state's adoption of the Child Victims Act and the Adult Survivors Act"); *Parker v. Alexander*, No. 24-CV-4813 (LAK), 2025 WL 268436, at *5 (S.D.N.Y. Jan. 22, 2025) (same) (citations omitted).

*Bellino* and *Parker* articulate the reasons for this preemption.  Evaluating the CVA and ASA together, the courts in *Bellino* and *Parker* found the statutes were comprehensive because they collectively "apply to all civil claims by child and adult victims for personal injuries arising from conduct constituting sexual offenses defined by Article 130 of New York Penal Law," and do so "notwithstanding" any limitations period to the contrary.  *Parker*, 2025 WL 268436, at *2. Further, the CVA and ASA are "detailed" and "provide exact time frames during which claims may be brought."  *Id.*  Most tellingly, the timing of the ASA, which was passed four months after the 2022 Amendment was enacted, confirmed the legislature's intent to preempt local New York City law, as "the state easily could have carved the [VGMVPA] out of the ambit of the ASA" yet "opted not to do so."  *Id.* at *3.

Plaintiff's VGMVPA claim against BBRLLC is preempted and time-barred, and should be dismissed with prejudice.

### 4.    Plaintiff's VGMVPA Claim Relies on Impermissible Group Pleading

As shown above, Plaintiff's VGMVPA claim is an improper group pleading and should be dismissed.  Other than including BBRLLC as one of many "Bad Boy Defendants," the Complaint fails to identify what BBRLLC specifically did to "commit[ ], direct[ ], enable[ ], participate[ ] in, or conspire[ ] in the commission" of Combs' alleged misconduct, as is required by the VGMVPA. *See* N.Y.C. Admin. Code § 10-1104; *O'Rear v. Diaz et al*., No. 24-CV-1669 (PAE), 2025 WL 283169, at *9 (S.D.N.Y. Jan. 23, 2025) (dismissing VGMVPA claim against corporate defendants where "as pled, the corporate defendants did not do anything to commit, direct, enable, participate in, or conspire in the commission of" the purported misconduct); *Delgado v. Donald J. Trump for President, Inc.*, No. 952333/2023, Dkt. No. 127 at 4 (Sup. Ct. N.Y. Cnty. Jan. 30, 2025) (granting motion to dismiss VGMVPA claim against entity defendant because "a simple conclusory

statement that [the entity] so enabled" purported misconduct was insufficient"); *Roeg v. Warner Music Grp. Corp.*, 83 Misc. 3d 1288(A), 2024 WL 4140059, at *3 (Sup. Ct. N.Y. Cnty. Aug. 30, 2024) (dismissing VGMVPA claim against corporate defendants who could not have done anything to commit, direct, enable, participate in, or conspire in the commission of the purported misconduct).

5.  **Plaintiff Fails to, and Cannot, Allege Any Gender Animus By BBRLLC**

To plead a claim under the VGMVPA, "a plaintiff must plead that '(1) the alleged act constitutes a misdemeanor or felony against the plaintiff; (2) presenting a serious risk of physical injury; (3) that was perpetrated because of plaintiff's gender; (4) in part because of animus against plaintiff's gender; and (5) resulted in injury.'" *Eckhart v. Fox News Network LLC*, No. 20-CV-5593 (RA), 2021 WL 4124616, at *25 (S.D.N.Y. Sept. 9, 2021).

The Complaint does not allege any facts satisfying the foregoing requirements, and certainly not with respect to BBRLLC. "Generally, the animus element requires the plaintiff to present 'extrinsic evidence of the defendant's expressed hatred toward women [or men] as a group' or allege specific 'actions and statements by the perpetrator during the commission of the alleged crime of violence.'" *Rossbach v. Montefiore* Med. Ctr., No. 19-CV-5758 (DLC), 2021 WL 930710, at *10 (S.D.N.Y. Mar. 11, 2021). The Complaint pleads nothing as to BBRLLC, let alone any purported animus of BBRLLC.

6.  **Plaintiff Does Not Allege Any Act of Violence Occurring in New York City**

VGMVPA claims apply only to incidents occurring in New York City. Plaintiff fails to allege that any alleged "gender violence" occurred in New York City. The Complaint alleges that Plaintiff "traveled to meet Combs in locations including . . . New York City," and later, the conclusory statement about "above-described conduct of Combs occurring in New York City."

13

(Compl. ¶¶ 28, 74.)  But not a single fact showing any "gender violence in New York City" is identified.  As such, Plaintiff's VGMVPA claim should be dismissed.  *See Gottwald v. Sebert*, 2016 N.Y. Slip Op. 32815[U], 2016 WL 1365969, at \*9 (Sup. Ct. N.Y. Cnty. Apr. 6, 2016) (VGMVPA claim "dismissed because the jurisdiction and powers of the City are limited to its geographical borders and [plaintiff] does not allege any violent acts that occurred in New York City"); *Doe v. Telemundo Network Grp. LLC*, No. 22-CV-7665 (JPC), 2023 WL 6259390, at \*12 (S.D.N.Y. Sept. 26, 2023) (dismissing because plaintiff failed to make any allegations connecting VGMVPA claim to New York City); *Doe v. Rees*, No. 24-CV-00274 (MAD/ML), 2025 WL 641467, at \*2 n.4 (N.D.N.Y. Feb. 27, 2025) (VGMVPA claim "must be based on conduct that occurred in New York City").

### 7.  <u>Misconduct Alleged Against Combs Cannot Be Imputed to BBRLLC</u>

There are no facts pled providing any basis on which BBRLLC could be held liable for Combs' alleged actions.  BBRLLC is not alleged to have known of such actions, or even of Plaintiff's existence.  Such actions were not in furtherance of BBRLLC's business.  And even were Combs an employee of BBRLLC, an employer may only be held responsible for its employee's acts "if those acts were committed in furtherance of the employer's business and within the scope of employment."  *N.X. v. Cabrini Med. Ctr.*, 97 N.Y.2d 247, 251 (2002).

In this regard, "it is well-settled" that alleged "sexual misconduct is necessarily outside the scope of employment."  *Doe v. N.Y. City Dep't of Educ.*, No. 21-CV-4332 (FB), 2023 WL 2574741, at \*5 (E.D.N.Y. Mar. 20, 2023); *Doe v. Solebury Sch.*, No. 21-CV-06792 (LLS), 2022 WL 1488173, at \*3–4 (S.D.N.Y. May 11, 2022) (dismissing sexual assault-related vicarious liability claim against employer); *Doe v. Alsaud*, 12 F. Supp. 3d 674, 677 (S.D.N.Y. 2014) (dismissing *respondeat superior* claim against employer, collecting cases and noting that "[n]o

decision in New York has been cited to date in which the doctrine of *respondeat superior* was held to apply to sexual assault"). This is because sexual misconduct "arise[s] from personal motives and do[es] not further an employer's business." *N.X.*, 97 N.Y.2d at 251; *Swarna v. Al-Awadi*, 622 F.3d 123, 144–45 (2d Cir. 2010).

As such, Plaintiff has not pled and cannot plead that Combs' alleged conduct could be imputed to BBRLLC.

## IV.    PLAINTIFF'S FEDERAL LABOR TRAFFICKING CLAIM IS TIME-BARRED, IMPROPERLY GROUP-PLED AND FAILS TO PLEAD THE REQUISITE ELEMENTS AGAINST BBRLLC

Plaintiff's labor trafficking claim under federal law should be dismissed as improper group pleading as well as being time-barred. It also fails to satisfy the requisite pleading elements with respect to BBRLLC.

### 1.    Plaintiff's Claim Is Time-Barred

18 U.S.C. § 1589 is part of the Federal Trafficking Victims Protection Act ("TVPA"). A ten-year statute of limitations applies to all TVPA claims. 18 U.S.C. § 1595(c); *Levin v. Sarah Lawrence Coll.*, 747 F. Supp. 3d 645, 669 (S.D.N.Y. 2024) (holding that "statute of limitations for civil claims under the TVP[]A is ten years."). Plaintiff's claim is solely supported by allegations of conduct that allegedly occurred from 2007 to 2012. Indeed, Plaintiff alleges that his last contact with Combs was in 2012. (Compl. ¶ 62.) Plaintiff did not file this lawsuit until February 2025. As such, Plaintiff's claim is time-barred.[2]

---

[2] As detailed below, Plaintiff's attempt to toll the statute of limitations based on his alleged fear of Combs, even if true, is inapplicable to BBRLLC.

2.      **Plaintiff Fails to Plead Any Claim Against BBRLLC Under 18 U.S.C. § 1589**

18 U.S.C. § 1589(a) and (b) provide two separate claims, one for perpetrators of labor trafficking and the other for participants in labor trafficking. The Complaint pleads no facts showing that BBRLLC was either a perpetrator or participant (because it was not). As such, dismissal is warranted under Rule 8.

3.      **BBRLLC Cannot Be Liable Under 18 U.S.C. § 1589(a) Because It Had No Relationship with Plaintiff**

Even if the Complaint satisfied the pleading requirements of 18 U.S.C. § 1589, BBRLLC cannot be liable under 18 U.S.C. § 1589(a) as a perpetrator because BBRLLC never "obtain[ed] the labor or services of" Plaintiff. *Smith v. AECOM Tishman*, No. 21-CV-02915 (PGG) (SDA), 2022 WL 19410315 at *5 (S.D.N.Y. June 1, 2022). Plaintiff effectively admits the same—he does not plead any direct relationship with BBRLLC. Indeed, the Complaint does not allege any connection, interaction or involvement between BBRLLC and Plaintiff.

4.      **BBRLLC Cannot Be Liable Under 18 U.S.C. § 1589(b) Because It Had No Knowledge of Combs' Alleged Misconduct and Received No Benefit**

Under 18 U.S.C. § 1589(b), Plaintiff must plead that BBRLLC: (1) participated in a labor trafficking venture; (2) knowingly benefited, financially or by receiving anything of value, from its participation in that venture; and (3) knew or was in reckless disregard of the fact that the venture has engaged in labor trafficking. *Anora v. Oasia Pro. Mgmt. Grp., Ltd.*, No. 19-CV-11732 (LJL), 2021 WL 11114539, at *2 (S.D.N.Y. Aug. 31, 2021).

Plaintiff does not allege any "participation" of BBRLLC in any labor trafficking venture, nor does Plaintiff plead any facts showing that a labor trafficking venture ever existed among any of the defendants. *Cho v. Chu*, No. 21-CV-02297 (PGG) (SDA), 2022 WL 2532446, at *3 (S.D.N.Y. May 12, 2022), report and recommendation adopted, No. 21-CV-2297 (PGG) (SDA),

2022 WL 4463823 (S.D.N.Y. Sept. 26, 2022) (dismissing 1589(b) claim against corporate defendants because they were not alleged to have performed any act to participate in any alleged venture).

As to the alleged "benefit" or "value" supposedly obtained, Plaintiff again relies on group pleading and suggests that the benefit or value obtained by the "Bad Boy Defendants" was that the sexual misconduct somehow pacified the supposedly volatile Combs in some unexplained manner. Pacification of Combs, even assuming it were a supposed "benefit" or "value" provided by Combs' alleged misconduct, was not of any benefit or value to BBRLLC. *Id.* at *2 (dismissing 1589(b) claim because "Plaintiff does not plead sufficient factual material to move her allegations about any benefit or value received by any of the Entity Defendants beyond speculation.").

Finally, the Complaint pleads no facts showing that BBRLLC had any knowledge of Combs' alleged interaction with Plaintiff. Again, the Complaint offers only the group pleading conclusion, bereft of a single fact, that the "Bad Boy Defendants" knew or should have known about Combs' "death threats and coercion." (Compl. ¶ 87.) This does not plead any knowledge as to any specific trafficking venture—instead, it is limited to alleged threats and acts of Combs (not anything about the nonexistent venture)—and lacks a single fact showing any knowledge of BBRLLC of any of Combs' alleged acts. The trafficking claim as against BBRLLC should be dismissed.

## V.    PLAINTIFF'S NEW YORK LABOR TRAFFICKING CLAIM FAILS BECAUSE THE STATUTE DOES NOT APPLY AND NO VIABLE CLAIM IS PLED

Plaintiff's labor trafficking claim under Social Services Law Sec. 483-bb(c) should be dismissed because: (1) the statute does not apply to pre-2016 conduct; and (2) it rests on an improper group pleading that fails to plead necessary elements of the cause of action against BBRLLC.

1.    <u>**New York's Labor Trafficking Law Does Not Apply to Pre-2016 Conduct**</u>

Social Services Law Sec. 483-bb(c) was enacted on January 19, 2016 with no retroactive effect as to acts that occurred prior to 2016.  *S.J. v. Choice Hotels Int'l, Inc.*, 473 F. Supp. 3d 147, 156 (E.D.N.Y. 2020).  Plaintiff has not alleged any acts against BBRLLC (nor Combs) that occurred post-2016, and in fact, admits that his last contact with Combs was in 2012.  (Compl. ¶ 62.)  As such, Plaintiff's claim is not even actionable under the statute and should be dismissed.

2.    <u>**Plaintiff Fails to Plead the Elements of a Viable Claim Against BBRLLC**</u>

Even if Plaintiff's claim was actionable under the statute, Plaintiff fails to plead a claim under Social Services Law Sec. 483bb(c) against BBRLLC.  Plaintiff must plead that BBRLLC "knowingly advance[d] or profit[ed] from, or . . . should have known [it] was advancing or profiting from" labor trafficking.  For the same reasons the federal trafficking claim fails against BBRLLC, so too does the New York claim.  The Complaint pleads no facts showing that BBRLLC knew of, participated in, or profited from any alleged labor trafficking.  Plaintiff's third claim should be dismissed as against BBRLLC.

VI.    **PLAINTIFF'S FEDERAL SEX TRAFFICKING CLAIM FAILS**

Plaintiff's claim against BBRLLC for alleged participation in sex trafficking should be dismissed as it is time-barred and fails to plead any of the necessary elements of the cause of action.

1.    <u>**Plaintiff's Claim is Time-Barred**</u>

18 U.S.C. § 1591 is part of the TVPA.  A ten-year statute of limitations applies to TVPA claims.  18 U.S.C. § 1595(c); *Levin v. Sarah Lawrence Coll.*, 747 F. Supp. 3d 645, 669 (S.D.N.Y. 2024).  Plaintiff alleges conduct that allegedly occurred from 2007 to 2012, at least three years beyond the applicable statute of limitations.  As such, Plaintiff's claim is time-barred.

2.    **Plaintiff Fails to Plead Any of the Requisite Elements to Sustain a Claim Against BBRLLC Under 18 U.S.C. § 1591**

Like 18 U.S.C. § 1589, 18 U.S.C. § 1591 provides two separate claims, one for a perpetrator (18 U.S.C. § 1591(a)(1)) and one for a participant (18 U.S.C. § 1591(a)(2)).  For the very same reasons Plaintiff's claim under Section 1589 is barred, his claim against BBRLLC under 18 U.S.C. § 1591 is also barred.  No facts are pled showing that BBRLLC was either a perpetrator or participant (because it was not).  As such, dismissal is warranted under Rule 8.

a)    **Plaintiff Fails to Allege BBRLLC's Participation Or Involvement In Any Alleged Sex Trafficking Venture**

Plaintiff does not allege that the "Bad Boy Defendants" are perpetrators.  Even reading the Complaint in the light most favorable to Plaintiff, the "Bad Boy Defendants" are, at most, "participants."  To state a valid claim for participant liability under 18 U.S.C. § 1591, Plaintiff must plead that BBRLLC (1) "knowingly," (2) "benefit[ted], financially or by receiving anything of value," (3) from its "participation in a venture which has engaged in sex trafficking."  *Geiss v. Weinstein Co. Holdings LLC*, 383 F. Supp. 3d 156, 169–70 (S.D.N.Y. 2019) (citing 18 U.S.C. §§ 1591(a)(2), 1595(a)); *Lawson v. Rubin*, No. 17-CV-6404 (BMC), 2018 WL 2012869, at *9–10 (E.D.N.Y. Apr. 29, 2018).

But the Complaint fails to plead any facts that satisfy these requirements as to BBRLLC. *Noble v. Weinstein*, 335 F. Supp. 3d 504, 524 (S.D.N.Y. 2018).  Nor does Plaintiff allege a single fact to even show the existence of any such venture or how BBRLLC was involved in any such venture.  Outside of the allegations relating to "pacifying" Combs, which provided no "benefit" or "value" to BBRLLC, there is nothing pled to show that BBRLLC obtained any benefit or anything of value from Combs' alleged misconduct.  Thus, it appears that BBRLLC is, at most, alleged to be a participant solely based on a "guilt by name association," not based on any facts satisfying

19

any of the statutory requirements. Plaintiff and his counsel knew, before this case was filed, that BBRLLC does not share any similarities with the other defendants defined as "Bad Boy Defendants." *E.g.*, *Lawson*, 2018 WL 2012869, at *11 (dismissing TVPA claim under § 1591(a)(1) where plaintiff alleged no facts showing that defendant "knowingly benefitted . . . from participation in a trafficking venture, nor that she knew or acted in reckless disregard of the fact that force, threats of force, fraud, or coercion would be used to cause plaintiffs to engage in a commercial sex act.") (cleaned up); *accord Noble*, 335 F. Supp. 3d at 525.

### b) Plaintiff Fails to Plead How BBRLLC Had Knowledge of Any Acts of Combs

The Complaint also fails to plead any facts showing that BBRLLC had either knowledge or any reason to know of the alleged misconduct of Combs with respect to Plaintiff, nor of any alleged sex trafficking. Again, Plaintiff's conclusory group pleading does not satisfy the pleading requirements as to BBRLLC. *Eckhart v. Fox News Network, LLC*, No. 20-CV-5593 (RA), 2021 WL 4124616, at *11 (S.D.N.Y. Sept. 9, 2021) (dismissing sex trafficking claim against Fox News because Plaintiff did not show that "Fox News knew or should have known that Henry [its employee] was specifically engaged in sex trafficking."); *Doe (G.N.C.) v. Uniquest Hosp., LLC*, No. 23-CV-7980 (PKC), 2024 WL 4149251, at *5 (S.D.N.Y. Sept. 11, 2024) (dismissing claims against three hotel entities because the complaint failed "to plausibly allege that any of the three defendants knew or should have known Doe was being trafficked.").

Further, it is also not enough for the defendant to have "only an abstract awareness of sex trafficking in general"—it must have knowledge relating to the "*particular* sex trafficking venture." *S.J. v. Choice.*, 473 F. Supp. 3d at 154 (dismissing hotel franchisors because they did not have "the requisite knowledge of a specific sex trafficking venture"). Here, BBRLLC had no knowledge, abstract or concrete, and no facts are alleged to show it did.

At bottom, Plaintiff's attempt to affix liability for Combs' private alleged actions on a host of entities, at least as to BBRLLC, fails because BBRLLC had nothing to do with Combs' personal conduct and no facts are alleged to show that it did or even knew of it.  And while not alleged, it would not be enough for Plaintiff to allege that BBRLLC "turned a blind eye" to Combs's alleged sex trafficking, because BBRLLC had no knowledge to which it turned a "blind eye" and that would still not state a claim for "participant" liability under the TVPA.  *Noble*, 335 F. Supp. 3d at 324.

<strong>c)  <u>Plaintiff Fails to Plead Any Benefit Received By BBRLLC for Combs' Acts</u></strong>

Again, the Complaint tries to satisfy the "benefit" requirement by speculating that the benefit or value obtained by the "Bad Boy Defendants" was that Combs' was "pacified" by the alleged sexual misuse of Plaintiff.  There was no such benefit to BBRLLC, and outside the conclusory group pleading, none is alleged.  *Levin v. Sarah Lawrence Coll.*, 747 F. Supp. 3d 645, 679–80 (S.D.N.Y. 2024) (holding that because "the Complaint does not give rise to the plausible inference that SLC benefitted financially or by receiving anything of value the TVPRA claim against SLC must be dismissed.").  The alleged sexual misconduct of Combs is not alleged to be, and was not in furtherance of any business of BBRLLC, nor did it provide any benefit or value to BBRLLC.

## VII.  PLAINTIFF'S CTVPA CLAIM FAILS BECAUSE IT DOES NOT APPLY TO BENEFICIARIES, IS TIME-BARRED AND IS IMPROPERLY GROUP-PLED

Plaintiff's claim for violation of the CTVPA (Compl. ¶¶ 101-09) fails as a matter of law because it is time-barred and because the CTVPA does not provide for liability against alleged beneficiaries of a trafficking scheme.  It also suffers from the same group pleading deficiencies with respect to BBRLLC as all of Plaintiff's other claims.

1.    <u>Plaintiff's CTVPA Claim is Time-Barred</u>

CTVPA claims are governed by a seven-year statute of limitations.  Cal. Civ. Code §
52.5(c).  Plaintiff admits his "last encounter with Combs was in or around November 2012[.]"
(Compl. ¶ 62.)  Because a seven-year statute of limitations applies to CTVPA claims, and Combs'
alleged conduct occurred from 2007 to 2012, Plaintiff's CTVPA claim is time-barred by more than
five years and must be dismissed.[3]

2.    <u>Plaintiff Fails to Plead How BBRLLC Perpetrated, Rather Than Benefitted
From, Plaintiff's Alleged Trafficking</u>

The Complaint does not (and cannot) allege that BBRLLC perpetrated, let alone benefitted
from, the alleged trafficking of Plaintiff.  The CTVPA does not provide for liability against alleged
beneficiaries of a trafficking scheme, only perpetrators.  *Maslic v. ISM Vuzem d.o.o.*, No. 21-CV-
02556 (BLF), 2024 WL 3408217, at *7 (N.D. Cal. July 11, 2024) (holding the CTVPA "imposes
liability only on the perpetrator of human trafficking, and does not impose liability on a beneficiary
of a trafficking scheme").

Here, the Complaint alleges Combs was a perpetrator but as in the federal trafficking and
New York trafficking claims, asserts that the "Bad Boy Defendants" were beneficiaries.[4]  Plaintiff

---

[3] Plaintiff's attempt to toll the statute of limitations should be rejected for the reasons below (*see
infra* Section VIII).  As to BBRLLC, Plaintiff does not allege any "conduct by [BBRLLC] inducing
[Plaintiff] to delay the filing of the action, or . . . threats made by [BBRLLC] causing [Plaintiff]
duress," (Compl. ¶ 106) as is required under the CTVPA.  Cal. Civ. Code § 52.5(d)(3).  Plaintiff's
claim that the running of the statute of limitations may be suspended under Cal. Civ. Code § 52.5(e)
because he "could not have reasonably discovered the cause of action due to circumstances
resulting from the trafficking, including psychological trauma" (*Id.* ¶ 108) is not only baseless but
is refuted by the allegations of the Complaint.  Plaintiff specifically admits that he "has experienced
a strong and unrelenting desire to come forward about Combs' abuse" since 2012.  (*Id.* ¶ 63.)  It
is clear he knew of his claims and chose not to pursue them.  Plaintiff's claim of estoppel should
be rejected as a "naked assertion[]."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  As such, there
is no plausible basis for Cal. Civ. Code § 52.5(d)(3) to toll any claim.
[4] Plaintiff's allegation that "Combs purchased airline tickets and hotel accommodations for
Plaintiff through his record company, Bad Boy Records" (Compl. ¶ 29) does not plead any

alleges only that "Defendant Bad Boy Records benefitted from Combs' venture by holding Plaintiff captive to Combs' demands and desires" (Compl. ¶ 103), and that "Defendant Bad Boy Records has benefitted from these acts and omissions by keeping Combs, the volatile and explosive owner of Bad Boy Records, satisfied." (*Id.* ¶ 104.) Plaintiff's Complaint specifically does not define "Bad Boy Records" (the name of an actual entity owned or controlled by Combs) to be BBRLLC, but even if it did, the allegations would still not state a viable CTVPA claim.

### 3. Plaintiff Fails to Plead Any Intent by BBRLLC to Obtain Forced Labor or Services from Plaintiff

To state a valid CTVPA claim, Plaintiff must allege he is a victim of human trafficking as defined in Section 236.1 of the California Penal Code, which defines human trafficking as the deprivation or violation of "the personal liberty of another *with the intent to obtain forced labor or services*." Cal. Civ. Code § 52.5; Cal. Penal Code § 236.1 (emphasis added).

Plaintiff fails to allege that BBRLLC had the requisite intent. Indeed, no facts are alleged that BBRLLC even knew of Plaintiff's existence. The CTVPA requires plaintiffs to plausibly allege intent at the pleading stage. *J.B. v. G6 Hosp., LLC*, No. 19-CV-07848 (HSG), 2021 WL 4079207, at *12 (N.D. Cal. Sept. 8, 2021) (granting motion to dismiss where plaintiff failed to plausibly allege intent that corporate defendant intended to obtain forced labor or services), *aff'd sub nom. J.B. v. Craigslist, Inc.*, No. 22-15290, 2023 WL 3220913 (9th Cir. May 3, 2023); *K.R. v. G6 Hosp., LLC*, No. 19-CV-08252 (VC), 2020 WL 5653287, at *1 (N.D. Cal. Sept. 23, 2020) (same); *Lofthus v. Long Beach Veterans Hosp.*, 214 F. Supp. 3d 908, 916 (C.D. Cal. 2016) (same). Plaintiff does not, and cannot, allege that BBRLLC intended to obtain any forced labor or services from him. Plaintiff's CTVPA claim should be dismissed as against BBRLLC.

---

perpetrator status and, in any event, as Plaintiff's counsel is aware, "Bad Boy Records" (with no LLC at the end) is an entirely different entity from BBRLLC.

## VIII. PLAINTIFF'S ATTEMPT TO TOLL THE APPLICABLE STATUTE OF LIMITATIONS FAILS ON MULTIPLE GROUNDS

Plaintiff contends that the statute of limitations for his Second through Fifth Causes of Action must be tolled due to "Combs' continuous death threats and coercion against Plaintiff . . . and the Bad Boy Defendants' ratification of said death threats and coercion." (Compl. ¶¶ 87 (Second Cause of Action, Forced Labor), 92 (Third Cause of Action, New York Trafficking), 100 (Fourth Cause of Action, Federal Sex Trafficking), 109 (Fifth Cause of Action, CTVPA).)  These allegations are conclusory, improperly group pled, and baseless as a matter of law with respect to BBRLLC.

First, for tolling to apply on the basis of duress, "the tortious conduct must continue uninterrupted." *Overall v. Est. of Klotz*, 52 F.3d 398, 405 (2d Cir. 1995).  Plaintiff admits his dealings with Combs ended in 2012, and alleges only his supposed fear that "Combs or his agents or companies' representatives" would follow through on Combs' **decades-old threats**.  (Compl. ¶ 63.)[5]  That is admittedly not ***continuous***.  And nothing is alleged to suggest that BBRLLC made any threats that would have impeded Plaintiff from asserting any claim.  *Geiss*, 383 F. Supp. 3d at 175 (tolling based on duress did not apply where plaintiffs did not allege course of conduct involving threats or force that continued without interruption).

Second, in addition to the absence of any threats issued by BBRLLC, after January 2010, it could not have done anything as it ceased active operations at that time and did not even have

---

[5] While Plaintiff alleges that "[o]n October 3, 2024, an individual representing Combs reached out to Plaintiff to insist on an in-person meeting" (Compl. ¶ 65), this is insufficient for any estoppel doctrine to apply.  Not only does Plaintiff fail to allege any attendant threats, but by October 2024, the statute of limitations had already run, and therefore, any new "threats" (even if alleged) could not revive Plaintiff's then-expired CTVPA claim.

any employees.  (Bellarosa Decl. ¶¶ 2, 8.)  The Complaint does not allege any facts that would support a tolling of any statutes of limitations as against BBRLLC.

Third, Plaintiff's allegations that "Bad Boy Records" somehow "ratif[ied]" Combs' "death threats" both confuses BBRLLC with "Bad Boy Records" and provides no facts showing that BBRLLC even knew of any of Combs' alleged conduct.  (Compl. ¶ 109.)[6]

Fourth, Plaintiff's argument that the CTVPA estops BBRLLC from asserting a statute of limitations defense for other claims (Compl. ¶ 107) against BBRLLC should be rejected.  Plaintiff cannot rely on the CTVPA to revive his time-barred claims under federal law or under the Cal. Civ. Code § 52.5(d)(4).  *See Levin*, 747 F. Supp. 3d at 670 (state statutes cannot revive claims that are time-barred under a federal statute); *see also Holmberg v. Armbrecht*, 327 U.S. 392, 395 (1946) ("If Congress explicitly puts a limit upon the time for enforcing a right which it created, there is an end of the matter.").

## IX.    PLAINTIFF SHOULD NOT BE GIVEN LEAVE TO REPLEAD

Plaintiff should not be granted leave to amend because it would be futile.  *Willard v. UP Fintech Holding Ltd.*, 527 F. Supp. 3d 609, 625 (S.D.N.Y. 2021) (citations omitted); *Manley v. Mazzuca*, No. 01-CV-5178 (RJS), 2007 WL 4233013, at *3 (S.D.N.Y. Nov. 30, 2007) (citations omitted).  For reasons stated herein, Plaintiff cannot plead any further facts to remedy the legal deficiencies with his Complaint.  Each claim against BBRLLC fails as a matter of law.

---

[6] Nor can Plaintiff rely on an equitable estoppel theory based on an alleged fear of retaliation, which requires, *inter alia*, "threats or intimidation against [Plaintiff] by each defendant that [Plaintiff] seeks to estop."  *Geiss*, 383 F. Supp. 3d 156, 174–75 (S.D.N.Y. 2019) ("In the absence of such a pattern [of continual and egregious acts of intimidation], fear of retaliation does not toll the statutes of limitations for the duration of a famous defendant's power and influence, even for the most despicable wrongs.").  Plaintiff has not alleged, and cannot allege, ***any*** threats of intimidation by BBRLLC.

## **CONCLUSION**

For the foregoing reasons, BBRLLC respectfully requests that Plaintiff's claims against BBRLLC be dismissed with prejudice, and that the Court award BBRLLC such other further relief as deemed just and proper.

Dated: New York, New York
        May 19, 2025

**PRYOR CASHMAN LLP**

By: _____
        Donald S. Zakarin
        William L. Charron
        Nicholas G. Saady
7 Times Square
New York, New York 10036
(212) 421-4100
dzakarin@pryorcashman.com

*Attorneys for Bad Boy Records LLC*

26

## **CERTIFICATION OF COMPLIANCE**

I hereby certify that the foregoing document complies with the word limits set within Local Rule 7.1(c) of the Joint Rules of the United States District Courts for the Southern and Eastern Districts of New York because, excluding the parts of the document exempted by Rule 7.1, this document contains 8,068 words.

Dated:  May 19, 2025

By: _____

Nicholas G. Saady