**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

JOHN DOE,

                              Plaintiff,

    -against-


SEAN COMBS, BAD BOY ENTERTAINMENT
LLC, BAD BOY RECORDS LLC, BAD BOY
ENTERTAINMENT HOLDINGS, INC., BAD
BOY PRODUCTIONS HOLDINGS, INC., BAD
BOY BOOKS HOLDINGS, INC., DOE
CORPORATIONS 1-10, AND DOE
DEFENDANTS 11-20

                            Defendants.

Case No. 25-cv-00996 (JLR)

---

## MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION TO <u>PROCEED ANONYMOUSLY</u>

SHER TREMONTE LLP
90 Broad St., 23rd Floor
New York, New York 10004
(212) 202-2600

*Attorneys for Defendants Sean Combs, Bad Boy Entertainment LLC, Bad Boy Entertainment Holdings, Inc., Bad Boy Productions Holdings, Inc., and Bad Boy Books Holdings, Inc.*

# **TABLE OF CONTENTS**

**Page**

TABLE OF AUTHORITIES ................................................................................................. iii

PRELIMINARY STATEMENT ............................................................................................ 1

FACTUAL BACKGROUND ................................................................................................. 4

LEGAL STANDARD ............................................................................................................. 5

ARGUMENT ........................................................................................................................... 7

    I.      PLAINTIFF FAILS TO CARRY HIS BURDEN OF JUSTIFYING
           ANONYMITY UNDER THE *SEALED PLAINTIFF* FACTORS ......................... 7

           A.      Whether Litigation Involves Highly Sensitive Matters (Factor 1) ............. 7

           B.      Risk Of Physical Retaliation or Mental Harm, and Likelihood and
                  Severity of the Harm (Factors 2 and 3) ........................................................ 9

           C.      Whether Plaintiff Is Particularly Vulnerable to Possible Harms of
                  Disclosure, Particularly in Light of His Age (Factor 4) ........................... 12

           D.      Whether the Action Is Challenging the Government or Is Between
                  Private Parties (Factor 5) ........................................................................... 13

           E.      Whether Defendant Is Prejudiced by Allowing Plaintiff to Pursue
                  Claims Anonymously (Factor 6) ............................................................... 13

            F.      Whether Plaintiff's Identity Has Been Kept Confidential (Factor 7) ....... 16

           G.      Whether the Public's Interest in the Litigation Is Furthered by
                  Requiring Plaintiff to Disclose His Identity (Factor 8) ............................ 16

            H.      Whether There Is an Atypically Weak Public Interest in Knowing
                  Identities Because of a Purely Legal Nature of an Action (Factor 9) ....... 17

            I.      Whether Alternative Means Exist to Protect any Confidential
                  Information (Factor 10) .............................................................................. 18

           J.      The Sealed Plaintiff Factors Weigh Overwhelmingly Against
                  Anonymity .................................................................................................. 19

CONCLUSION ...................................................................................................................... 19

<u>**TABLE OF AUTHORITIES**</u>

**Page(s)**

**Cases**

*Cobalt Multifamily Invs. I, LLC v. Arden*,
857 F. Supp. 2d 349 (S.D.N.Y. 2011)......................................................................... 5

*Doe v. Alexander*,
No. 25-cv-1631 (JAV), 2025 WL 78491 (S.D.N.Y. March 12, 2025) ................................. 15

*Doe v. Alexander*,
No. 25-cv-2107 (LJL), 2025 WL 1126617 (S.D.N.Y. Apr. 16, 2025) ................................. 10

*Doe v. Combs*,
No. 1:24-CV-9852 (JLR), 2025 WL 934380 (S.D.N.Y. Mar. 27, 2025)...................... passim

*Doe v. Combs*,
No. 23-CV-10628 (JGLC), 2024 WL 863705 (S.D.N.Y. Feb. 29, 2024) ...................... 1, 10

*Doe v. Combs*,
No. 24-CV-7776 (NRB), 2025 WL 1079038 (S.D.N.Y. Apr. 9, 2025)........................... 1, 11

*Doe v. Combs*,
No. 24-CV-7777 (LJL), 2025 WL 722790 (S.D.N.Y. Mar. 6, 2025)........................... passim

*Doe v. Combs*,
No. 24-CV-7778 (JLR), 2025 WL 934358 (S.D.N.Y. Mar. 27, 2025)........................... passim

*Doe v. Combs*,
No. 24-CV-7974 (JMF), 2025 WL 1132305 (S.D.N.Y. Apr. 8, 2025) ........................... 1, 11

*Doe v. Combs*,
No. 24-CV-07977 (VSB), 2025 WL 1380800 (S.D.N.Y. May 13, 2025)............................. 1

*Doe v. Combs*,
No. 24-CV-08024 (VEC), ECF #70 (S.D.N.Y. May 13, 2025).................................. 1, 15, 19

*Doe v. Combs*,
No. 24-CV-8054 (MKV), 2024 WL 4635309 (S.D.N.Y. Oct. 30, 2024)...................... passim

*Doe v. Combs*,
No. 24-CV-8810 (LAK), 2025 WL 268515 (S.D.N.Y. Jan. 22, 2025) ................................... 1

*Doe v. Combs*,
No. 24-CV-8852 (JPC), 2025 WL 950685 (S.D.N.Y. Mar. 28, 2025)................................... 1

*Doe v. Del Rio*,

241 F.R.D. 154 (S.D.N.Y. 2006) ............................................................... 5, 6, 7, 17

*Doe v. Delta Air Lines, Inc.*,
    No. 23 CV 931 (RPK) (LB), 2023 WL 7000939 (E.D.N.Y. Sept. 7, 2023).................... 6, 7, 8

*Doe v. Intel Corp.*,
    No. 24-cv-06117 (JPO), 2024 WL 4553985 (S.D.N.Y. Oct. 22, 2024) ......................... 10, 12

*Doe v. Kidd*,
    19 Misc. 3d 782 (Sup. Ct. N.Y. Cnty. 2008) ........................................................ 16

*Doe v. MacFarland,*
    66 Misc. 3d 604 (Sup. Ct. N.Y. Cnty. 2019) ....................................................... 16

*Doe v. Polovets*,
    No. 952102/2023, 2023 WL 8623613 (Sup. Ct. N.Y. Cnty. Dec. 8, 2023)........................... 10

*Doe v. Shakur*,
    164 F.R.D. 359 (S.D.N.Y. 1996) .................................................................. 7, 8, 17

*Doe v. Smith*,
    105 F. Sup.. 2d 40 (E.D.N.Y 1999) ................................................................. 10

*Doe v. Townes*,
    No. 19-CV-8034 (ALC) (OTW), 2020 WL 2395159 (S.D.N.Y. May 12, 2020)........... passim

*Doe v. Weinstein*,
    484 F. Supp. 3d 90 (S.D.N.Y. 2020).............................................................. 9, 16, 17

*Doe v. Zinsou*,
    No. 19 CIV 7025 (ER), 2019 WL 3564582 (S.D.N.Y. Aug. 6, 2019) ............................... 14

*N. Jersey Media Grp. v. Doe Nos. 1-15*,
    No. 12 Civ. 6152 (VM) (KNF), 2012 WL 5899331 (S.D.N.Y. Nov. 26, 2012) .............. 7, 17

*Rapp v. Fowler*,
    537 F. Supp. 3d 521 (S.D.N.Y. 2021)........................................................ 6, 7, 8, 14

*Roe v. City of New York*,
    No. 1:24-cv-7093 (MKV), 2024 WL 4404186 (S.D.N.Y. Oct. 4, 2024).......................... 9, 19

*Roe v. Does 1-11*,
    No. 20-CV-3788-MKB-SJB, 2020 WL 6152174 (E.D.N.Y. Oct. 14, 2020) ......................... 7

*Sealed Plaintiff v. Sealed Defendant*,
    537 F.3d 185 (2d Cir. 2008)...................................................................... passim

*Doe v. Skyline Auto., Inc.*,
    375 F. Supp.3d 401 (S.D.N.Y. 2019)............................................................ 9, 18

*Doe v. Solera Capital LLC*,
    No. 18-cv-1769 (ER), 2019 WL 1437520 (S.D.N.Y. Dec. 16, 2020) ................................... 13

*Trooper 1 v. N.Y.S. Police*,
    No. 22-cv-893 (LDH) (TAM), 2022 WL 22869548 (E.D.N.Y. Jun. 9, 2022) ....................... 9

*United States v. Pilcher*,
    950 F.3d 39 (2d Cir. 2020).................................................................................................... 5

**Statutes**

28 U.S.C. § 1746................................................................................................................................. 5

**Rules**

Fed. R. Civ. P. 10(a) .......................................................................................................................... 6

This memorandum of law is respectfully submitted on behalf of Defendants Sean Combs ("Mr. Combs"), Bad Boy Entertainment LLC, Bad Boy Entertainment Holdings, Inc., Bad Boy Productions Holdings, Inc., and Bad Boy Books Holdings, Inc. (collectively, the "Combs Defendants") in opposition to Plaintiff John Doe's second motion seeking leave to litigate this action anonymously (Dkt. ##15-17) (the "Anonymity Motion").

## PRELIMINARY STATEMENT

This Court recently denied two applications—substantially similar to the one at issue here—made by plaintiffs seeking to proceed anonymously against the Combs Defendants.  So did ***all nine*** other courts in this District that have ruled on anonymity motions in cases involving these defendants.[1]  The same outcome is warranted here.

Plaintiff's Anonymity Motion is even weaker than the plaintiffs' applications in the eleven cases that have been decided in the Combs Defendants' favor because, here, Plaintiff ***did not***

---

[1]    Those decisions are:

1.  *Doe v. Combs*, No. 24-CV-08024 (VEC), ECF #70 (S.D.N.Y. May 13, 2025);

2.  *Doe v. Combs*, No. 24-CV-07977 (VSB), 2025 WL 1380800 (S.D.N.Y. May 13, 2025);

3.  *Doe v. Combs*, No. 24-CV-7776 (NRB), 2025 WL 1079038 (S.D.N.Y. Apr. 9, 2025);

4.  *Doe v. Combs*, No. 24-CV-7974 (JMF), 2025 WL 1132305 (S.D.N.Y. Apr. 8, 2025);

5.  *Doe v. Combs*, No. 24-CV-8852 (JPC), 2025 WL 950685 (S.D.N.Y. Mar. 28, 2025);

6.  *Doe v. Combs*, No. 1:24-CV-9852 (JLR), 2025 WL 934380 (S.D.N.Y. Mar. 27, 2025);

7.  *Doe v. Combs*, No. 24-CV-7778 (JLR), 2025 WL 934358 (S.D.N.Y. Mar. 27, 2025);

8.  *Doe v. Combs*, No. 24-CV-7777 (LJL), 2025 WL 722790 (S.D.N.Y. Mar. 6, 2025);

9.  *Doe v. Combs*, No. 24-CV-8810 (LAK), 2025 WL 268515 (S.D.N.Y. Jan. 22, 2025);

10. *Doe v. Combs*, No. 24-CV-8054 (MKV), 2024 WL 4635309 (S.D.N.Y. Oct. 30, 2024), *reconsideration denied*, 2024 WL 4753565 (S.D.N.Y. Nov. 12, 2024);

11. *Doe v. Combs*, No. 23-CV-10628 (JGLC), 2024 WL 863705 at *4-6 (S.D.N.Y. Feb. 29, 2024).

***submit any affirmation or declaration (from anyone), or any other form of evidence***, to support his motion for this extraordinary form of relief.

Fairness, substantial justice, and well-settled precedent demand that Plaintiff disclose his identity.  Plaintiff is an adult man who makes allegations of sexual assault.  The vague and conclusory rationales Plaintiff proffers in support of the Anonymity Motion—which apply equally to virtually all sexual assault plaintiffs—fail as a matter of law.

As an initial matter, Plaintiff submits only a memorandum of law from his lawyers (Dkt. #16 (the "MOL"));  there is no supporting evidence and no sworn statement before the Court.  It is "significant[]" that "Plaintiff has not provided any particularized evidence . . . to establish that the disclosure of his identity would result in concrete physical or mental harm to himself or third parties.  Such evidence plays a vital role in the balancing of competing interests in these cases, and its absence is particularly salient here given the risk of ***severe prejudice*** to Defendants from continued anonymity, hampering their ability to confront their accuser, guard against reputational harm, and defend an action based on events from" over a decade ago.  *Combs*, 2025 WL 934358, at *5 (Rochon, J.) (emphasis added).

New York courts operate under the constitutionally rooted presumption of open proceedings precisely to avoid this inherent unfairness and bias.  These courts have consistently held that the fact that a claim involves allegations of sexual assault is insufficient to overcome the default rule of open court proceedings.  The Combs Defendants and the public have the right to a fair, transparent, and two-sided fact-finding process.

Plaintiff's arguments in support of his motion should be rejected—just as nearly identical arguments have been rejected by nine judges (to date) in this District.  First, that this case involves (false and salacious) allegations of sexual assault is, as noted, insufficient to justify anonymity.

Second, Plaintiff claims that "public disclosure could exacerbate [his] traumas" (MOL at 5), "but he provides no 'medical documentation' or other 'evidence of the severity or [the] likelihood of . . . mental harm' that would result from disclosure of his identity." *Combs*, 2025 WL 934358, at *3 (Rochon, J.) (citation omitted). Plaintiff does not even assert he *would* suffer additional trauma, only that he "could." Third, Plaintiff's purported fear of retaliation is wholly unsupported. While Plaintiff relies heavily on unproven (and untrue) allegations that Mr. Combs engaged in intimidatory conduct in connection with his criminal case, "Plaintiff does not allege that he was the target of any of the conduct in the indictment, and there is no evidence that [Mr.] Combs has been in contact with Plaintiff or made any threats in the last" decade. *Id.* (citation and quotation marks omitted).

Finally, Plaintiff's claim that the Combs Defendants would not be prejudiced by Plaintiff proceeding anonymously borders on the absurd. This Court soundly rejected that claim twice before and the Court should do the same here.

Allowing Plaintiff to conceal his identity has and will continue to substantially prejudice Defendants. Plaintiff seeks an unfair litigation advantage, as the Defendants have been and will be subjected to scrutiny, scorn, and ridicule because of his accusations, while Plaintiff is cloaked in the comfort of anonymity, shielded from public examination that might test his credibility. Moreover, Defendants will be deprived of crucial information and/or materials about Plaintiff that would otherwise come to light, because Plaintiff's anonymity frustrates their ability to interview witnesses or to benefit from those who may come forward once his identity is publicly disclosed.

While Plaintiff's legal name must be revealed under the law, to the extent there are actual concerns about the sensitivity or privacy of his lawsuit, there are other mechanisms to protect confidentiality where necessary. But there are no extreme or special circumstances that compel

the continued wholesale suppression of Plaintiff's identity.

Anonymous plaintiffs are the rare exception, not the norm, and anonymity may only be granted where a plaintiff can prove particularized reasons why he or she deserves relief from the default rule. Plaintiff has not done so here, and his Anonymity Motion should accordingly be denied.

## **FACTUAL BACKGROUND**

On February 4, 2025, Plaintiff, a professional adult entertainer, filed the Complaint, in which he alleges that he was subjected to psychological and sexual abuse by Mr. Combs between 2007 and 2012. Complaint, Dkt. #1 ("Compl.") ¶¶ 1, 14, 62, 166. During that period, Plaintiff agreed on numerous occasions to preform "strip shows" for Mr. Combs in exchange for payment for his services. *Id.* ¶¶ 17-62. Plaintiff alleges that Mr. Combs used extortionary means to mentally abuse and sexually assault him. *See generally* Compl.

Upon filing his Complaint, and before the Combs Defendants appeared in the case, Plaintiff was permitted by the Part I judge to file anonymously without prejudice to reconsideration at a future point. *See* Dkt. 11. On February 25, 2025, the Court ordered Plaintiff to "resubmit his application . . . explaining why he should be allowed to proceed on a pseudonym"; gave "Defendants an opportunity to respond to the motion"; and noted that after receiving "full briefing on the matter, the Court [would] consider whether Plaintiff may continue to proceed using a pseudonym." Dkt. #12.

Plaintiff filed the Anonymity Motion on March 27, 2025. Dkt. ##15-17. Plaintiff did not submit any declaration or affidavit, from anyone, in support of his application. Nor did Plaintiff submit any other form of evidence in support of the Anonymity Motion.[2]

---

[2]    To the extent Plaintiff seeks to rely on factual allegations made in the Complaint or MOL—they are not

In addition to the fatal flaws in Plaintiff's legal arguments, his lawyers' actions cast serious doubt upon Plaintiff's purported interest in keeping this matter private. First, the Bloom Firm has been decidedly vocal about its representation of Plaintiff (and a second plaintiff the firm represents in a lawsuit against the Combs Defendants). The firm has used the internet and social media to garner maximum attention and publicity.[3] There is no good reason for this conduct, and it undercuts Plaintiff's alleged need to keep his identity secret. Second, Plaintiff's lawyers originally filed the Complaint publicly ***using Plaintiff's real name*** but quickly retracted the filing.

In short, Plaintiff provides no sworn, first-hand justification for the extraordinary relief of pursuing this case anonymously. This motion should accordingly be denied.

## LEGAL STANDARD

It is well established that "[c]ourts . . . begin with a presumption against anonymous or pseudonymous pleading[s]," because there is a presumption of disclosure of parties in civil lawsuits. *Doe v. Del Rio*, 241 F.R.D. 154, 156 (S.D.N.Y. 2006) (citation omitted). As the Second Circuit observed, "[t]he people have a right to know who is using their courts." *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 189 (2d Cir. 2008) (citation omitted). "[P]seudonyms are the exception and not the rule, and in order to receive the protections of anonymity, a party must make a case rebutting that presumption." *United States v. Pilcher*, 950 F.3d 39, 45 (2d Cir. 2020).

Lawsuits between private parties "advance the public's interest in enforcing legal and

---

admissible evidence. *See* 28 U.S.C. § 1746; *see also*, *e.g.*, *Cobalt Multifamily Invs. I, LLC v. Arden*, 857 F. Supp. 2d 349, 356 (S.D.N.Y. 2011) (written statement inadmissible where it is neither sworn nor declared under penalty of perjury); *Combs*, 2025 WL 722790 at *2 (holding that lawyer's declaration in support of anonymity motion in a case against the Combs Defendants was inadmissible because it was not made under penalty of perjury).

[3] *See*, *e.g.*, BBC Newsnight, *Lawyer of alleged male 'Diddy' victim speaks to Newsnight* (May 7, 2025), https://youtu.be/wKKPhOU9CQo?si=IJQTkAQttvRwmDj3; Lisa Bloom (@lisabloomesq), INSTAGRAM, https://www.instagram.com/p/DJcQA7lJp9W/ (May 9, 2025); NewsNation, *Diddy on trial: Attorney gives NewsNation a look into jury selection*, YOUTUBE (May 5, 2025), https://www.youtube.com/watch?v=QG18YXSuVDw; Lisa Bloom (@lisabloomesq), INSTAGRAM, https://www.instagram.com/p/DJHdj0SpEzc/?img_index=1&igsh=NTc4MTIwNjQ2YQ%3D%3D (May 1, 2025); *Who Is Lisa Bloom? Attorney Repping Diddy Accusers*, Newsweek (Feb 04, 2025 at 6:51 PM EST), https://www.newsweek.com/who-lisa-bloom-attorney-repping-diddy-accusers-2026212.

social norms[,]" and in such cases, "open proceedings serve the judiciary's interest in a fair and accurate fact-finding adjudication." *Doe v. Townes*, No. 19-CV-8034 (ALC) (OTW), 2020 WL 2395159 at *2 (S.D.N.Y. May 12, 2020). The judicial system's objective of "fundamental fairness" requires a plaintiff to disclose his or her true name in a civil case involving potentially damaging allegations about a defendant's conduct. *See, e.g.*, *id*. at *5.

This core presumption of openness, which this Circuit has held "serves the vital purpose of facilitating public scrutiny of judicial proceedings and therefore cannot be set aside lightly," *Sealed Plaintiff*, 537 F.3d at 188-89, is rooted in Fed. R. Civ. P. 10, which states that the "title of the complaint must name all the parties[.]" Fed. R. Civ. P. 10(a). Rule 10 has implicit constitutional implications. "Plaintiffs' use of fictitious names runs afoul of the public's common law right of access to judicial proceedings," which "right . . . is supported by the First Amendment." *Del Rio*, 241 F.R.D. at 156 (citation omitted).

A plaintiff has the burden of proof to rebut the presumption demanding full disclosure under Rule 10. "District courts have discretion to grant an exception to Rule 10(a) only where the litigant seeking to proceed anonymously has a substantial privacy interest that outweighs any prejudice to the opposing party and 'the customary and constitutionally embedded presumption of openness in judicial proceedings.'" *Doe v. Delta Air Lines, Inc*., No. 23 CV 931 (RPK) (LB), 2023 WL 7000939 at *2 (E.D.N.Y. Sept. 7, 2023) (quoting *Rapp v. Fowler*, 537 F. Supp. 3d 521, 526-27 (S.D.N.Y. 2021)).

This Circuit applies a ten-factor, non-exhaustive test, which balances the interests of the plaintiff, the public, and the defendant to determine whether a party should be allowed to proceed under a pseudonym. *Sealed Plaintiff*, 537 F.3d at 190. A party may plead anonymously only in unique circumstances described as "special" and "exceptional." *Id*. at 189; *N. Jersey Media Grp.*

*v. Doe Nos. 1-15*, No. 12 Civ. 6152 (VM) (KNF), 2012 WL 5899331 at *4 (S.D.N.Y. Nov. 26,

2012). These requests for anonymity are commonly denied by the courts of this Circuit—including

*all* such motions decided to date involving the Combs Defendants (*see supra* n.1 (listing eleven

decisions))—which have shown a strong preference for parties to use their true names in pleadings

and not pseudonyms. *See*, *e.g.*, *Delta Air Lines, Inc*., 2023 WL 7000939; *Rapp*, 537 F. Supp. 3d

521; *Townes*, 2020 WL 2395159; *Del Rio*, 241 F.R.D. 154.

Here, Plaintiff fails to satisfy the *Sealed Plaintiff* factors. Accordingly, the Court should

deny this Motion and order Plaintiff to proceed under his true name if he intends to pursue this

action.

## ARGUMENT

## I.  PLAINTIFF FAILS TO CARRY HIS BURDEN OF JUSTIFYING ANONYMITY UNDER THE *SEALED PLAINTIFF* FACTORS

In *Sealed Plaintiff*, the Second Circuit identified ten factors to consider when evaluating a

plaintiff's request to proceed anonymously. For each factor, the plaintiff bears the burden of

establishing that it supports anonymity. When the plaintiff "has not sufficiently shown that a factor

weighs in favor of proceeding anonymously, the Court will deem that factor as weighing against

him." *Roe v. Does 1-11*, No. 20-CV-3788-MKB-SJB, 2020 WL 6152174 at *2 (E.D.N.Y. Oct.

14, 2020). Here, Plaintiff has not and cannot show use of a pseudonym is warranted.

### A.  Whether Litigation Involves Highly Sensitive Matters (Factor 1)

The Combs Defendants acknowledge that Plaintiff's (false) allegations involve matters of

a personal nature. However, courts have consistently held "that allegations of sexual assault, by

themselves, are not sufficient to entitle a plaintiff to proceed under a pseudonym." *Doe v. Combs*,

No. 24-CV-8054 (MKV), 2024 WL 4635309 at *2 (S.D.N.Y. Oct. 30, 2024); *Doe v. Shakur*, 164

F.R.D. 359, 361–62 (S.D.N.Y. 1996) (collecting cases). "A claim by an adult plaintiff to have

7

been the victim of sexual abuse and to have suffered physical or psychological damage as a result, [even when] accompanied by sufficient facts to support that claim, is not enough to entitle a plaintiff to proceed anonymously." *Delta Air Lines, Inc.*, 2023 WL 7000939 at *2 (citation omitted). Were it enough, "virtually all claims of adult sexual assaults would *ipso facto* proceed anonymously." *Id.* Accordingly, even where a litigation involves highly sensitive matters of a sexual nature, this factor is "not dispositive." *Combs*, 2024 WL 4635309 at *2; *Combs*, 2025 WL 934380 at *3 (Rochon, J.) (same); *Combs*, 2025 WL 934358 at *3 (Rochon, J.) (same).

Courts therefore routinely deny anonymity even where the litigation involves highly sensitive matters, including allegations of severe sexual misconduct. *See, e.g.*, *Combs*, 2024 WL 4635309, at *2 (denying anonymity in case where plaintiff alleged that defendant "raped her in frightening circumstances"); *Combs*, 2025 WL 934358, at *3 (Rochon, J.) (denying anonymity where plaintiff alleged he was sexually abused as a minor); *Rapp*, 537 F. Supp. 3d at 524 (same); *Shakur*, 164 F.R.D. at 361 (denying anonymity despite allegations "plaintiff was the victim of a brutal sexual assault"). Simply put, a "plaintiff cannot be granted anonymity merely because [he or] she brings a sexual assault claim, regardless of the severity of [his or] her allegations." *Combs*, 2025 WL 722790 at *4.

Plaintiff has made no particularized showing that he would suffer unique or extraordinary harms here that set him apart from the typical sexual misconduct plaintiff. Regardless of the sexual nature of his allegations, Plaintiff may not hide behind a pseudonym. "[He] has made serious charges and has put [his] credibility in issue. Fairness requires that [he] be prepared to stand behind [his] charges publicly." *Shakur*, 164 F.R.D. at 361.[4]

---

[4]    Plaintiff relies heavily on *Trooper 1 v. N.Y.S. Police*, but notably, the motion to proceed anonymously in that case was unopposed by any of the defendants. *See Trooper 1 v. N.Y.S. Police*, No. 22-cv-893 (LDH) (TAM), 2022 WL 22869548, at *1 (E.D.N.Y. Jun. 9, 2022).

B.    **Risk Of Physical Retaliation or Mental Harm, and Likelihood and Severity of the Harm (Factors 2 and 3)**

For the second and third factors, courts evaluate whether identification poses a risk of physical retaliation or severe mental harm to the party seeking to remain anonymous or, "more critically," to third parties, and the likelihood and severity of those claimed harms. *Sealed Plaintiff*, 537 F.3d at 190.  The claimed risks "must be more than speculative claims of physical or mental harms." *Townes*, 2020 WL 2395159 at *4; *Roe v. City of New York*, No. 1:24-cv-7093 (MKV), 2024 WL 4404186 at *3 (S.D.N.Y. Oct. 4, 2024) (Factor 2 weighed against anonymity where plaintiff's "invocation of this factor [wa]s entirely speculative and too unspecified [to] support her motion"); *Combs*, 2024 WL 4635309 at *3 ("courts require direct evidence linking disclosure of plaintiff's name to a specific injury. . . conclusory statements and speculation about mental harm to Plaintiff are insufficient").  "Evidence of embarrassment, social stigmatization, and economic harm" are insufficient to warrant anonymity.   *Townes*, 2020 WL 2395159 at *4; *see also Doe v. Weinstein*, 484 F. Supp. 3d 90, 94-95 (S.D.N.Y. 2020) (similar).

For the claim that he would suffer harm from disclosure of his identity, Plaintiff (through his lawyers' memorandum of law) simply offers: "Given the deeply traumatic nature of the experiences described in the Complaint, public disclosure could exacerbate these traumas, compounding Plaintiff's distress."  MOL at 5.  But Plaintiff "provides no 'medical documentation' or other 'evidence of the severity or likelihood of . . . mental harm' that would result from disclosure of his identity . . ." *Combs*, 2025 WL 934358, at *3 (Rochon, J.) (quoting *Doe v. Skyline Auto., Inc.*, 375 F. Supp.3d 401, 406 (S.D.N.Y. 2019)) (finding that Factors 2, 3, and 4 weighed against anonymity); *Combs*, 2025 WL 934380, at *3 (Rochon, J.) (same); *Combs*, 2025 WL 722790 at *3 ("Plaintiff has not introduced particularized medical or other evidence that revelation of Plaintiff's identity would cause 'exceptional' emotional harm of the type that justifies

9

anonymity.") (citation omitted).  Plaintiff's "conclusory assertion of the possibility of generalized harm – applicable to all victims of sexual assault – is insufficient to carry [his] burden."  *Combs*, 2025 WL 934358, at *3 (Rochon, J.); *see also Doe v. Alexander*, No. 25-cv-2107 (LJL), 2025 WL 1126617, at *3 (S.D.N.Y. Apr. 16, 2025) (holding Factors 2 and 3 weighed against anonymity where the plaintiff's statements regarding potential harm were "'generic allegations' in that they may be applicable to any litigant bringing a sexual assault claim" (quoting *Doe v. Smith*, 105 F. Supp. 2d 40, 43 (E.D.N.Y 1999))).

Plaintiff's attempts to invoke fears about the risk of other forms of harm fare no better. Plaintiff speculates that Mr. Combs "has cultivated a network of powerful and influential musicians, producers, associates, colleagues and friends . . . [who pose] a significant threat of retaliation with respect to Plaintiff's professional standing."  MOL at 6.  As an initial matter, "economic harm" is insufficient to warrant anonymity.  *Townes*, 2020 WL 2395159 at *4. Moreover, Plaintiff's concerns are utterly speculative and conclusory.  *See* MOL at 6 (claiming that because of Mr. Combs' "profound connections," Plaintiff "***could*** find himself blacklisted" in the music and entertainment industry (emphasis added)).  "Courts have rejected claims of harm where they are insufficiently 'particularized,' provided 'without corroboration,' or 'generalized' and 'conclusory.'"  *Doe v. Intel Corp.*, No. 24-cv-06117 (JPO), 2024 WL 4553985, at *3 (S.D.N.Y. Oct. 22, 2024) (quoting *Combs*, 2024 WL 863705, at *4); *Doe v. Polovets*, No. 952102/2023, 2023 WL 8623613, at *1 (Sup. Ct. N.Y. Cnty. Dec. 8, 2023) (holding plaintiff's purported "fear of retaliation by defendant, who has significant financial resources, such that plaintiff is concerned for her safety, livelihood, and professional reputation" was not sufficient to meet her "particularly high burden" to warrant anonymity).

Plaintiff also points to unproven (and false) allegations that Mr. Combs sought to attack

the integrity of his criminal proceedings, as purported support for his motion.  MOL at 7.  Mr.

Combs vehemently denies those allegations, but in any event, Plaintiff "does not allege that he

was the target of any of the conduct in the indictment," *Combs*, 2025 WL 934358 at *3 (Rochon,

J.) (quoting *Combs*, 2025 WL 722790 at *2), and Plaintiff acknowledges that his "last encounter

with Combs was in or around November 2012" (Compl. ¶ 62)—more than a decade ago.  *See*

*Combs*, 2025 WL 934358 at *3 (finding Factor 3 weighed against anonymity where there was

"no evidence that [Mr.] Combs ha[d] been in contact with Plaintiff or made any threats in the last

three decades").

     "Moreover, [Mr.] Combs is currently under criminal indictment and in federal custody at

the Metropolitan Detention Center."  *Combs*, 2025 WL 1079038 at *2 n.4 (finding Factor 2 and

3 weighted against anonymity); *see also Combs*, WL 934380 at *3 (Rochon, J.) (holding

plaintiff's declaration stating that Mr. Combs made threat of violence to her, including that

"'people can come up missing' when she told him that she wanted to report the assault," was not

"sufficient[ly] specific[]"); *Combs*, 2025 WL 1132305 at * 1 ("Most notably, because Combs is

under criminal indictment and in federal custody, Plaintiff has not shown that Combs poses any

threat to Plaintiff now or in the future or that the disclosure of Plaintiff's identity will create any

harms to any third party.") (citation and quotation marks omitted); *Combs*, 2025 WL 722790 at

*2 ("Plaintiff argues that there is a significant risk of physical harm if her identity is disclosed

because Combs said to her after the rape that, '[y]ou better not tell anyone about this, or you will

disappear,'" but "there is no evidence that Combs has been in contact with Plaintiff or made any

threats in the last three decades.  As important, the Court takes judicial notice that Combs is now

under criminal indictment and is in federal custody at the Metropolitan Detention Center . . ."); 

*Combs*, 2024 WL 4635309 at *2 (holding that allegation that "Combs threatened Plaintiff's life

if she fled at the time of the alleged rape" insufficient to show "present threat of physical harm" because Plaintiff has alleged "no contact with Plaintiff for the approximately twenty years since the alleged rape and Combs is currently detained pending trial"); *Combs*, 2025 WL 1380800 at *4 (noting that "even in cases where Defendant Combs is alleged to have threatened the victim after an assault, courts have found this factor to weigh against the victim proceeding anonymously without specific allegations to substantiate the threat").

Lastly, Plaintiff's lawyers state that on October 3, 2024, "an individual associated with Combs reached out to Plaintiff for an in-person 'meeting,'" and argues (without further explanation and without the support of any medical records or sworn statement) that this purportedly "escalat[ed] Plaintiff's safety concerns and the immediate risk of retaliation and intimidation by Combs and his associates."  MOL at 7.  Plaintiff does not disclose who this individual is or what his or her purported association was with Mr. Combs, let alone identify anything this person said or did that purportedly caused concern to Plaintiff; and, again, this allegation is not supported by a sworn statement (from anyone).  "'Without further specific evidence,' Plaintiff's 'claims are too speculative to support anonymity in this case,' *Intel Corp.*, 2024 WL 4553985, at *5, and the second and third factors do not weigh in favor of nondisclosure." *Combs*, 2025 WL 934380 at *3; *See also Combs*, 2024 WL 4635309 at *2.

Factors 2 and 3 therefore weigh against allowing Plaintiff to continue to proceed anonymously.

### C.    Whether Plaintiff Is Particularly Vulnerable to Possible Harms of Disclosure, Particularly in Light of His Age (Factor 4)

The age of the plaintiff seeking to maintain anonymity is the "critical factor in this determination."  *Doe v. Solera Capital LLC*, No. 18-cv-1769 (ER), 2019 WL 1437520, at *6 (S.D.N.Y. Dec. 16, 2020).  Where, as here, the "plaintiff is not a child, this factor weighs against

a finding for anonymity." *Id.*; *accord Combs*, 2025 WL 934380 at *4 (Rochon, J.) ("Plaintiff is currently an adult, was not a minor at the time of the alleged assault, and 'has not identified any reason for the Court to treat [him] as more vulnerable than the great run of adult plaintiffs who bring allegations of sexual assault in their own names.'" (quoting Combs, 2024 WL 4635309 at *4)); *Combs*, 2025 WL 934358 at *4 (Rochon, J.) (similar).  Factor 4 weighs against allowing Plaintiff to continue to proceed anonymously.

### D.    Whether the Action Is Challenging the Government or Is Between Private Parties (Factor 5)

"Turning to the fifth factor—which looks to whether the suit challenges the actions of the government or that of private parties, courts recognize that open judicial proceedings in private civil suits not only advance the parties' private interests, but also further the public's interest in enforcing legal and social norms.  Here, Plaintiff challenges the actions of private parties; thus, there is a significant interest in open judicial proceedings weighing against the use of pseudonym." *Combs*, 2025 WL 934358 at *4 (Rochon, J.) (cleaned up).  Factor 5 therefore weighs against allowing Plaintiff to continue to proceed anonymously.

### E.    Whether Defendant Is Prejudiced by Allowing Plaintiff to Pursue Claims Anonymously (Factor 6)

This Court recently held that there would be a "risk of **severe prejudice** to [the Combs] Defendants from continued anonymity, hampering their ability to confront their accuser, guard against reputational harm, and defend an action based on events from" over a decade ago.  *Combs*, 2025 WL 934358, at *5 (Rochon, J.) (emphasis added); *Combs*, 2025 WL 934380, at *5 (Rochon, J.) (same).  Judge Vyskocil also held in a similar case against Mr. Combs: "In considering whether defendants would be prejudiced by a plaintiff proceeding under a pseudonym, courts have weighed difficulties in conducting discovery, the reputational damage to defendants, and the fundamental fairness of proceeding anonymously.  Defendants likely would be prejudiced in all of these

respects." *Combs*, 2024 WL 4635309 at *4 (internal quotations and citation omitted). Judge Liman similarly held that the Combs Defendants would face "***severe*** prejudice" if a plaintiff were allowed to proceed under a pseudonym against them. *Combs*, 2025 WL 722790 at *4 (emphasis added).

By pursuing this case anonymously against a well-known individual and businesses, Plaintiff has created a purposeful imbalance: on the one hand, a plaintiff who is not required to publicly stand by his allegations, and on the other hand, Defendants who are being excoriated by the media based on vague and unsubstantiated accusations (amplified by Plaintiff's counsel's deliberate efforts to attract media attention). This imbalance can affect every point of the litigation – from discovery to possible settlement negotiations to trial. For instance, "a plaintiff may hold out for a larger settlement when the plaintiff knows that the defendant faces reputational risk not reciprocated by the plaintiff." *Doe v. Zinsou*, No. 19 CIV. 7025 (ER), 2019 WL 3564582 at *7 (S.D.N.Y. Aug. 6, 2019).

Additionally, more prejudice exists in this case than is typical because Defendants are in the public spotlight, and Plaintiff's accusations have been, and continue to be, highly publicized and corrosive to their public image, in large part, because of Plaintiff's lawyer's media statements. In *Rapp*, the court noted that prejudice is compounded when claims are brought "against someone in the public eye, especially if the substance of the claim makes it likely to attract significant media attention." 537 F. Supp. 3d at 527, 531 (finding famous actor "suffered significant reputational damage" and "[i]t would be harder to mitigate against that stigma if [plaintiff] were permitted to remain anonymous").

Finally, Plaintiff's request to use a pseudonym materially prejudices Defendants' ability to investigate the accusations and claims in order to defend themselves. "Permitting only one party

to proceed anonymously creates an 'asymmetry in fact-gathering' that is more profound in high profile cases involving substantial publicity, as derogatory information unknown to Plaintiff about Defendants may come to light due to publicity about the case, but derogatory information unknown to Defendants about Plaintiff will likely not come to light if [their] identity is not known." *Combs*, No. 24-CV-08024 (VEC), ECF #70 at 3 (citation omitted); *accord Combs*, 2024 WL 4635309 at *3 ("Plaintiff has chosen to bring this lawsuit, leveling serious charges against Combs and, as such, she has put her credibility in issue.  Combs is, therefore, entitled to investigate her background and challenge her allegations and her credibility.") (citations and internal quotation marks omitted).

While Plaintiff argues there would be no prejudice because "[c]ounsel for Plaintiff will confidentially disclosure Plaintiff's name to counsel for Defendants," MOL at 2, numerous courts have recognized that even where "defendants know who [the] plaintiff is, concealment of [a] plaintiff's identity from the public can still hamper defendants' ability to conduct discovery." *Doe v. Alexander*, No. 25-cv-1631 (JAV), 2025 WL 784913, at *3 (S.D.N.Y. March 12, 2025) (citation omitted) (denying anonymity motion even though plaintiff was prepared to reveal identity to defendant's counsel).  For example, if Plaintiff's name remains concealed from the public, knowledgeable witnesses who might otherwise come forth with relevant information will not have an opportunity to do so.  *Combs*, 2024 WL 4635309 at *5 ("highly publicized cases can cause unknown witnesses to surface.  However, if Plaintiff's name is kept from the public, information about only one side may thus come to light.") (quotations omitted).  This concern is heightened here, where Plaintiff alleges that third parties "witnessed the [alleged] sexual assaults."  MOL at 6.  Moreover, the Combs Defendants should be able to disclose Plaintiff's name to identify third parties with potentially relevant information to question them about Plaintiff's accusations and claims.  *See Doe v. MacFarland,* 66 Misc. 3d 604, 628 (Sup. Ct. N.Y. Cnty. 2019) (noting that

15

even in cases where a plaintiff's name is revealed to the defendant, "courts will have to consider whether allowing a plaintiff to proceed under a pseudonym works to prejudice defendant's ability to locate witnesses or conduct a proper investigation").

Thus, Factor 6 weighs against allowing Plaintiff to continue to proceed anonymously.

## F.    Whether Plaintiff's Identity Has Been Kept Confidential (Factor 7)

Plaintiff's lawyers state that "[n]either he nor his attorneys have spoken publicly about the incidents that underly his causes of action."  MOL at 8.  That is at best a half-truth, as the Bloom Firm *has* spoken publicly about the alleged incidents that underly Plaintiff's claims.  *See*, *e.g.*, BBC Newsnight, *Lawyer of alleged male 'Diddy' victim speaks to Newsnight* (May 7, 2025), https://youtu.be/wKKPhOU9CQo?si=IJQTkAQttvRwmDj3; *Doe v. Kidd*, 19 Misc. 3d 782, 789 (Sup. Ct. N.Y. Cnty. 2008) (holding fact that plaintiff's representatives sought to "sensationalize" the case through public statements weighed against allowing anonymity).  Moreover, Plaintiff's identity has ***not*** been kept confidential because Plaintiff's real name appeared on the public docket until it was removed a short time later.  *See* Dkt. #1 (noting document replaced).

Even if this factor is adjudicated as weighing in Plaintiff's favor, Factor 7 is not dispositive (*see Combs*, 2024 WL 4635309 at *5 ), particularly when the lawsuit has already received media attention, Plaintiff's real name was on the public docket for a period, and "the public's interest in th[e] case includes an interest in knowing Plaintiff's identity."  *Weinstein*, 484 F. Supp. 3d at 97.

## G.    Whether the Public's Interest in the Litigation Is Furthered by Requiring Plaintiff to Disclose His Identity (Factor 8)

This factor favors disclosure of Plaintiff's name because "lawsuits are public events and the public has a legitimate interest in knowing the facts involved in them.  Among those facts is the identity of the parties."  *Shakur*, 164 F.R.D. at 361; *see also Weinstein*, 484 F. Supp. 3d at 97-98; *Del Rio*, 241 F.R.D. at 157 ("The press and public can hardly make an independent assessment

of the facts underlying court cases, or even assess judicial impartiality or bias, without knowing who the litigants are.").  The public has "a right of access to the courts," *Shakur*, 164 F.R.D. at 361, which militates strongly against anonymity.  This is especially true here because "case[s] against a public figure" are "the cases for which the public interest in understanding the allegations is highest.  *Combs*, 2025 WL 722790 at *3.

Plaintiff's meritless argument that anonymity is against the public interest because it could deter other lawsuits (MOL at 9) has been rejected in another recent case involving the Combs Defendants.  *See Combs*, 2024 WL 4635309 at *6 ("a number of other alleged victims have already sued Combs in their own names . . . those plaintiffs obviously were not deterred by the long line of previous cases in which courts in this District have rejected motions to proceed under a pseudonym brought by alleged victims of sexual assault").  It is neither uncommon nor unreasonable to expect plaintiffs in sexual assault cases to sue using their legal names, and indeed multiple such non-anonymous cases have been filed in recent months against the Combs Defendants.  *See id*.

Factor 8 weighs against allowing Plaintiff to continue to proceed anonymously.

### H.    Whether There Is an Atypically Weak Public Interest in Knowing Identities Because of a Purely Legal Nature of an Action (Factor 9)

Under this factor, the public interest in disclosure of the litigants' names may be diminished if the issues are purely legal in nature.  *Townes*, 2020 WL 2395159 at *6.  But where the action involves not abstract questions of law but particular incidents or actions, the public's interest in open proceedings "serve the judicial interest in accurate fact-finding and fair adjudication."  *Id*. (quoting *N. Jersey Media Grp.*, 2012 WL 5899331 at *8).  In particular, the public's interest in the factual claims of sexual assault cases "is very high."  *Doe v. Skyline Auto., Inc.*, 375 F. Supp.3d 401, 408 (S.D.N.Y. 2019); *see also Combs*, 2024 WL 4635309 at *6 (Factor 9 favors disclosure

because alleged sexual misconduct by a celebrity is precisely "the kind of case that further[s] the public's interest in enforcing legal and social norms") (internal quotations omitted).

Because the allegations here are not abstract legal questions but specific factual allegations about certain alleged incidents, Factor 9 weighs heavily against allowing Plaintiff to continue to proceed anonymously.

## I.     Whether Alternative Means Exist to Protect any Confidential Information (Factor 10)

Anonymity is not warranted where there are other mechanisms to protect any confidential information that may be disclosed during discovery or as part of the case, such as "redaction of documents and/or sealing, protective orders, and confidentiality agreement." *Townes*, 2020 WL 2395159 at *6; *see also Combs*, 2024 WL 4635309 at *6 ("Plaintiff can seek less drastic remedies than blanket anonymity, such as redactions to protect particularly sensitive information or a protective order"); *Combs*, 2025 WL 934380 at *5 (Rochon, J.) (same); *Combs*, 2025 WL 934358 at *5 (Rochon, J.) (same); *Combs*, 2025 WL 722790 at *4 (same).  Here, the Combs Defendants are willing to enter into a stipulated confidentiality protective order under which each party can designate as "confidential" during pretrial proceedings any materials viewed as highly sensitive. Such a protective order will adequately protect any legitimate privacy interest Plaintiff or any other party may have in documents or information exchanged in this case, such as private financial information or medical records.  But Plaintiff should not be permitted to conduct the entirety of these proceedings under the cloak of anonymity, with the resulting prejudice to the public interest and the Combs Defendants' ability to defend themselves.

Because alternative means exist to protect any legitimate privacy interest, Factor 10 weighs against anonymity.

J.      **The Sealed Plaintiff Factors Weigh Overwhelmingly Against Anonymity**

As the above discussion makes clear, Plaintiff cannot carry his burden of justifying anonymity under the *Sealed Plaintiff* factors.  Plaintiff has failed to substantiate his generalized claims with *any* evidence that he would suffer mental harm from his name's disclosure, let alone that such harm outweighs the public's and the Combs Defendants' strong interests in an open and transparent litigation.  Plaintiff's maintenance of a pseudonym would run counter to the well-established principle that the requirements of Federal Rule of Civil Procedure 10 "cannot be set aside lightly," *Sealed Plaintiff*, 537 F.3d at 189, and would severely hinder the Combs Defendants' ability to conduct discovery and receive a fair trial.

"At bottom, Plaintiff has invoked the public forum of litigation in which there is a strong presumption of public access."  *Roe*, 2024 WL 4404186 at *6.  "The very gravity of the charges, combined with the fact that Plaintiff has presented no evidence of specific and concrete harm from disclosure of [his] identity and the severe prejudice to Defendants from keeping that identity confidential, undermine [his] claim to proceed anonymously."  *Combs*, 2025 WL 722790 at *4. The Anonymity Motion should therefore be denied and Plaintiff ordered to proceed under his true name if he intends to pursue this case.

## <u>CONCLUSION</u>

"This lawsuit is one of many filed against [the Combs Defendants] in this District; every court that has considered plaintiffs' motions to proceed anonymously has rejected the requests." *Combs*, No. 24-CV-08024 (VEC), ECF #70 at 3 (denying anonymity).

For all the foregoing reasons, Plaintiff has not satisfied the *Sealed Plaintiff* factors.  The Combs Defendants respectfully request that the Court issue an order denying the Anonymity Motion and ordering Plaintiff to conduct this litigation using his true name.

Dated: May 19, 2025
          New York, New York

Respectfully submitted,

SHER TREMONTE LLP

By:     */s/ Erica Wolff*
        Erica A. Wolff
        Michael Tremonte
        Raphael A. Friedman
        Alexandra Conlon
        90 Broad Street, 23rd Floor
        New York, NY 10004
        (212) 202-2600
        ewolff@shertremonte.com
        mtremonte@shertremonte.com
        rfriedman@shertremonte.com
        aconlon@shertremonte.com
        *Attorneys for Combs Defendants*

20

## <u>CERTIFICATION OF COMPLIANCE</u>

The undersigned counsel of record for the Combs Defendants certifies that the foregoing

brief complies with the 8,750-word limit set forth in Rule 7.1(c) of the Local Rules of the United

States District Courts for the Southern and Eastern Districts of New York. The foregoing brief

contains 6,118 words, excluding those portions of the brief excluded from the count by Rule 7.1(c),

according to the Word Count feature on Microsoft Word.


Dated: May 19, 2025
       New York, New York

                                              _____*/s/ Erica Wolff*_____

                                                  Erica A. Wolff