**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

JOHN DOE,

                                        Plaintiff,

        -against-

SEAN COMBS, BAD BOY ENTERTAINMENT
LLC, BAD BOY RECORDS LLC, BAD BOY
ENTERTAINMENT HOLDINGS, INC., BAD
BOY PRODUCTIONS HOLDINGS, INC., BAD
BOY BOOKS HOLDINGS, INC., DOE
CORPORATIONS 1-10, AND DOE
DEFENDANTS 11-20

                                        Defendants.

Case No. 25-cv-00996 (JLR)

**ORAL ARGUMENT REQUESTED**

 

 

**MEMORANDUM OF LAW IN SUPPORT OF THE COMBS DEFENDANTS'**
**MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

SHER TREMONTE LLP
90 Broad St., 23rd Floor
New York, New York 10004
(212) 202-2600

*Attorneys for Defendants Sean Combs, Bad*
*Boy Entertainment LLC, Bad Boy*
*Entertainment Holdings, Inc., Bad Boy*
*Productions Holdings, Inc., and Bad Boy*
*Books Holdings, Inc.,*

## <u>TABLE OF CONTENTS</u>

**Page**

TABLE OF AUTHORITIES ........................................................................................ iv

PRELIMINARY STATEMENT ................................................................................... 1

FACTUAL BACKGROUND ........................................................................................ 1

STANDARD OF REVIEW ........................................................................................... 3

ARGUMENT ................................................................................................................. 3

I.     ALL PLAINTIFF'S CLAIMS ARE UNTIMELY ................................................. 3

      A.    Plaintiff's New York Common Law Claims are Untimely (COAs 1, 3, 7-10, 12, 14-16) ........................................................................... 4

      B.    Plaintiff's NY GMVL Claim is Time-Barred (COA 1) ............................ 4

           1.    The CVA and ASA Occupy the Field of Revival of Sexual Offense Claims ............................................................................. 5

           2.    The GMVL Revival Provision Conflicts with the CVA and ASA ........................................................................................... 6

      C.    Plaintiff's Federal and State Trafficking and Forced Labor Claims (COAs 3–6) Are Untimely. ........................................................... 7

           1.    Forced Labor and Sex Trafficking Under Federal Law (COA Nos. 2 & 4) ................................................................... 7

           2.    Trafficking Under State Law (COA Nos. 3 & 5) ......................... 7

      D.    Plaintiff's Foreign State Law Claims for Battery and IIED are Governed by New York's Statute of Limitations, Under Which They Are Untimely (COAs 6, 9, 11, 12). ....................................................11

      E.    The California Claims in the Complaint that are Governed by California's Shorter Statute of Limitations are Untimely (COAs 5, 13, 15-16). ......................................................................................... 12

      F.    No Tolling Doctrine Applies to Save the Time-Barred Claims ................. 13

           1.    Duress ...................................................................................... 13

           2.    Equitable Estoppel .................................................................... 15

II.    THE COMPLAINT FAILS TO STATE A CLAIM AGAINST THE
       COMBS ENTITIES. ........................................................................................ 16

III.   EVEN IF PLAINTIFF'S CLAIMS WERE TIMELY, AND THEY ARE
       NOT, PLAINTIFF FAILS TO STATE MANY OF HIS CLAIMS. ..................... 19

       A.    The Complaint Fails to State a GVML Violation Against any
             Defendant (COA No. 1). .......................................................................... 19

             1.    The GMVL Claim Must Be Dismissed as to the Combs
                   Entities Because, at the Relevant Time, the GMVL Did Not
                   Apply to Them and the 2022 Amendment Expanding
                   Liability is Not Retroactive .......................................................... 19

             2.    No Gender Motivated Crime of Violence against Plaintiff
                   in New York ................................................................................ 20

             3.    Plaintiff Fails to State a GMVL Claim Against Alleged
                   Enabling Parties .......................................................................... 21

       B.    Plaintiff Fails to State Claims for Forced Labor and Sex
             Trafficking (COA Nos. 2-5) ...................................................................... 22

       C.    Plaintiff Fails to State Claims for Breach of Contract, Quantum
             Meruit and Unjust Enrichment (COA Nos. 15 & 16). ............................... 24

CONCLUSION ................................................................................................................ 24

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Adams v. Jenkins*,
No. 115745/03, 2005 WL 6584554 (Sup. Ct. N.Y. Cnty. Apr. 22, 2005)........................ 14, 21

*Adorno v. Corr. Servs. Corp.*,
312 F. Supp. 2d 505 (S.D.N.Y. 2004) ................................................................................. 18

*AJ Energy LLC v. Woori Bank*,
No. 18-CV-3735 (JMF), 2019 WL 4688629 (S.D.N.Y. Sept. 26, 2019)........................... 3, 10

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009) ............................................................................................................ 3

*Atuahene v. City of Hartford*,
10 F. App'x 33 (2d Cir. 2001) ....................................................................................... 16, 17

*Bandler v. DeYonker*,
174 A.D.3d 461 (1st Dep't 2019)........................................................................................ 4

*Bardwil Indus. Inc. v. Kennedy*,
No. 19-cv-8211, 2020 WL 2748248 (S.D.N.Y. May 27, 2020)............................................ 17

*Barlow v. Skroupa*,
76 Misc. 3d 587 (Sup. Ct. N.Y. Cnty. 2022) ...................................................................... 22

*Bell Atl. Corp. v. Twombly*,
500 U.S. 544 (2007)............................................................................................................ 3

*Bellino v. Tallarico*,
2024 WL 1344075 (S.D.N.Y. Feb. 21, 2024)..................................................................... 5, 6

*Bensky v Indyke*,
743 F. Supp. 3d 586 (S.D.N.Y. 2024) ........................................................................... 20, 21

*Beverley v. 1115 Health & Benefits Fund*,
420 F. Supp. 2d 47 (E.D.N.Y. 2005) .................................................................................. 21

*Bistline v. Parker*,
918 F.3d 849 (10th Cir. 2019)............................................................................................ 23

*Breest v. Haggis*,
180 A.D.3d 83 (N.Y. 1st Dep't 2019) ................................................................................. 21

*Chambers v. Time Warner, Inc.*,
   282 F.3d 147 (2d Cir. 2002) .................................................................... 3, 10

*Chwick v. Mulvey*,
   81 A.D.3d 161 (2d Dep't 2010) ...................................................................... 6

*Collins v. Pearson Educ., Inc.*,
   721 F. Supp. 3d 274 (S.D.N.Y. 2024) ......................................................... 16

*Cooper v. Anheuser-Busch, LLC*,
   553 F. Supp. 3d 83 (S.D.N.Y. 2021) ........................................................... 24

*Davis v. Jackson*,
   No. 15-cv-5359, 2016 WL 5720811 (S.D.N.Y. Sept. 30, 2016) ................... 16

*Diaz v. City Univ. of N.Y.*,
   2015 WL 13746673 (S.D.N.Y. Nov. 16, 2015) .............................................. 15

*DJL Rest. Corp. v. City of New York*,
   96 N.Y.2d 91 (2001) ....................................................................................... 5

*Doe v. Alsaud*,
   12 F. Supp. 3d 674 (S.D.N.Y. 2014) ........................................................... 18

*Doe v. Black*,
   No. 23-CV-6418 (JGLC), 2024 WL 4335453 (S.D.N.Y. Sept. 27, 2024) ........... 6

*Doe v. Combs*,
   No. 23-CV-10628 (JGLC), 2024 WL 4987044 (S.D.N.Y. Dec. 5, 2024) ........... 7, 19, 20

*Doe v. New York City Dep't of Educ.*,
   No. 21-cv-4332, 2023 WL 2574741 (E.D.N.Y. Mar. 20, 2023) ..................... 18

*Doe v. Telemundo Network Grp. LLC*,
   No. 22-cv-7665, 2023 WL 6259390 (S.D.N.Y. Sept. 26, 2023) ................... 21

*Farmers Ins. Grp. v. Cnty. of Santa Clara*,
   11 Cal. 4th 992 (1995) .................................................................................. 18

*Fed. Deposit Ins. Corp. v. Dintino*,
   167 Cal. App. 4th 333, (2008) ...................................................................... 12

*Geiss v. Weinstein Co. Holdings LLC*,
   383 F. Supp. 3d 156 (S.D.N.Y. 2019) ...................................................... 14, 15

*Ghartey v. St. John's Queens Hosp.*,
   869 F.2d 160 (2d Cir. 1989) ........................................................................... 3

*Gottwald v. Sebert*,
    2016 WL 1365969 (Sup. Ct. N.Y. Cnty. Apr. 06, 2016) ........................................................ 19

*Hughes v. Twenty-First Century Fox, Inc.*,
    304 F. Supp. 3d 429 (S.D.N.Y. 2018) ...................................................................................... 20

*In re GEICO Customer Data Breach Litig.*,
    No. 21-cv-2210, 2023 WL 4778646 (E.D.N.Y. July 21, 2023) .................................................. 4

*In re Gleason (Michael Vee, Ltd.)*,
    96 N.Y.2d 117 (2001) ............................................................................................................ 20

*In re Tronox Inc.*,
    549 B.R. 21 (Bankr. S.D.N.Y. 2016) ....................................................................................... 19

*Juarez v. Boy Scouts of Am.*,
    81 Cal. 4th 377 (2000) ........................................................................................................... 18

*Kaplan Grp. Invs. LLC v. A.S.A.P. Logistics Ltd.*,
    694 F. Supp. 3d 374 (S.D.N.Y. 2023) ..................................................................................... 24

*Leslie v. Thompson Reuters Corp.*,
    No. 22 Civ. 07936 (JHR), 2023 WL 6173511 (S.D.N.Y. Sept. 22, 2023) ................................. 5

*Levin v. Sarah Lawrence Coll.*,
    747 F. Supp. 3d 645 (S.D.N.Y. 2024) ......................................................................... 7, 22, 24

*Licci ex rel. Licci v. Lebanese Canadian Bank, SAL*,
    672 F.3d 155 (2d Cir. 2012) ................................................................................................... 17

*Lisa M. v. Henry Mayo Newhall Mem'l Hosp.*,
    12 Cal. 4th 291 (1995) ..................................................................................................... 17, 18

*Maya NY, LLC v. Hagler*,
    106 A.D.3d 583, 965 N.Y.S.2d 475 (2013) .............................................................................. 4

*Merrell-Benco Agency, LLC v. HSBC Bank USA*,
    20 A.D.3d 605 (3rd Dep't 2005) ............................................................................................ 19

*N.X. v. Cabrini Med. Ctr.*,
    97 N.Y.2d 247 (2002) ............................................................................................................ 17

*Nesbeth v. N.Y.C. Mgmt. LLC*,
    No. 17-cv-8650, 2019 WL 110953 (S.D.N.Y. Jan. 4, 2019) .................................................... 17

*Noto v. Cia Secula di Armanento*,
    310 F. Supp. 639 (S.D.N.Y. 1970) ......................................................................................... 19

*Ochre LLC v. Rockwell Architecture Planning & Design*, P.C.,
   No. 12-cv-2837, 2012 WL 6082387 (S.D.N.Y. Dec. 3, 2012)...............................................17

*O'Rear v. Diaz et. al.*,
   No. 24-cv-1669, 2025 WL 283169 (S.D.N.Y. Jan. 23, 2025)...............................................22

*Overall v. Est. of Klotz*,
   52 F.3d 398 (2d Cir. 1995) ...............................................................................................13, 14

*Parker v. Alexander*,
   2025 WL 268436 (S.D.N.Y. Jan. 22, 2025) ..........................................................................5, 6

*Police Benevolent Ass'n of City of New York, Inc. v. City of New York*,
   40 N.Y.3d 417 (2023).................................................................................................................5

*Quan v. Smithkline Beecham Corp.*,
   149 F. App'x 668 (9th Cir. 2005)............................................................................................12

*Roeder v. J.P. Morgan Chase & Co.*,
   523 F. Supp. 3d 601 (S.D.N.Y. 2021) ....................................................................................15

*S. S. v. Ali*,
   No. 3:23-cv-05074, 2024 WL 150728 (N.D. Cal. Jan. 11, 2024)............................................8

*S.A. v. Bell*,
   No. 950279/2021, 2023 WL 8653131 (Sup. Ct. N.Y. Cnty. Dec. 14, 2023)...........................6

*S.J. v. Choice Hotels Int'l, Inc.*,
   473 F. Supp. 3d 147 (E.D.N.Y. 2020) .....................................................................................8

*Simcuski v. Saeli*,
   44 N.Y.2d 442 (1978).............................................................................................................15

*Spirt v. Spirt*,
   83 Misc. 3d 1210(A), 211 N.Y.S.3d 910 (N.Y. Sup. Ct. 2024)...............................................4

*Stuart v. Am. Cyanamid Co.*,
   158 F.3d 622 (2d Cir. 1998) ...................................................................................................11

*Swarna v. Al-Awadi*,
   622 F.3d 123 (2d Cir. 2010) ...................................................................................................17

*Tchatat v. City of New York*,
   No. 14-cv-2385, 2015 WL 5091197 (S.D.N.Y. Aug. 28, 2015)...............................................4

*Walker v. Armco Steel Corp.*,
   446 U.S. 740 (1980).................................................................................................................11

*Wiwa v. Royal Dutch Petroleum Co.*,
    No. 96-cv- 8386, 2002 WL 319887 (S.D.N.Y. Feb. 28, 2002) .................................................11

*Yusuf v. Tija*,
    2010 WL 4012145 (Cal. Ct. App. Oct. 14, 2010) ..................................................... 9

*Zoe G. v. Frederick F.G.*,
    208 A.D.2d 675 (2d Dep't 1994) ...................................................................... 14

**Statutes**

18 U.S.C. § 1589(a) .......................................................................................... 22

18 U.S.C. § 1595(c) ........................................................................................... 7

18 U.S.C. §§ 1589(a)–(b) .................................................................................. 23

18 U.S.C § 1589(a)(2) ....................................................................................... 23

18 U.S.C § 1589(b) ........................................................................................... 22

18 U.S.C § 1591(e)(5) ....................................................................................... 23

C.A. Civ. Code § 340(c) .....................................................................................11

Cal. Civ. Proc. Code § 339 ................................................................................. 12

Cal. Penal Code § 236.1(a), (h)(5) ..................................................................... 23

Cal. Penal Code § 236.1(h)(4) ....................................................................... 9, 23

Cal Civ. Code §52.5(d)(3) .................................................................................. 8

Cal. Civ. Code § 52.5 ..................................................................................... 7, 8

Cal. Penal Code § 236.1 ....................................................................................11

N.Y. Penal Law § 135.35(3)(a), (c) .................................................................... 23

N.Y.C. Admin. Code § 2-201 ............................................................................. 20

N.Y.C. Admin. Code § 10-1104 ................................................................ 19, 20, 22

N.Y.C. Admin. Code § 10-1105(a) ....................................................................... 4

Nevada SB129 ................................................................................................. 12

**Rules**

CPLR §§ 214-g ................................................................................................................ 6

CPLR § 214-j .................................................................................................................. 6

CPLR § 202 ........................................................................................................... 11, 12, 13

N.Y. C.P.L.R. § 214(5) ................................................................................................... 8

N.Y. C.P.L.R. § 215(3) ............................................................................................... 4, 11

This memorandum of law is respectfully submitted on behalf of Defendants Sean Combs ("Mr. Combs"), Bad Boy Entertainment LLC, Bad Boy Entertainment Holdings Inc., Bad Boy Productions Holdings Inc., Bad Boy Books Holdings Inc., and Bay Boy Books Holdings Inc. (the "Combs Entities") (together with Mr. Combs the "Combs Defendants") for an order dismissing the Complaint (ECF No. 1) with prejudice.

## PRELIMINARY STATEMENT

First, the Complaint should be dismissed in its entirety with prejudice because it is time-barred. Plaintiff's attempts to invoke revival windows and equitable tolling provisions to rescue his time-barred claims are unavailing. Second, the Complaint, which employs improper group pleading, fails to state a claim or advance any theory of liability as to the Combs Entities. Third, even if Plaintiff's claims were timely, and they are not, Plaintiff fails to state any of his federal claims and many of his state law claims. As set forth below, the Complaint should be dismissed with prejudice.

## FACTUAL BACKGROUND

Plaintiff, a former adult entertainer, alleges he met Mr. Combs in Las Vegas, Nevada in 2007. *See* Complaint, ECF No. 1 ("Compl") ¶¶ 14-17. He alleges Mr. Combs hired him to perform on three occasions in 2007, *id.* ¶¶ 17-20, that Mr. Combs asked Plaintiff at two of those performances to apply baby oil to his skin, which caused him to become disoriented, and that while disoriented Mr. Combs asked him to masturbate. *Id.* ¶¶ 20-22.

After these occasions, Plaintiff allegedly chose to leave his agency job and accepted employment with Mr. Combs. *Id.* ¶¶ 23-27. Plaintiff claims Mr. Combs offered to help advance his music career and boasted he could make Plaintiff a "millionaire overnight." *Id.* ¶ 25.

Plaintiff claims that from 2007 until at the latest 2012, on an unspecified number of occasions, Mr. Combs (1) moved objects in front of the door to the room where Plaintiff performed

1

his strip show; (2) asked Plaintiff to apply baby oil to Plaintiff's skin, which caused him to become disoriented, and then directed Plaintiff to engage in sexual activity; (3) added Viagra to Plaintiff's beverages without Plaintiff's knowledge; (4) pressured Plaintiff to accept beverages and apply baby oil and became visibly angry when Plaintiff tried to refuse; (4) pressured Plaintiff to consume drugs when Plaintiff was impaired; and (5) forcibly touched Plaintiff's penis and pushed it into a woman's vagina. *Id.* ¶¶ 28-50. Plaintiff alleges that on more than one occasion, he found semen seeping from his anus and, based on this, claims Mr. Combs anally raped him. *Id.* ¶ 51. Plaintiff also alleges Mr. Combs failed to adequately compensate him for his services. *Id.* ¶ 50.

Plaintiff claims Mr. Combs recorded Plaintiff engaging in sexual activity an unspecified number of times without permission and threatened to release the recordings "if Plaintiff did not comply with his" undescribed demands. *Id.* ¶¶ 54-55. Plaintiff provides virtually no details concerning the supposed clandestine recording and Mr. Combs' alleged threat to release it. Plaintiff alleges that on an unspecified number of occasions when Plaintiff would refuse an unspecified request from Mr. Combs, Mr. Combs would remind him that he had recordings of Plaintiff. *Id.* ¶ 61.

Plaintiff alleges that his last encounter with Mr. Combs, which he does not describe, occurred sometime in November 2012. *Id.* ¶ 62. Despite a "strong and unrelenting desire to come forward" he allegedly refrained from doing so fearing Mr. Combs would release recordings, harm Plaintiff's reputation, and/or "take steps to seriously harm Plaintiff and his family." *Id.* ¶ 63. The Complaint does not allege any threat against Plaintiff subsequent to Mr. Combs' last contact with Plaintiff in 2012. Yet, in the concluding paragraph of nearly every cause of action, Plaintiff argues "Defendants should be estopped from asserting the statute of limitations as a defense due to" Mr. Combs' "continuous death threats and coercion" against Plaintiff. *See e.g.*, ¶ 87.

In total, the Complaint alleges sixteen causes of action including alleged violations of federal law and the laws of New York, California, and Nevada.

## STANDARD OF REVIEW

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 500 U.S. 544, 570 (2007)).  While a court must accept as true all well-pleaded factual allegations and draw all reasonable inferences in plaintiff's favor, *see Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152 (2d Cir. 2002), it "is not required to credit conclusory allegations unsupported by facts, . . . or to suspend common sense in conducting its analysis." *AJ Energy LLC v. Woori Bank*, No. 18-CV-3735 (JMF), 2019 WL 4688629, at *3 (S.D.N.Y. Sept. 26, 2019), *aff'd*, 829 F. App'x 533 (2d Cir. 2020).

Pre-answer dismissal is warranted "[w]here the dates in a complaint show that an action is barred by a statute of limitations." *Ghartey v. St. John's Queens Hosp.*, 869 F.2d 160, 162 (2d Cir. 1989).  "Such a motion is properly treated as a Rule 12(b)(6) motion to dismiss." *Id.*

## ARGUMENT

## I.    ALL PLAINTIFF'S CLAIMS ARE UNTIMELY

The Complaint should be dismissed with prejudice because all of Plaintiff's claims are time-barred.  Although the Complaint alleges misconduct in 2007, it does not clearly indicate when the last act of supposed misconduct by any Defendant occurred.  It alleges only that Plaintiff's last, undescribed encounter with Mr. Combs occurred in or around November 2012.  Compl ¶ 62.  Plaintiff waited more than twelve years after that to file.  His attempts to circumvent the statute of limitations are unavailing.

### A. Plaintiff's New York Common Law Claims are Untimely (COAs 1, 3, 7-10, 12, 14-16).

Plaintiff's eight New York law claims are time-barred. For Plaintiff's causes of action, the statute of limitations begins to run upon injury. *See Tchatat v. City of New York*, No. 14-cv-2385, 2015 WL 5091197, at *14 (S.D.N.Y. Aug. 28, 2015). Plaintiff alleges assault, battery, false imprisonment, IIED, breach of contract, unjust enrichment, and intrusion upon seclusion.[1] The intentional tort claims each have a one-year statute of limitations. *See* N.Y. C.P.L.R. § 215(3); *Tchatat v. City of New York*, No. 14-cv-2385, 2015 WL 5091197, at *13 (S.D.N.Y. Aug. 28, 2015). The statute of limitations for the breach of contract and unjust enrichment claims, pled in the alternative, is six years. *Maya NY, LLC v. Hagler*, 106 A.D.3d 583, 585, 965 N.Y.S.2d 475, 477 (2013); *see Spirt v. Spirt*, 83 Misc. 3d 1210(A), 211 N.Y.S.3d 910 (N.Y. Sup. Ct. 2024) ("when a cause of action for unjust enrichment is based upon the same facts as . . . another cause of action, the unjust-enrichment claim is subject to the same statute of limitations as [that] cause of action") (citing *Bandler v. DeYonker*, 174 A.D.3d 461, 462 (1st Dep't 2019)). Plainly, even if the Complaint alleged actionable conduct in 2012 (it does not), all Plaintiff's New York claims are time-barred.

### B. Plaintiff's NY GMVL Claim is Time-Barred (COA 1).

Plaintiff's GMVL claim is time-barred. The GMVL carries a seven-year statute of limitations and Plaintiff's allegations are based on, at the latest, conduct from 2012. *See* N.Y.C. Admin. Code § 10-1105(a). Plaintiff tacitly acknowledges his GMVL claim is untimely but argues it is saved by the GMVL's two-year revival window. Compl. ¶ 79. But the GMVL's revival

---

[1] New York courts have "consistently refused to recognize a common law right of privacy, and hence there is no cause of action of intrusion upon seclusion under New York law." *In re GEICO Customer Data Breach Litig.*, No. 21-cv-2210, 2023 WL 4778646, at *17 (E.D.N.Y. July 21, 2023), *report and recommendation adopted*, 691 F. Supp. 3d 624 (E.D.N.Y. 2023) (dismissing intrusion upon seclusion claim with prejudice).

window, a New York City local law, is preempted by New York State law which provides a conflicting, "comprehensive and detailed regulatory scheme" under the New York Child Victims Act, C.P.L.R. § 214-g ("CVA"), and the Adult Survivors Act, C.P.L.R. § 214-j ("ASA") for the revival of previously time-barred sexual assault claims. *See Parker v. Alexander*, 2025 WL 268436, at *2–3 (S.D.N.Y. Jan. 22, 2025) (holding GMVL's revival window is preempted by the CVA and ASA); *Bellino v. Tallarico*, 2024 WL 1344075, at *1 (S.D.N.Y. Feb. 21, 2024) (same).

"Local laws may be . . . preempted by state law either because the legislature has occupied the relevant field of regulation," *i.e.*, field preemption, "or because the local law conflicts with state law," *i.e.*, conflict preemption. *Police Benevolent Ass'n of City of New York, Inc. v. City of New York,* 40 N.Y.3d 417, 423 (2023). As Judge Kaplan explained in *Parker v. Alexander*, No. 24-CV-4813 (LAK), 2025 WL 268436, at *5 (S.D.N.Y. Jan. 22, 2025), both doctrines apply here.[2]

    1.  <u>The CVA and ASA Occupy the Field of Revival of Sexual Offense Claims</u>

Implicit field preemption occurs when the state legislature has "enacted a comprehensive and detailed regulatory scheme in a particular area;" under such circumstances, the local government is "precluded from legislating on the same subject matter unless it has received 'clear and explicit' authority to the contrary." *DJL Rest. Corp. v. City of New York*, 96 N.Y.2d 91, 95 (2001) (citation omitted).

The CVA and ASA constitute a comprehensive scheme because they "apply to all civil claims by child and adult victims for personal injuries arising from conduct constituting sexual

---

[2]    The preemption question presented in this Motion is currently before the Second Circuit in two separate appeals, *Parker v. Alexander*, No. 25-487 (2d Cir.) and *Doe v. Black*, 25-564 (2d Cir.). Because the Court's decision on this issue will necessarily be affected by the Second Circuit's rulings on the *Parker* and *Black* appeals (which have been ordered to proceed in tandem, *see Parker v. Alexander*, No. 25-487 (2d Cir.) at ECF No. 19, Defendants respectfully submits that staying this case until those appeals have been decided would be an appropriate conservation of judicial resources. *See, e.g., Leslie v. Thompson Reuters Corp.*, No. 22 Civ. 07936 (JHR), 2023 WL 6173511, at *2 (S.D.N.Y. Sept. 22, 2023).

offenses" and do so "notwithstanding" any limitations period "to the contrary." *Parker*, 2025 WL 268436, at *2 (internal citations omitted). Further, the CVA and ASA are "detailed"; they "provide exact time frames during which claims may be brought." *Id.* Moreover, the timing of the ASA, which was passed four months *after* the 2022 Amendment was enacted, confirmed the legislature's intent to preempt local New York City law, as "the state easily could have carved the [GMVL] out of the ambit of the ASA" yet "opted not to do so." *Id.*, at *3.

## 2. The GMVL Revival Provision Conflicts with the CVA and ASA

"[C]onflict preemption occurs when a . . . state law prohibits what a local law explicitly allows." *Matter of Chwick v. Mulvey*, 81 A.D.3d 161, 168 (2d Dep't 2010). The CVA and ASA revived previously time-barred GMVL claims for a limiting period, prohibiting such claims from being brought after August 13, 2021 (for claims by alleged child victims) or after November 23, 2023 (for claims by alleged adult victims). CPLR §§ 214-g, 214-j.[3] The 2022 GMVL purported to permit the revival of all previously time-barred GMVL claims through February 28, 2025 (N.Y.C. Admin. § 10-1105(a)). On its face, the GMVL's revival amendment conflicts with the revival windows of the CVAs and the ASA, which are supposed to control "[n]otwithstanding any provision of law which imposes a period of limitation to the contrary." *Id.* (quoting CPLR § 214-j). Thus, the CVA and ASA preempt the GMVL's revival amendment, thereby warranting dismissal of Plaintiff's GMVL claim as untimely. *See Parker*, 2025 WL 268436, at *2–3; *Bellino,* 2024 WL 1344075 at *1.[4]

---

[3]    The CVA and the ASA apply to expired GMVL claims. *See, e.g.*, CPLR §§ 214-g, 214-j (applying to "every civil claim or cause of action . . . for . . . injury . . . suffered as a result of conduct which would constitute a sexual offense"); *S.A. v. Bell*, No. 950279/2021, 2023 WL 8653131, at *1 (Sup. Ct. N.Y. Cnty. Dec. 14, 2023).

[4]    Judge Jessica G. L. Clarke issued two decisions rejecting the argument that the CVA preempts the GMVL. *See Doe v. Black*, No. 23-CV-6418 (JGLC), 2024 WL 4335453, at *3-7

### C. Plaintiff's Federal and State Trafficking and Forced Labor Claims (COAs 3–6) Are Untimely.

Plaintiff's causes of action for forced labor and sex trafficking under Federal and state law should be dismissed as time-barred.

#### 1.   Forced Labor and Sex Trafficking Under Federal Law (COA Nos. 2 & 4)

The Complaint asserts two claims under the Trafficking Victims Protection Reauthorization Act ("TVPRA"), 18 U.S.C. § 1595 – the second cause of action for forced labor pursuant to 18 U.S.C. § 1589, and the fourth cause of action for sex trafficking pursuant to 18 U.S.C. § 1591.  *See* Compl ¶¶ 80-87, 93-100.  As relevant here, the "statute of limitations for civil claims under the TVPRA is ten years from the date the cause of action arises."  *Levin v. Sarah Lawrence Coll.*, 747 F. Supp. 3d 645, 669–70 (S.D.N.Y. 2024) (cleaned up) (citing 18 U.S.C. § 1595(c)). Plaintiff's TVPRA claims involved alleged conduct that occurred, at the latest, in 2012, meaning any TVPRA claim was time-barred by 2022.  *See* Compl. ¶¶ 62-63.

#### 2.   Trafficking Under State Law (COA Nos. 3 & 5)

Plaintiff's third and fifth causes of action assert nearly identical claims for human trafficking under New York's Social Services Law § 483-bb(c), and California Civil Code § 52.5. *See* Compl. ¶¶ 88–92, 101–109.  Under California law, the statute of limitations for Plaintiff's claim is "seven years [from] the date on which the trafficking victim was freed from the trafficking situation."  Cal. Civ. Code § 52.5.  Although Plaintiff's New York claim under § 483-bb(c) has a fifteen-year statute of limitations, it does not apply to this action because "the provision in § 483-bb that establishes a civil right of action only became effective on January 19, 2016" and is not

---

(S.D.N.Y. Sept. 27, 2024); *Doe v. Combs*, No. 23-CV-10628 (JGLC), 2024 WL 4987044, at *2 (S.D.N.Y. Dec. 5, 2024).  Neither of those decisions substantively addressed, as *Parker* did, how the GMVL's revival provision could be given effect when it is inconsistent with the CVA and ASA's revival provisions.

retroactive. *S.J. v. Choice Hotels Int'l, Inc.*, 473 F. Supp. 3d 147, 156 (E.D.N.Y. 2020). The alleged conduct underlying Plaintiff's human trafficking claims ended by 2012 at the latest, at least four years prior to January 19, 2016; accordingly, Plaintiff has no claim at all under § 483-bb(c) and COA 3 must be dismissed. *See id*.[5] Plaintiff's California trafficking claim expired by, at the latest, 2019, five years before Plaintiff filed the Complaint.[6]

Plaintiff attempts to invoke a duress tolling provision codified in the California trafficking statute, Cal Civ. Code §52.5(d)(4), and argues that all his claims, including claims under New York and federal law, should be tolled on that basis. *See* Compl. ¶¶ 106-07. In relevant part, the California trafficking statute tolls the statute of limitations for a trafficking claim and "all other related claims arising out of the trafficking situation" where the defendant "induc[ed] the plaintiff to delay the filing of the action" or where Plaintiff failed to timely file "due to threats made by the defendant causing the plaintiff duress." Cal Civ. Code §52.5(d)(3). Duress is a term of art in the context of §52.5(d)(3) with specific requirements that are not met here.

Because §52.5 provides a private right of action for criminal conduct codified in California Penal Code § 236.1, courts look to § 236.1 of the Penal Code, *see e.g.*, *S. S. v. Ali*, No. 3:23-cv-05074, 2024 WL 150728, at *7 (N.D. Cal. Jan. 11, 2024), which defines "duress" as "direct or implied threat of force, violence, danger, hardship, or retribution sufficient to cause a reasonable person to acquiesce in or perform an act which the person would otherwise not have submitted to

---

[5]    Any conduct purportedly giving rise to Plaintiff's New York human trafficking claim – to the extent actionable – would be subject to New York's default three-year statute of limitations for torts, which ran years ago. *See* N.Y. C.P.L.R. § 214(5).

[6]    Plaintiff argues pursuant to California Civil Code §52.5(d)(4) that because all of his claims "aris[e] out of the trafficking situation," they should all be governed by the statute of limitations for a human trafficking action under California law—seven years from the date on which the trafficking victim was freed from the trafficking situation. Cal. Civ. Code § 52.5.

or performed." Cal. Penal Code § 236.1(h)(4). California's criminal human trafficking provision provides examples of the kind of threats that amount to duress: "a direct or implied threat to destroy, conceal, remove, confiscate, or possess an actual or purported passport or immigration document of the victim; or knowingly destroying, concealing, removing, confiscating, or possessing an actual or purported passport or immigration document of the victim." *Id.* California law sets a high bar for a claim of duress in the context of human trafficking—mere fear of embarrassment or reputational damage, without more, does not come close to meeting it. *See e.g.*, *Yusuf v. Tija*, 2010 WL 4012145, at *4 (Cal. Ct. App. Oct. 14, 2010) (jury verdict supported by sufficient evidence of duress where trafficker possessed victim's passport, victim was "led to believe she would be deported because she did not have her passport and she was an illegal immigrant" and where trafficker deceived victim "into believing that she would be raped and her organs harvested if she tried to leave the house").

The factual allegations in the Complaint do not establish that any Defendant made threats amounting to "duress" as used in §52.5(d)(3). At most, Plaintiff alleges that sometime before 2012, Mr. Combs threatened to release one or more sensitive video recordings of him and made threats with vague language like "things aren't going to get better for you," which Plaintiff characterizes as "continuous death threats." Compl. ¶ 58, 87. But these alleged threats were not continuous and cannot reasonably be construed as "death threats." They are not "continuous" because Plaintiff alleges no conduct by anyone in the seven-year window when he could have brought his claim that prevented him from filing this action. And by their terms, they are not "death threats." *See* Compl. ¶ 55 ("I can change your life in a second and make you a millionaire overnight . . . but I have means and ways of taking care of things"); *Id.* ¶ 58 ("I can make you disappear" and "things aren't going to get better for you"); *Id.* ¶ 61 ("Combs used threats to exert

9

control, warning Plaintiff, "You're not loyal." "Who are you going to tell about all of this?" "Don't forget, I have tapes of you."). To the contrary, Plaintiff repeatedly states that he understood the alleged threats as threats to "withdraw [Combs's] promised support of Plaintiff's music career," *Id.* ¶ 56, and as threats to "release the videotapes of Plaintiff," *Id.* ¶ 58.

The Court should not accept Plaintiff's conclusory characterization of the alleged threats, particularly when that characterization is contradicted on its face by other allegations. First, courts need not accept conclusory allegations in a complaint as true. *See Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152 (2d Cir. 2002); *AJ Energy LLC v. Woori Bank*, No. 18-CV-3735 (JMF), 2019 WL 4688629, at *3 (S.D.N.Y. Sept. 26, 2019), *aff'd,* 829 F. App'x 533 (2d Cir. 2020) (court "is not required to credit conclusory allegations unsupported by facts, . . . or to suspend common sense in conducting its analysis"). Second, the alleged threats to release embarrassing recordings do not support the dramatic and conclusory incantation, repeated at the end of each cause of action, that they constitute "continuous death threats." *See e.g.*, Compl ¶ 87. Third, Plaintiff does not allege Mr. Combs ever threatened to harm him if he filed a lawsuit (or took other action) against Mr. Combs, but rather that Mr. Combs threatened to harm Plaintiff if he refused to comply with Mr. Combs' demands. Nor does the Complaint allege that Mr. Combs took any harmful actions toward Plaintiff after their relationship ended, even though Mr. Combs allegedly wanted to remain in contact with Plaintiff. In other words, even accepting the allegation that Mr. Combs made threats before 2012 that Plaintiff reasonably believed, by Plaintiff's own account, in the seven years that followed (when his California trafficking claim could have been timely brought), Mr. Combs never acted on whatever alleged threats he may have made. Plaintiff cannot credibly claim that whatever Mr. Combs allegedly threatened before 2012, which never came to fruition, amounted to an ongoing "threat of force, violence, danger, hardship, or retribution sufficient to cause a reasonable

10

person to acquiesce in or perform an act"—or here refrain from filing a lawsuit—"which the person would otherwise not have submitted to or performed." Cal. Penal Code § 236.1.

### D. Plaintiff's Foreign State Law Claims for Battery and IIED are Governed by New York's Statute of Limitations, Under Which They Are Untimely (COAs 6, 9, 11, 12).

Plaintiff's Nevada and California claims fare no better—those too are governed by New York's statute of limitations and are untimely. New York's borrowing statute calls for the application of New York's statutes of limitations and tolling rules to each of Plaintiff's state law claims brought under foreign laws. For state law claims based on supplemental jurisdiction, as is the case here, *see* Compl. ¶ 12, "a federal court sitting in New York must apply the New York choice-of-law rules and statutes of limitations." *Stuart v. Am. Cyanamid Co.*, 158 F.3d 622, 626 (2d Cir. 1998); *see also Wiwa v. Royal Dutch Petroleum Co.*, No. 96-cv- 8386, 2002 WL 319887, at *20 (S.D.N.Y. Feb. 28, 2002). "This . . . also requires federal courts to apply state rules that are an integral part of the statute of limitations, including tolling rules." *Wiwa*, 2002 WL 319887, at *20 (quoting *Walker v. Armco Steel Corp.*, 446 U.S. 740, 751 & n.12 (1980)).

New York federal courts generally "apply New York's statutes of limitations, even when the injury giving rise to the action occurred outside New York." *Stuart*, 158 F.3d at 627. The exception to this rule is where plaintiff is *not* a resident of New York *and* the foreign statute of limitations is *shorter* than New York's statute of limitations, in which case the shorter foreign period will be applied to prevent forum-shopping. *See id.* (citing the borrowing statute CPLR § 202).

Plaintiff is not a resident of New York, but as to Plaintiff's battery, IIED, and false imprisonment claims, the foreign statute of limitations is the same or *longer*[7] than the New York

---

[7]    The statute of limitations for a civil action based on false imprisonment is one year in both New York and California. *See* N.Y. C.P.L.R. § 215(3); *see* C.A. Civ. Code § 340(c).

statute of limitations, thus the New York statute of limitations must be applied. *Id.* Battery or sexual battery, which Plaintiff alleges under New York, California, and Nevada law, has a one-year statute of limitations in New York, C.P.L.R. § 215(3), a two-year statute of limitations in California, C.A. Civ. Code § 335.1, and, after a 2023 change in the law, Nevada has no statute of limitations for sexual battery, *see* Nevada SB129. Likewise, IIED, which Plaintiff brings under New York and California law, has a two-year statute of limitation in California, C.A. Civ. Code § 335.1, but only a one-year statute of limitation in New York, C.P.L.R. § 215(3)). Plaintiff chose to bring this action in New York and, pursuant to New York's borrowing statute, is bound by New York's shorter statute of limitations for his battery and IIED claims.

### E. The California Claims in the Complaint that are Governed by California's Shorter Statute of Limitations are Untimely (COAs 5, 13, 15-16).

Pursuant to New York's borrowing statute, several of Plaintiff's claims under California law are governed by California's statute of limitations because it is *shorter* than New York's statute of limitations, but the result is the same—those claims are also time-barred. *See* CPLR § 202. As discussed *supra*, Section C, Plaintiff's California's statute of limitations for human trafficking is seven years whereas New York's statute of limitations is fifteen years. Consequently, California's shorter, seven-year statute of limitations applies, under which Plaintiff's claims are time-barred. Under California law, Plaintiff's California contract and quasi-contract claims are governed by the statute of limitations from two to four years in length, depending on the particular circumstances. *See* Cal. Civ. Proc. Code § 339; *Fed. Deposit Ins. Corp. v. Dintino*, 167 Cal. App. 4th 333, 348, (2008). Because New York's statute of limitations for such claims is longer (six years), Plaintiff's California breach of contract claim is governed by California's statute of limitations, under which it is time-barred. Plaintiff's claim for invasion of privacy under California Civil Code § 1708.8(a) is subject to a two-year statute of limitations, *see Quan v. Smithkline Beecham Corp.,* 149 F. App'x

668, 670 (9th Cir. 2005), which is shorter than the three-year statute of limitations in New York for similar actions brought under either New York's Civil Rights Law § 52-b or §10-180 of the New York City Administrative Code.

**F.  No Tolling Doctrine Applies to Save the Time-Barred Claims.**

Implicitly conceding the statute of limitations has run on all his claims, Plaintiff attempts to invoke equitable tolling doctrines by repeating at the end of each cause of action the conclusory statement that Defendants should be estopped from "asserting the statute of limitations as a defense" because Mr. Combs' "continuous death threats and coercion prevented Plaintiff from [timely] asserting his rights."  *See e.g.*, Compl ¶ 124.  Because Plaintiff has not met his burden of establishing that the limitations period should be tolled for any reason, the Court should dismiss this action as time-barred.  *See Overall v. Est. of Klotz*, 52 F.3d 398, 404 (2d Cir. 1995).

Reading the Complaint in the light most favorable to Plaintiff, the Complaint potentially raises two different bases for equitable tolling under New York and federal law—duress and equitable estoppel.  *See id.* (applying New York statute of limitations and New York tolling provisions to action brought in New York based on alleged foreign conduct); *see gen.* C.P.L.R. § 202.  As explained *infra*, neither can succeed.

1.  Duress

Although New York and federal courts recognize "duress" as a potential basis for equitable tolling, the vague allegations in the Complaint do not amount to duress under New York law. Under New York law, duress must be "an element of the cause of action alleged" and requires "both threats or force by the defendant, and the submission of the plaintiff's free will to those threats.  Both elements must continue in order for a duress-based tort to persist as a 'continuous wrong.'"  *Overall*, 52 F.3d at 404. Duress cannot be invoked based on discrete instances of the defendant's conduct, but instead requires "a course of conduct involving threats or force that

continued without interruption" from the time of the alleged incident until the time the action was brought. *Geiss v. Weinstein Co. Holdings LLC*, 383 F. Supp. 3d 156, 175 (S.D.N.Y. 2019); *see Gilmore v. Combs et al.*, 24-cv-08440 (S.D.N.Y. May 16, 2025), ECF No. 43 (dismissing action as time-barred).

Plaintiff fails to establish either element. Notwithstanding Mr. Combs' alleged threads, Plaintiff has not established "the submission of [his] free will to those threats"—indeed, Plaintiff claims that Mr. Combs wanted to maintain their relationship and persistently contacted Plaintiff, but the relationship ended. Further, Plaintiff fails to establish a continuous wrong because he does not "specify any acts by the defendant[s] occurring subsequent to [the alleged injury]" to meet his burden of "demonstrating continuing duress such as would toll the limitations period." *Zoe G. v. Frederick F.G.*, 208 A.D.2d 675, 675 (2d Dep't 1994). In other cases where plaintiffs alleged repeated instances of sexual abuse and brought claims like those at issue here, the Second Circuit made clear that a plaintiff's ongoing fear and emotional distress from abuse that has ended does not constitute "duress" for tolling. *See Overall*, 52 F. 3d at 405-06. General psychological stress, like Plaintiff's alleged fear of future harassment or retaliation, based solely on the original alleged incidents in the Complaint, does not establish duress. *See Adams v. Jenkins*, No. 115745/03, 2005 WL 6584554 (Sup. Ct. N.Y. Cnty. Apr. 22, 2005) ("There is no basis for equitably tolling the running of the statute based on general claims of psychological stress, even when allegedly caused by defendant[.]"). With respect to Plaintiff's trafficking and forced labor claims, although Plaintiff alleges he continued to perform in stripping engagements and engage in sexual activity at Mr. Combs' request because he was under duress from threats by Mr. Combs, Plaintiff makes clear any alleged duress ended in 2012 when he ceased having any contact with Mr. Combs. *Overall*, 52 F.3d at 405.

2.  Equitable Estoppel

Under New York law, Equitable estoppel applies "when a defendant wrongfully induced the plaintiff to refrain from timely commencing an action by deception, concealment, threats or other misconduct."  *Roeder v. J.P. Morgan Chase & Co.*, 523 F. Supp. 3d 601, 616 (S.D.N.Y. 2021), *aff'd*, No. 21-552, 2022 WL 211702 (2d Cir. Jan. 25, 2022) (summary order) (cleaned up). It is an "extraordinary remedy" to be "invoked sparingly and only under exceptional circumstances" where the defendant's affirmative misconduct caused the delay between the accrual and the filing of plaintiff's claim.  Equitable estoppel is "strikingly similar to the federal principle" of equitable tolling, which governs Plaintiff's federal claims. *See Diaz v. City Univ. of N.Y.*, 2015 WL 13746673, at *6 (S.D.N.Y. Nov. 16, 2015).

A plaintiff who invokes equitable estoppel must allege not only affirmative wrongdoing by the defendant that prevented filing, but also "due diligence" in bringing plaintiff's action when the defendant's alleged wrongdoing "cease[d] to be operational." *Id.; see Simcuski v. Saeli*, 44 N.Y.2d 442 (1978).  As with duress, Plaintiff must establish that "specific actions by defendants" subsequent to the tortious conduct for which Plaintiff sues "somehow kept [plaintiff] from timely bringing suit." *Geiss*, 383 F. Supp. 3d at 172.  Further, Defendant's subsequent actions must "entail affirmative steps to prevent a plaintiff from bringing a claim." *Id.* (internal quotation omitted).

Plaintiff does not and cannot point to any act, affirmative or otherwise, by Mr. Combs after 2012 that prevented Plaintiff from filing suit.  And even Plaintiff does not allege that Mr. Combs made any threats designed to prevent Plaintiff from filing suit.  At most, Plaintiff alleges that Mr. Combs on several occasions before 2012 threatened to reveal a sensitive recording of Plaintiff in order to persuade Plaintiff to comply with a request.

Even taking as true Plaintiff's conclusory allegation of "continuous death threats," equitable estoppel cannot ordinarily be based on a plaintiff's fear of retaliation without more. *See*

*Davis v. Jackson*, No. 15-cv-5359, 2016 WL 5720811, at *11 (S.D.N.Y. Sept. 30, 2016) (finding duress where incarcerated plaintiff feared retaliation from corrections officers, who had already retaliated against him before he filed complaint).  As the Court explained in *Gilmore*, only one court in this District has "recognized the fear of retaliation as a basis for equitable tolling" and "that holding was based upon the reasoning that correction officers exert 'substantial control' over an inmate's daily life and so 'the specter of retaliation, a real and ever-present force in an inmate's life, can reasonably be said to be outside of an inmate-plaintiff's control."  *Gilmore*, 24-cv-08440 (S.D.N.Y. May 16, 2025) ECF No. 43 at 6-7.  Nothing about the nature of Mr. Combs' alleged relationship to Plaintiff, which Plaintiff contends ended in 2012, mirrors an inmate's relationship with his jailer.

## II. THE COMPLAINT FAILS TO STATE A CLAIM AGAINST THE COMBS ENTITIES.

Even if Plaintiff's claims were not time-barred (they are), Plaintiff has not alleged any facts that could support holding the Combs Entities liable for Mr. Combs' alleged commission of intentional torts.  Moreover, all of Plaintiff's claims against the Combs Entities rest on vague, group pleadings, which violates Rule 8(a)(2)'s notice pleading standard.  *See, e.g.*, *Collins v. Pearson Educ., Inc.*, 721 F. Supp. 3d 274, 284 (S.D.N.Y. 2024) (Rule 8 "requires factual allegations that are sufficient to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'") (citation omitted); *Atuahene v. City of Hartford*, 10 F. App'x 33, 34 (2d Cir. 2001).

Plaintiff brings his first four causes of action against all the Combs Entities, which he collectively characterizes as the "Bad Boy Defendants."  Compl. ¶ 11.  But Plaintiff ignores that the alleged members of the Bad Boy Defendants do different things, may not have existed or been operationally active at all relevant times and, are not all "owned" and controlled by Combs.  As an initial matter, the failure to distinguish between any of the Combs Entities alone warrants dismissal

of the claims against them. When a complaint "names multiple defendants, that complaint must provide a plausible factual basis to distinguish the conduct of each of the defendants." *Ochre LLC v. Rockwell Architecture Planning & Design*, *P.C.*, No. 12-cv-2837, 2012 WL 6082387, at *6 (S.D.N.Y. Dec. 3, 2012). A complaint may not simply "lump[ ] all the defendants together in each claim and provid[e] no factual basis to distinguish their conduct." *Atuahene v. City of Hartford*, 10 F. App'x 33, 34 (2d Cir. 2001); *accord Nesbeth v. N.Y.C. Mgmt. LLC*, No. 17-cv-8650, 2019 WL 110953, at *3 (S.D.N.Y. Jan. 4, 2019). Accordingly, where, as here, "not a single allegation specifies which defendant engaged in what misconduct," dismissal for impermissible group pleading is warranted. *Bardwil Indus. Inc. v. Kennedy*, No. 19-cv-8211, 2020 WL 2748248, at *3 (S.D.N.Y. May 27, 2020).

Plaintiff's conclusory allegations would be insufficient even if they had been properly individualized by defendant, because Plaintiff does not and cannot plausibly allege any basis for vicarious liability. Under both New York and California law, an employer may only be held responsible for the acts of its employees committed "within the scope of employment." *N.X. v. Cabrini Med. Ctr.*, 97 N.Y.2d 247, 251 (2002); *Lisa M. v. Henry Mayo Newhall Mem'l Hosp.*, 12 Cal. 4th 291, 296-97 (1995) ("an employer is vicariously liable for the torts of its employees committed within the scope of the employment . . . the employer will not be held liable for an assault or other intentional tort that did not have a causal nexus to the employee's work ").[8]

Under New York law, sexual misconduct "arise[s] from personal motives and do[es] not further an employer's business." *Swarna v. Al-Awadi*, 622 F.3d 123, 144-45 (2d Cir. 2010);

---

[8] Regardless of whether New York or California law governs the merits of Plaintiff's assault claim against the Combs Entities, the Court may apply New York law because there is no conflict between them. *Licci ex rel. Licci v. Lebanese Canadian Bank, SAL*, 672 F.3d 155, 157 (2d Cir. 2012).

Therefore, "sexual misconduct is necessarily outside the scope of employment." *Doe v. New York City Dep't of Educ.*, No. 21-cv-4332, 2023 WL 2574741, at *5 (E.D.N.Y. Mar. 20, 2023); *Doe v. Alsaud*, 12 F. Supp. 3d 674, 677-78 (S.D.N.Y. 2014) (dismissing respondeat superior claim against employer and noting that "[n]o decision in New York has been cited to date in which the doctrine of respondeat superior was held to apply to sexual assault"); *Adorno v. Corr. Servs. Corp.*, 312 F. Supp. 2d 505, 517 (S.D.N.Y. 2004) (company defendant's alleged "notice of [employee's] propensity to commit sexual acts" from prior complaints was irrelevant to vicarious liability).

Similarly, under California law, "a sexual tort will not be considered engendered by the employment unless its motivating emotions were fairly attributable to work-related events or conditions." *Lisa M.*, 12 Cal. 4th at 301 (hospital not vicariously liable for alleged sexual assault by medical technician during patient examination); *see also Juarez v. Boy Scouts of Am.*, 81 Cal. 4th 377, 394 (2000) (courts "have consistently held that under the doctrine of respondeat superior, sexual misconduct falls outside the course and scope of employment and should not be imputed to the employer").

No allegations even arguably place Mr. Combs' alleged assault within the scope of his employment by the Combs Entities. Plaintiff does not allege that the Combs Entities had anything to do with organizing or overseeing the encounters between Mr. Combs and Plaintiff at which the alleged assaults occurred. Nor does Plaintiff allege that he was an employee of, or ever had any interactions or business with any of the Combs Entities. And Plaintiff does not and cannot allege, as he must, that sexual assault, or the other intentional tortious conduct alleged in the Complaint, bears any conceivable connection to the business of any of the Combs Entities. *See Lisa M.*, 12 Cal. 4th at 299; *Farmers Ins. Grp. v. Cnty. of Santa Clara*, 11 Cal. 4th 992, 1003 (1995).

Furthermore, Plaintiff's assertions against the Combs Entities include claims against Bad Boy Entertainment LLC, a company that did not exist at the time it is alleged to have enabled wrongdoing (between 2007 and 2012).  Declaration of Michael Tremonte dated May 19, 2025 ("Tremonte Decl.") ¶ 3 and Ex. A thereto.  Bad Boy Entertainment LLC was formed in 2014, two years after the last contact Plaintiff alleges with Mr. Combs.  *See id.*  Because the company did not even exist at the time of the alleged occurrence, there can be no claim against it.  *See In re Tronox Inc.*, 549 B.R. 21, 47-48 (Bankr. S.D.N.Y. 2016) ("no conceivable basis" for liability against company relating to "assault, battery, negligence, trespass, nuisance and other similar claims" when the conduct allegedly "occurred at least five years before [company] came into existence"); *see also Noto v. Cia Secula di Armanento*, 310 F. Supp. 639, 643 n.7 (S.D.N.Y. 1970) (same); *Merrell-Benco Agency, LLC v. HSBC Bank USA*, 20 A.D.3d 605, 609 (3rd Dep't 2005) (parent company held not liable for action committed prior to its formation).

## III. EVEN IF PLAINTIFF'S CLAIMS WERE TIMELY, AND THEY ARE NOT, PLAINTIFF FAILS TO STATE MANY OF HIS CLAIMS.

### A. The Complaint Fails to State a GVML Violation Against any Defendant (COA No. 1).

#### 1. The GMVL Claim Must Be Dismissed as to the Combs Entities Because, at the Relevant Time, the GMVL Did Not Apply to Them and the 2022 Amendment Expanding Liability is Not Retroactive

Prior to the 2022 Amendment, the GMVL provided a cause of action against only "an *individual* who commits a crime of violence motivated by gender." N.Y.C. Admin. Code § 10-1104 (2000) (*previously codified at* § 8-904) (the "2000 GMVL") (emphases added).  Courts have consistently held that the 2000 GMVL provides only for individual liability.  *See Doe v. Combs*, No. 23-CV-10628 (JGLC), 2024 WL 4987044, at *2 (S.D.N.Y. Dec. 5, 2024) ("Corporate Defendants, as corporations, would not be liable under the terms of the 2000 [GMVL]."); *Gottwald v. Sebert*, 2016 WL 1365969, at *9 (Sup. Ct. N.Y. Cnty. Apr. 06, 2016) (same).  The 2022

Amendment expanded the scope of liability to also include any "party" who "directs, enables, participates in, or conspires in" such a crime. N.Y.C. Admin. Code § 10-1104.

While the 2022 Amendment expanded the reach of the statute, it did not do so retroactively. Statutory amendments like the 2022 Amendment "are presumed to have [only] prospective application unless the [l]egislature's preference for retroactivity is explicitly stated or clearly indicated[.]" *In re Gleason (Michael Vee, Ltd.)*, 96 N.Y.2d 117, 122 (2001) (cleaned up). The "language of the 2022 [Amendment] does not mention . . . retroactivity." *Combs*, 2024 WL 4987044, at *3.

Every court to consider whether the 2022 Amendment applies retroactively to entities has uniformly held that it does *not*. *See Bensky v Indyke,* 743 F. Supp. 3d 586, 599–600 (S.D.N.Y. 2024) (2022 Amendment did not retroactively apply to parties who allegedly enabled a crime); *Combs*, 2024 WL 4987044, at *3 (2022 Amendment did not apply retroactively to corporate entities alleged to have enabled alleged 2003 assaults).[9]

2. <u>No Gender Motivated Crime of Violence against Plaintiff in New York</u>

To state a GMVL claim, a Plaintiff must plausibly allege: (1) an "act [that] constitutes a misdemeanor or felony *against the plaintiff*; (2) presenting a serious risk of physical injury; (3) that was perpetrated because of plaintiff's gender; (4) in part because of animus against plaintiff's gender; and (5) resulted in injury." *Hughes v. Twenty-First Century Fox, Inc.*, 304 F. Supp. 3d 429, 455 (S.D.N.Y. 2018) (emphasis added). Additionally, the GMVL only applies to alleged acts of violence occurring within New York City. *See* N.Y.C. Admin. Code § 2-201 (declaring that the

---

[9]    This question is presently pending before the New York State Appellate Division in *Stein et al. v. The Rockefeller University Hospital*, 2024-03637 (2023). While the Court should, consistent with every court to address this issue, dismiss the GMVL claim as to the Combs Entities, Defendants respectfully submit that staying the action pending resolution of that appeal would be an appropriate conservation of judicial resources.

"jurisdictions and powers" of New York City are limited to the five boroughs); *Beverley v. 1115 Health & Benefits Fund*, 420 F. Supp. 2d 47, 56 (E.D.N.Y. 2005) (same).

Here, the Complaint fails to allege essential elements of a GMVL claim. First, the Complaint contains no factual allegations whatsoever concerning gender animus or gender-motivated violence. But gender-motivated conduct and gender animus are the elements that set a GMVL claim apart from a run-of-the-mill claim for assault or battery; they are at the core of the GMVL and must be specifically alleged. *See e.g.*, *Adams v. Jenkins*, No. 115745/03, 2005 WL 6584554 at *3 (N.Y. Sup. Ct. Apr. 22, 2005) (dismissing GMVL claim based on female plaintiff's allegations of assaults by male romantic partner where, among other things, plaintiff failed to alleged "assault was motivated by gender bias"). That is why courts have warned that a plaintiff generally must present "extrinsic evidence of the defendant's expressed hatred toward women as a group" or allege specific "actions and statements by the perpetrator during the commission of the alleged crime of violence." *Breest v. Haggis*, 180 A.D.3d 83, 92-93 (N.Y. 1st Dep't 2019). Second, the Complaint fails to plead any actionable conduct in New York City. The Complaint generally alleges that Plaintiff met Mr. Combs in numerous cities, including New York City. Compl. ¶ 28. Then, nearly fifty paragraphs later, having not once alleged any conduct in New York City, the Complaint simply recites the elements of a GMVL claim and states "[t]he above-described conduct of Combs occurring in New York City.". *See e.g.*, *Doe v. Telemundo Network Grp. LLC,* No. 22-cv-7665, 2023 WL 6259390, at *12 (S.D.N.Y. Sept. 26, 2023) (dismissing because GMVL claimed lacked connection to New York City).

### 3.  Plaintiff Fails to State a GMVL Claim Against Alleged Enabling Parties

Even if the 2022 GMVL Amendment were applicable, to hold a *third party* such as the Combs' Entities liable for the GMVL violation of another, Plaintiff must show that such party directed, enabled, participated, or conspired to commit that GMVL violation. *Bensky v Indyke,*

743 F. Supp. 3d 586, 600 (S.D.N.Y. 2024). The Complaint does not plead any facts showing how the Combs Entities purportedly directed, participated, or conspired to commit a *crime of violence* against Plaintiff, as is required. *See* N.Y.C. Admin. Code § 10-1104; *Delgado v. Donald J. Trump for President, Inc.,* No. 952333/2023, Dkt. No. 127 at 4 (Sup. Ct. N.Y. Cnty. Jan. 30, 2025) (granting motion to dismiss GMVL claim against entity defendant because "a simple conclusory statement that [the entity] so enabled" purported misconduct was insufficient"); *O'Rear v. Diaz et. al.*, No. 24-cv-1669, 2025 WL 283169, at *9 (S.D.N.Y. Jan. 23, 2025) (same); *see also Barlow v. Skroupa,* 76 Misc. 3d 587, 591 (Sup. Ct. N.Y. Cnty. 2022) (same).

### B. Plaintiff Fails to State Claims for Forced Labor and Sex Trafficking (COA Nos. 2-5)

Plaintiff's claims for forced labor and sex trafficking under federal and state law all require that Plaintiff allege he was compelled to provide labor or engage in sexual activity to avoid incurring a threatened serious harm. But, as discussed *supra*, Section IC, the vague alleged threats concerning releasing a sensitive video recording of Plaintiff are insufficient to state a forced labor or trafficking claim.

Under Section 1589, a plaintiff may bring a civil cause of action against "[w]hoever knowingly provides or obtains the labor or services of a person by any one of, or by any combination of" several enumerated means, including threats of serious harm. 18 U.S.C. § 1589(a). A plaintiff may also bring an action against an alleged participating party on the theory that it participated in a labor trafficking venture, knowingly benefited, financially or by receiving anything of value, from its participation in that venture, and knew or should have known that the venture engaged in labor trafficking. *See* 18 U.S.C § 1589(b); *Levin v. Sarah Lawrence Coll.*, 747 F. Supp. 3d 645, 679 (S.D.N.Y. 2024). Likewise, under 18 U.S.C § 1591, a plaintiff may bring an action against an alleged perpetrator of or participant in sex trafficking effectuated by "means of

force, threats of force, fraud" or "coercion" meaning threats of "serious harm"—harm that is "sufficiently serious, under all the surrounding circumstances, to compel a reasonable person . . . to perform or to continue performing commercial sexual activity in order to avoid incurring that harm." 18 U.S.C § 1591(e)(5). Plaintiff's related causes of action under New York Social Services Law § 483bb(c) and California's human trafficking law, California Civil Code § 52.5 require a plaintiff to plead that: (1) the defendant *intended* to (2) cause the plaintiff to engage in labor (3) through acts or threats of acts physical injury. N.Y. Penal Law § 135.35(3)(a), (c); Cal. Penal Code § 236.1(a), (h)(5).

Regarding Combs, Plaintiff fails to demonstrate that he obtained Plaintiff's labor, services, or participation in sexual activity through "threats of serious harm." As discussed *supra* Section I.C, the alleged threats in the Complaint are insufficient to state a trafficking claim under federal or state law. *Compare* 18 U.S.C § 1589(a)(2) (defining serious harm as harm "sufficiently serious, under all the surrounding circumstances, to compel a reasonable person of the same background and in the same circumstances to perform or to continue performing labor or services in order to avoid incurring that harm") *with* Cal. Penal Code § 236.1(h)(4) (including in definition of duress a threat of "retribution sufficient to cause a reasonable person to acquiesce in or perform an act which the person would otherwise not have submitted to or performed"); *see* Section IC.

Plaintiff's claim against the Combs Entities as participants in forced labor and sex trafficking must also be dismissed, including because there are no facts to support that the Combs Entities knew about the alleged trafficking or that they received any benefit from participating in the venture. *See* 18 U.S.C. §§ 1589(a)–(b); *Bistline v. Parker*, 918 F.3d 849, 871 (10th Cir. 2019) ("We will first address whether plaintiffs have pled facts sufficient to support a claim against a

primary offender, because this is a necessary element for [participant] liability."); *see also Levin v. Sarah Lawrence Coll.*, 747 F. Supp. 3d 645, 679 (S.D.N.Y. 2024).

### C. Plaintiff Fails to State Claims for Breach of Contract, Quantum Meruit and Unjust Enrichment (COA Nos. 15 & 16).

Plaintiff's claims for breach of contract, quantum meruit and unjust enrichment are based on the same set of factual allegations: Plaintiff informed Mr. Combs that he "charged a set hourly rate for his stripping engagements" and that "Combs consistently underpaid Plaintiff." Compl. ¶ 50. According to the Complaint, in response to Plaintiff's comments about payments, Mr. Combs made comments "such as 'aren't we friends now?'" *Id.* ¶ 50. These factual allegations do not come close to establishing an essential element of a contract—a meeting of the minds or mutual assent. *See e.g.*, *Kaplan Grp. Invs. LLC v. A.S.A.P. Logistics Ltd.*, 694 F. Supp. 3d 374, 389 (S.D.N.Y. 2023) (Formation of a contract requires "a meeting of the minds of the parties, and, if there is no meeting of the minds on all essential terms, there is no contract") (internal quotation omitted). Though Plaintiff's claims for unjust enrichment and quantum meruit do not require the existence of a contract, they fail because Plaintiff omits necessary factual allegations including the benefit Plaintiff allegedly conferred on Mr. Combs or the manner in which Mr. Combs was "enriched at the Plaintiff's expense," *Cooper v. Anheuser-Busch, LLC*, 553 F. Supp. 3d 83, 115 (S.D.N.Y. 2021). Further, to the extent Plaintiff seeks compensation for sexual activity, which he describes as an integral part of the "stripping engagements" for which was allegedly underpaid, Compl. ¶ 50, Plaintiff cannot invoke restitution, an equitable remedy, to ratify an unlawful agreement—sex for money.

### CONCLUSION

For all the reasons set forth above and those set forth by Defendant Bad Boy Records in their motion to dismiss (ECF No. 38), in which the Combs Entities join, Defendants respectfully

request that the Court dismiss the Complaint in its entirety with prejudice and grant such other

and further relief as the Court deems proper and just.

Dated: May 19, 2025
      New York, New York

                            Respectfully submitted,

                            SHER TREMONTE LLP

By:     */s/ Michael Tremonte*
                            Michael Tremonte
                            Erica A. Wolff
                            Raphael A. Friedman
                            Alexandra Conlon
                            90 Broad Street, 23rd Floor
                            New York, NY 10004
                            (212) 202-2600
                            mtremonte@shertremonte.com
                            ewolff@shertremonte.com
                            rfriedman@shertremonte.com
                            aconlon@shertremonte.com
                            *Attorneys for Combs Defendants*

25

## <u>CERTIFICATION OF COMPLIANCE</u>

The undersigned counsel of record for the Combs Defendants certifies that the foregoing brief complies with the 8,750-word limit set forth in Rule 7.1(c) of the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York. The foregoing brief contains 8,185 words, excluding those portions of the brief excluded from the count by Rule 7.1(c), according to the Word Count feature on Microsoft Word.

Dated: May 19, 2025
      New York, New York

                                                */s/ Michael Tremonte*

                                                  Michael Tremonte