UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JOHN DOE,<br><br>      Plaintiff,<br><br>  v.<br><br>SEAN COMBS, BAD BOY ENTERTAINMENT LLC, BAD BOY RECORDS LLC, BAD BOY ENTERTAINMENT HOLDINGS INC., BAD BOY PRODUCTIONS HOLDINGS INC., BAD BOY BOOKS HOLDINGS INC., DOE CORPORATIONS 1-10, AND DOE DEFENDANTS 11-20,<br><br>      Defendants. | CASE NO. 1:25-CV-00996-JLR |

**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF PLAINTIFF'S MOTION TO PROCEED ANONYMOUSLY**

THE BLOOM FIRM
26565 Agoura Road, Suite 200
Calabasas, CA 91302

*Attorneys for Plaintiff John Doe*

# TABLE OF CONTENTS

**TABLE OF AUTHORITIES** ................................................................................................ ii

**PRELIMINARY STATEMENT**……………………………………………… .................1

**LEGAL ARGUMENT** ..........................................................................................................3

      I.      Anonymity is Necessary to Prevent Plaintiff from Experiencing Further Trauma .3

      II.     Plaintiff Has Preserved Anonymity Throughout This Proceeding ..........................3

      III.    Plaintiff's Fear of Retaliation Is Credible and Well-Supported..............................6

**CONCLUSION** ....................................................................................................................7

# TABLE OF AUTHORITIES

**CASES**

Jane Doe v. Sean Combs, et al.,
   No. 1:24-cv-09852-JLR, ECF No.44, at 9 (S.D.N.Y. Mar. 27, 2025)..........................................5

Manufacturers & Traders Tr. Co. v. Servotronics, Inc.,
   132 A.D.2d 392, 393, 522 N.Y.S.2d 999 (4th Dep't 1987) ..........................................................5

New York Times Newspaper Div. of N.Y. Times Co. v. Lehrer McGovern Bovis, Inc.,
   300 A.D.2d 169, 172, 752 N.Y.S. 2d 642 (1st Dep't 2002)..........................................................5

Rapp v. Fowler,
   537 F. Supp. 3d 521, 528 (S.D.N.Y. 2021)...................................................................................5

Sealed Plaintiff v. Sealed Defendant,
   537 F.3d 185 (2d Cir. 2008)......................................................................................................3,5

**STATUTES**

N.Y. C.P.L.R. §4548 (McKinney 2025).......................................................................................5

Plaintiff JOHN DOE ("Plaintiff"), by and through his attorneys, The Bloom Firm, hereby files this Reply Memorandum of Law in Further Support of Plaintiff's Motion to Proceed Anonymously ("Motion") pursuant to Federal Rule of Civil Procedure ("FRCP") 10(a).

## **PRELIMINARY STATEMENT**

Defendants' opposition overlooks the extraordinary and deeply disturbing circumstances that make Plaintiff's anonymity not only proper but critical in this case. Plaintiff faces an ongoing and credible risk of retaliation—underscored by recent testimony in Sean Combs' criminal trial detailing a pattern of coercive control, violent outbursts, and repeated threats of death or serious bodily harm. Such testimony included that of former Combs' assistant Capricorn Clark, who testified that Combs kidnapped her at gunpoint to confront rapper Scott Mescudi, also known as Kid Cudi, declaring, "We're going to kill this n—". Additionally, Clark recounted Combs threatening to kill her and threatening to kill both Mescudi and Combs' girlfriend, Casandra Ventura.[1] This testimony aligned with the government's superseding indictment alleging that Combs engaged in a persistent and pervasive pattern of abuse, including threats of violence and coercion, to control and intimidate individuals within his sphere. See *United States v. Combs*, No. 24-cr-00219 (S.D.N.Y. Superseding Indictment, filed Mar. 5, 2025) (hereinafter "Combs Superseding Indictment").

Moreover, the enduring risk that Combs may act on his threats is supported by the recent powerful trial testimony by Ms. Ventura as well as the testimony of Combs' former personal assistants David James and George Kaplan who all revealed the extent of Combs' depravity and the vast network of associates willing to act on his behalf. Ms. Ventura recounted an incident in

---

[1] Rolling Stone, *Capricorn Clark Testifies at Sean 'Diddy' Combs' Trial*, (May 27, 2025), https://www.rollingstone.com/music/music-news/sean-diddy-combs-trial-capricorn-clark-testify-1235347523/

1

which Combs viciously physically assaulted her in full view of multiple staff members. During the assault, Ms. Ventura screamed, "Isn't anyone seeing this!" yet all of Combs' employees averted their eyes.[2] Mr. James and Mr. Kaplan testified about Mr. Combs' expectation that they be complicit in his criminal activities and they testified about their fear of reprisal if they hesitated or refused.[3] Their accounts underscore the credible nature of Plaintiff's fears of harm from Combs' associates who continue to remain loyal to him. Accordingly, Plaintiff's need for anonymity is not just compelling, but imperative.

Defendants assert several unsupported arguments in their Opposition. First, they baselessly argue that Plaintiff must submit documentation from a mental health provider to demonstrate emotional harm. Yet the potential harm to Plaintiff, who was repeatedly sexually abused by Combs, is self-evident. Second, Defendants argue, without support, that limited and narrow public comments by Plaintiff's attorney undermine the need for anonymity. Defendants failed to note that the comments consistently referred to Plaintiff as a John Doe and were strictly limited to the details asserted in Plaintiff's complaint. Third, Defendants incorrectly claim that Plaintiff has not alleged being a target of the type of conduct described in the indictment, or that there is no evidence of any threats or contact in the past decade. On the contrary, the conduct outlined in the superseding indictment closely mirrors the allegations in Plaintiff's complaint—coercion, intimidation, manipulation, and the use of proxies to silence and control victims. The

---

[2] New York Post, *Jurors at bombshell Diddy trial learn disgusting way he likes his burgers as ex-employees testify* (May 22, 2025), https://nypost.com/2025/05/22/us-news/jurors-at-bombshell-diddy-trial-learn-disgusting-way-he-likes-his-burgers-as-ex-employees-testify/

[3] ABC 7 Eyewitness News, *Combs former assistant further testifies about working for him*, (May 20, 2025) https://abc7.com/live-updates/diddy-trial-live-updates-sean-combs-sex-trafficking-case-nyc/16462672/entry/16483415/; MSN, *Who is George Kaplan? Diddy's ex-assistant says he cleaned his hotel rooms*, (May 21, 2025), https://www.msn.com/en-us/crime/general/who-is-george-kaplan-diddy-s-ex-assistant-says-he-cleaned-his-hotel-rooms/ar-AA1Fcc5j?ocid=BingNewsSerp

striking parallels between the criminal allegations and Plaintiff's civil claims underscore the credibility of Plaintiff's fears and strongly support the need for him to remain anonymous.

## LEGAL ARGUMENT

### I. Anonymity is Necessary to Prevent Plaintiff from Experiencing Further Trauma

Though Defendants assert that Plaintiff has failed to submit "medical documentation" or other "evidence of the severity or [the] likelihood of . . . mental harm" that would result from the disclosure of his identity. (Opposition at 3), there is no legal requirement that a plaintiff is required to submit medical records or therapist declarations to support a request to proceed anonymously. *Sealed Plaintiff v. Sealed Defendant,* 537 F.3d 185 (2d Cir. 2008). Defendants inaccurately claim that "Plaintiff has not provided any particularized evidence . . . to establish that the disclosure of his identity would result in physical or mental harm to himself or third parties." (Opposition at 2.) Plaintiff's Complaint sets forth particularized allegations that Plaintiff was raped, drugged, and threatened with death by a wealthy and powerful music mogul who has repeatedly demonstrated his capacity for violent retribution through a network of powerful associates (Complaint, ¶ 55, 56, 58, 61) – conduct that is presently being corroborated by powerful and harrowing testimony in Combs' pending criminal trial. (*United States v. Combs,* 24-cr-542 (AS).

Up until this point, Plaintiff has been able to protect himself from harm by remaining anonymous in this lawsuit. Far from speculative, Plaintiff's fears of harm are grounded in both lived experience and a demonstrable pattern of retaliatory behavior by Combs. Accordingly, anonymity is necessary to protect Plaintiff's safety.

### II. Plaintiff Has Preserved Anonymity Throughout This Proceeding

Defendants argue that The Bloom Firm, through its attorney Lisa Bloom, has been "decidedly vocal" about its representation of Plaintiff and another individual in related litigation against Defendants, suggesting that this undermines Plaintiff's request to proceed anonymously.

3

(Opposition at 5.) Yet the articles and videos cited by Defendants show only that Ms. Bloom has acknowledged that she represents an anonymous plaintiff—nothing more. Ms. Bloom has not revealed identifying details or disclosed any confidential information – nor do Defendants claim that she has.

Defendants reference a BBC Newsnight interview where Ms. Bloom simply discussed the broader challenges faced by male sexual assault survivors, stating that men often face unique shame and stigma when coming forward.[4] In another video, a reporter introduces Ms. Bloom as representing "two civil Diddy accusers," and Ms. Bloom merely nods. She then discusses jury selection and her representation of another client who is a government witness in *United States v. Combs*. Plaintiff's identity is not revealed nor discussed in any manner.[5]

Likewise, in a *Newsweek* article, Ms. Bloom made the following general comment: "As I have been representing sexual harassment and assault victims for decades, many people reach out to me for representation. My team and I thoroughly vet their cases, and we accept those we believe are meritorious. That's what happened with the two brave accusers we currently represent against Sean Combs."[6] Nowhere in this article or in any of the cited materials does Ms. Bloom disclose Plaintiff's name, identifying details, or confidential facts. Finally, Defendants point to a May 1, 2025 Instagram post which merely reiterates that Ms. Bloom represents "two Diddy accusers."[7] The post does not even remotely approach revealing Plaintiff's identity.

In a recent order in another civil case involving Combs, this Court observed that the seventh factor listed in *Sealed Plaintiff* – whether the plaintiff's identity has thus far been kept

---

[4] BBC Newsnight, *Lawyer of alleged male 'Diddy' victim speaks to Newsnight* (May 7, 2025), https://youtu.be/wKKPhOU9CQo?si=IJQTkAQttvRwmDj3

[5] NewsNation, *Diddy on trial: Attorney gives NewsNation a look into jury selection*, YOUTUBE (May 5, 2025), https://www.youtube.com/watch?v=QG18YXSuVDw

[6] Newsweek, *Who Is Lisa Bloom? Attorney Repping Diddy Accusers*, (Feb 04, 2025 at 6:51 PM EST), https://www.newsweek.com/who-lisa-bloom-attorney-repping-diddy-accusers-2026212.

[7] https://www.instagram.com/p/DJHdj0SpEzc/?img_index=1&igsh=NTc4MTIwNjQ2YQ%3D%3D

4

confidential *(Sealed Plaintiff,* 537 F.3d at 190) – weighs in favor of anonymity "because there is no evidence before the Court that the plaintiff has spoken publicly about the incident." *Jane Doe v. Sean Combs et al.*, No. 1:24-cv-09852-JLR, ECF No. 44, at 9 (S.D.N.Y. Mar. 27, 2025) (internal citation omitted); *see also Rapp v. Fowler*, 537 F. Supp. 3d 521, 528 (S.D.N.Y. 2021) (noting that the seventh *Sealed Plaintiff* factor focuses on whether the plaintiff—not their counsel—publicly disclosed details of the incident). Here, as in *Jane Doe*, there is no evidence that Plaintiff himself has spoken publicly about the underlying events. Counsel's confirmation that she represents a "John Doe" – absent any disclosure of confidential facts – is categorically distinct and does not weigh against anonymity. As such, Defendants' references to generalized public commentary do not support denial of anonymity and certainly do not outweigh the serious risks to Plaintiff if he were compelled to proceed under his real name.

Defendants also assert that Plaintiff forfeited his privacy because his real name briefly appeared on the docket due to a clerical error. This argument is unavailing. The docketing error was inadvertently committed by a paralegal, was corrected within minutes, and did not result in widespread public dissemination. In the privilege context, New York courts have found no waiver where the disclosing party intended to maintain confidentiality, took reasonable steps to prevent disclosure, promptly remedied the mistake, and no undue prejudice would result. *See New York Times Newspaper Div. of N.Y. Times Co. v. Lehrer McGovern Bovis, Inc.*, 300 A.D.2d 169, 172, 752 N.Y.S.2d 642 (1st Dep't 2002); *Manufacturers & Traders Tr. Co. v. Servotronics, Inc.*, 132 A.D.2d 392, 393, 522 N.Y.S.2d 999 (4th Dep't 1987) (finding that brief, inadvertent disclosures do not waive confidentiality protections). Even if confidentiality cannot be fully restored, the harm can be mitigated where the disclosure is limited and immediate corrective action is taken. *See Manufacturers & Traders*, 132 A.D.2d at 398; *See* N.Y. C.P.L.R. § 4548 (McKinney 2025).

The inadvertent, brief, and promptly-rectified appearance of Plaintiff's name on the docket was clearly not intended to constitute a waiver in any manner and is not material to the analysis of whether Plaintiff may proceed anonymously.

### III. Plaintiff's Fear of Retaliation Is Credible and Well-Supported

Far from being speculative, as Defendants assert, Plaintiff's fears of retaliation are grounded in concrete past events. Plaintiff's Complaint is replete with detailed allegations of coerced sex acts, drugging, death threats, and sustained intimidation – conduct that directly parallels the criminal allegations in the superseding indictment. *See* Combs Superseding Indictment. Both pleadings allege that Combs used threats, coercion, and manipulation to sexually exploit individuals, protect his public image, and silence those around him. In fact, the patterns described in Plaintiff's Complaint closely mirror the structure and methods of abuse set forth in the indictment.

Moreover, Plaintiff's Motion specifically describes an incident on October 3, 2024, in which an unidentified individual associated with Combs sought an in-person meeting (Complaint, ¶ 65) – an act that bears the hallmarks of Combs' known tactics for exerting pressure and maintaining control. The government's RICO charges against Combs are premised on the very notion that he orchestrated and operated an enterprise designed to intimidate, silence, and punish his victims through a web of enablers and loyalists. That the contact with Plaintiff was made through an intermediary rather than by Combs directly is not only consistent with—but emblematic of—the enterprise conduct alleged in both Plaintiff's complaint and the federal indictment. Further, Combs' current detention does not eliminate the very real and ongoing threat he poses. Combs maintains vast resources, longstanding influence, and a network of loyal associates who remain fully capable of acting on his behalf. (Complaint, ¶ 55, 65; *see also* Combs Superseding Indictment.) This type of intimidation underscores the reason Combs stands charged

6

under RICO: criminal enterprises are designed to function through infrastructure, hierarchy, and proxies. His physical custody does not sever his control over the enterprise or neutralize the risk to Plaintiff. Accordingly, the risk of retaliation remains significant, and this factor weighs strongly in favor of Plaintiff.

## CONCLUSION

For the reasons stated herein, Plaintiff respectfully requests that this Court grant Plaintiff's Motion for Leave to Proceed Anonymously in its entirety, and all other relief this Court deems just and appropriate.

DATED: June 2, 2025                                    THE BLOOM FIRM

*/s/ Yasmine Meyer*
Yasmine Meyer
Lisa Bloom
Arick Fudali
Alan Goldstein
Devin Meepos
Attorneys for Plaintiff JOHN DOE