UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JOHN DOE,

                  Plaintiff,

-against-

SEAN COMBS, DOE CORPORATIONS 1-10, and DOE DEFENDANTS 11-20,

                  Defendants.

Case No. 1:25-cv-00996 (JLR)

**OPINION AND ORDER**

JENNIFER L. ROCHON, United States District Judge:

On February 4, 2025, Plaintiff filed this lawsuit against Defendant Sean Combs ("Combs") and several related business entities. *See* Dkt. 1 ("Complaint"). Plaintiff's first-amended complaint, filed on October 23, 2025, alleges that Combs — a well-known rapper, record producer, and record executive — recruited and enticed Plaintiff with false promises of advancing Plaintiff's music career, only to drug, rape, sexually assault, and traffic him over an approximately five-year period. Dkt. 56 ("Amended Complaint" or "FAC") ¶¶ 17, 21, 42-56, 61-62, 69. Now before the Court is Plaintiff's second motion to proceed anonymously, Dkt. 15; *see* Dkt. 16 ("Br."), which Plaintiff filed on March 27, 2025, at the Court's direction, Dkt. 12. Defendants filed their memorandum of law in opposition to Plaintiff's motion on May 19, 2025. *See* Dkt. 41 ("Opp."). And Plaintiff filed his reply on June 2, 2025. *See* Dkt. 45 ("Reply"). For the reasons set forth below, Plaintiff's motion is DENIED.

## LEGAL STANDARD

Federal Rule of Civil Procedure 10(a) requires the title of a complaint to name all parties. Fed. R. Civ. P. 10(a). "This Rule 'serves the vital purpose of facilitating public scrutiny of judicial proceedings'" and "cannot be set aside lightly." *Doe v. Combs*, No. 24-cv-08054 (MKV), 2024 WL 4635309, at *1 (S.D.N.Y. Oct. 30, 2024) (quoting *Sealed Plaintiff v.*

*Sealed Defendant*, 537 F.3d 185, 188-89 (2d Cir. 2008)). "Although there is a presumption that the parties will disclose their names, a district court has discretion to grant an exception to this requirement in certain *limited* circumstances." *Doe v. Combs*, No. 24-cv-08810 (LAK), 2025 WL 268515, at *1 (S.D.N.Y. Jan. 22, 2025) (emphasis added) (citing *Sealed Plaintiff*, 537 F.3d at 189). "[P]seudonyms are the exception and not the rule, and in order to receive the protections of anonymity, a party must make a case rebutting that presumption." *Doe v. Combs*, No. 24-cv-07777 (LJL), 2025 WL 722790, at *2 (S.D.N.Y. Mar. 6, 2025) (alteration in original) (quoting *United States v. Pilcher*, 950 F.3d 39, 45 (2d Cir. 2020)).

The Second Circuit set forth the operative balancing test in *Sealed Plaintiff*, identifying ten non-exhaustive factors for courts to weigh upon consideration of a motion to proceed anonymously:

> (1) whether the litigation involves matters that are highly sensitive and [of a] personal nature; (2) whether identification poses a risk of retaliatory physical or mental harm to the . . . party [seeking to proceed anonymously] or even more critically, to innocent non-parties; (3) whether identification presents other harms and the likely severity of those harms, including whether the injury litigated against would be incurred as a result of the disclosure of the plaintiff's identity; (4) whether the plaintiff is particularly vulnerable to the possible harms of disclosure, particularly in light of his age; (5) whether the suit is challenging the actions of the government or that of private parties; (6) whether the defendant is prejudiced by allowing the plaintiff to press his claims anonymously, whether the nature of that prejudice (if any) differs at any particular stage of the litigation, and whether any prejudice can be mitigated by the district court; (7) whether the plaintiff's identity has thus far been kept confidential; (8) whether the public's interest in the litigation is furthered by requiring the plaintiff to disclose his identity; (9) whether, because of the purely legal nature of the issues presented or otherwise, there is an atypically weak public interest in knowing the litigants' identities; and (10) whether there are any alternative mechanisms for protecting the confidentiality of the plaintiff.

537 F.3d at 190 (alterations and omission in original) (citations and internal quotation marks omitted). "Courts are 'not required to list each of the factors or use any particular formulation as long as it is clear that the court balanced the interests at stake in reaching its conclusion.'"

2

*Doe v. Combs*, No. 23-cv-10628 (JGLC), 2024 WL 863705, at *3 (S.D.N.Y. Feb. 29, 2024) (quoting *Sealed Plaintiff*, 537 F.3d at 191 n.4).

## DISCUSSION

This lawsuit is one of many filed against Combs in this District.  To date, nearly every court that has considered plaintiffs' motions to proceed anonymously has denied the request.[1] *See, e.g.*, *Doe v. Combs*, No. 24-cv-07772 (JPO), 2025 WL 1879516, at *1 (S.D.N.Y. July 8, 2025) (collecting eleven other cases denying requests to proceed anonymously); *Doe v. Combs*, No. 24-cv-09852 (JLR), 2025 WL 934380, at *1 (S.D.N.Y. Mar. 27, 2025); *Doe v. Combs*, No. 25-cv-01652 (LAP), 2025 WL 1993598, at *1 (S.D.N.Y. July 17, 2025).  For many of the same reasons expressed by other courts in this District, the Court finds that the *Sealed Plaintiff* factors weigh against allowing Plaintiff to proceed anonymously.

### I. The Highly Sensitive and Personal Nature of Plaintiff's Claims (Factor One) and His Efforts to Remain Confidential (Factor Seven) Weigh in Favor of Anonymity

The first *Sealed Plaintiff* factor (whether the litigation involves highly sensitive and personal subject matter) weighs in Plaintiff's favor.  Neither party disputes that this litigation involves highly sensitive matters of a personal nature, Br. at 3-5; Opp. at 7, including allegations that Combs drugged, trafficked, and raped Plaintiff, FAC ¶¶ 17, 42-56, 61-62.  "Allegations of sexual assault are 'paradigmatic example[s]' of highly sensitive and personal claims and thus favor a plaintiff's use of a pseudonym." *Rapp v. Fowler*, 537 F. Supp. 3d 521, 528 (S.D.N.Y. 2021) (alteration in original) (quoting *Doe No. 2 v. Kolko*, 242 F.R.D. 193, 195 (E.D.N.Y. 2006)) (collecting cases).  "[M]any courts have held that 'alleged victims

---

[1] One court granted anonymity in the case of a Jane Doe plaintiff who alleged that Combs drugged and raped her when she was thirteen years old, but the court explicitly stated that it "intends to revisit [the decision to grant anonymity] at a future date." *Doe v. Combs*, No. 24-cv-07975 (AT), 2024 WL 5220449, at *2-3 (S.D.N.Y. Dec. 26, 2024).  Plaintiff voluntarily dismissed the case before the court had an opportunity to do so. *Id.*, ECF No. 92.

3

of rape and sexual assault have a strong interest in proceeding anonymously.'" *Doe v. Kimmel*, No. 24-cv-03201 (JMF), 2024 WL 3184209, at *1 (S.D.N.Y. June 26, 2024) (quoting *Doe v. Kogut*, No. 15-cv-07726 (JMF) (S.D.N.Y. Oct. 20, 2015), ECF No. 8); *accord Doe v. Combs*, No. 24-cv-08852 (JPC), 2025 WL 950685, at *2 (S.D.N.Y. Mar. 28, 2025).

The seventh factor (whether Plaintiff's identity has been kept confidential thus far) also weighs in favor of anonymity. Nothing in the record contradicts Plaintiff's claim that he "has kept his identity confidential from the public." Br. at 8.[2] Defendants' argument that Plaintiff's representatives have been "decidedly vocal," Opp. at 5, about their representation of Plaintiff and have "spoken publicly about the alleged incidents that underly Plaintiff's claims," *id.* at 16, is inapposite to the question of whether Plaintiff's *identity* has been kept confidential, *Combs*, 2025 WL 934380, at *2. *See also Rapp*, 537 F. Supp. 3d at 528 ("The seventh factor asks [only] whether the plaintiff's identity thus far has been kept confidential." (citing *Sealed Plaintiff*, 537 F.3d at 190)). Defendants' assertion that Plaintiff forfeited his privacy because his real name briefly appeared on the public docket due to a clerical error, Opp. at 16, is likewise unavailing. "Whether Plaintiff has taken requisite steps to ensure confidentiality remains a fact-based inquiry, rather than one made dispositive by a single erroneous disclosure." *Doe v. DNA Diagnostics Ctr. LLC*, No. 25-cv-02878 (GHW), 2025 WL 1725449, at *8 (S.D.N.Y. June 18, 2025). The docketing error was corrected within minutes. Reply at 5. Accordingly, "[b]ecause there is no evidence before the Court that the plaintiff has spoken publicly about the incident, the seventh factor likewise favors anonymity." *Combs*, 2025 WL 268515, at *2 (footnote omitted)).

---

[2] Though there is no countervailing evidence, it would have been more persuasive for Plaintiff to have represented, under penalty of perjury, that he has not spoken publicly about the underlying incident. *See* 28 U.S.C. § 1746; *Combs*, 2025 WL 722790, at *2.

4

However, while both of these factors support Plaintiff's motion to proceed anonymously, neither of them is dispositive. *Combs*, 2024 WL 863705, at *3 (citing *Doe v. Weinstein*, 484 F. Supp. 3d 90, 94 (S.D.N.Y. 2020); *Rapp*, 537 F. Supp. 3d at 528). Thus, "the other factors must be taken into consideration and analyzed in comparison to the public's interest and the interests of the opposing parties." *Doe v. Skyline Autos. Inc.*, 375 F. Supp. 3d 401, 406 (S.D.N.Y. 2019).

## II. Plaintiff's Allegations Regarding the Risk of Harm Are Speculative and Insufficiently Particularized (Factors Two, Three, and Four)

The second, third, and fourth *Sealed Plaintiff* factors (risk of harm to Plaintiff or third parties, risk of other harms, and whether Plaintiff is a particularly vulnerable party) weigh in favor of disclosure. These factors "task the Court with assessing the potential risks associated with identifying the anonymous party, including the potential for retaliatory physical or mental harm, and the severity of such harms." *Does 1-2 v. Hochul*, No. 21-cv-05067 (AMD) (TAM), 2022 WL 836990, at *5 (E.D.N.Y. Mar. 18, 2022). Plaintiff asserts that Combs' "network of powerful and influential musicians, producers, associates, colleagues and friends . . . poses a significant threat of retaliation with respect to Plaintiff's professional standing" as a musician. Br. at 6. However, Plaintiff provides no support for this allegation. Plaintiff further alleges that "an individual associated with Combs" reached out to him for a "meeting," which escalated "the immediate risk of retaliation." *Id.* at 7. Yet, he offers no further elaboration or specificity as to the nature or content of this purported intimidation. Indeed, "there is no evidence that Combs has been in contact with Plaintiff or made any threats in the last [decade]." *Combs*, 2025 WL 722790, at *2. Generally, "to justify the exceptional relief of proceeding anonymously, [a] plaintiff must establish with sufficient specificity the incremental injury that would result from disclosure of her identity," *Doe v.*

*Freydin*, No. 21-cv-08371 (NRB), 2021 WL 4991731, at *2 (S.D.N.Y. Oct. 27, 2021) (collecting cases), but Plaintiff has not done so here.

As for the risk of mental harm, Plaintiff contends that public disclosure of his traumatic experiences could "exacerbate [his] traumas," and that as a male sexual abuse victim, "he faces unique vulnerabilities such as significant stigma and misunderstanding." Br. at 5. But he provides no "medical documentation" or other "evidence of the severity or likelihood of . . . mental harm" that would result from the disclosure of his identity. *Skyline Autos. Inc.*, 375 F. Supp. 3d at 406. Instead, he argues that the potential harm to him is "self-evident." Reply at 2. "'[C]onclusory statements and speculation' about mental harm to Plaintiff are insufficient" to support his request to proceed anonymously. *Combs*, 2024 WL 4635309, at *3 (quoting *Skyline Autos. Inc.*, 375 F. Supp. 3d at 406). "Without further, specific evidence," Plaintiff's "claims are too speculative to support anonymity in this case," *Doe v. Intel Corp.*, 786 F. Supp. 3d 576, 584 (S.D.N.Y. 2024), and the second and third factors do not weigh in favor of nondisclosure, *see id.* at *582 ("[C]ourts have rejected claims of harm where they are insufficiently 'particularized,' provided 'without corroboration,' or 'generalized' and 'conclusory.'" (quoting *Combs*, 2024 WL 863705, at *4)).

Finally, when considering whether a plaintiff is particularly vulnerable to harm from being identified, "[t]he plaintiff's age is a critical" consideration, *Combs*, 2024 WL 863705, at *4 (quoting *Rapp*, 537 F. Supp. 3d at 530). In this case, Plaintiff is an adult and was an adult at the time of the alleged trafficking, assault, and rape. FAC ¶¶ 8, 11. He offers no evidence from which the Court could infer that he is any more vulnerable than any other adult. Thus, the factors regarding risk of harm weigh in favor of disclosure.

**III.    The Public-Interest Factors Cut Both Ways (Factors Five, Eight, and Nine)**

The fifth, eighth, and ninth *Sealed Plaintiff* factors "relate to the public's interest in knowing Plaintiff's identity." *Combs*, 2024 WL 863705, at *4. Turning first to the fifth factor (whether the suit challenges government or private action), "[c]ourts recognize that open judicial proceedings in private civil suits 'not only advance the parties' private interests, but also further the public's interest in enforcing legal and social norms.'" *Combs*, 2025 WL 268515, at *5 (quoting *Doe v. Del Rio*, 241 F.R.D. 154, 159 (S.D.N.Y. 2006)). "Here, Plaintiff[] challenge[s] the actions of private parties; thus, there is a significant interest in open judicial proceedings weighing against the use of pseudonym." *Doe v. Leonelli*, No. 22-cv-03732 (CM), 2022 WL 2003635, at *4 (S.D.N.Y. June 6, 2022).

The eighth factor (whether disclosure furthers the public interest) cuts in both directions. As courts have routinely observed, "lawsuits are public events and the public has a legitimate interest in knowing the facts involved in them. Among those facts is the identity of the parties." *Combs*, 2024 WL 4635309, at *6 (quoting *Doe v. Shakur*, 164 F.R.D. 359, 361 (S.D.N.Y. 1996)). "There is also a public interest in the accused being able to publicly confront an accuser, a right that would be undermined by Plaintiff's anonymity." *Combs*, 2024 WL 863705, at *5 (citing *Doe 1 v. Branca USA, Inc.*, No. 22-cv-03806 (LJL), 2022 WL 2713543, at *2 (S.D.N.Y. July 13, 2022)). The public interest in knowing the identity of the parties is "magnified" where a plaintiff "has made his allegations against a public figure." *Combs*, 2025 WL 268515, at *4 (quoting *Rapp*, 537 F. Supp. 3d at 532). But courts have also noted that "the public generally has a strong interest in protecting the identities of sexual assault victims so that other victims will not be deterred from reporting such crimes." *Kolko*, 242 F.R.D. at 195; *see also Kimmel*, 2024 WL 3184209, at *1 ("[W]hile the public has a generalized interest in knowing who is seeking relief in its courts, the public has a stronger —

7

and more particularized — interest in protecting the identities of alleged victims of sexual assault to encourage victims to come forward and report such crimes." (citation omitted)).

Lastly, the ninth factor (whether public interest in disclosure is weak due to the purely legal nature of the issues) weighs in favor of disclosure. "Where the litigation involves, not abstract challenges to public policies, but rather . . . particular actions and incidents, open proceedings nevertheless benefit the public as well as the parties and also serve the judicial interest in accurate fact-finding and fair adjudication." *Skyline Autos. Inc.*, 375 F. Supp. 3d at 408 (omission in original) (quoting *N. Jersey Media Grp. Inc. v. Doe Nos. 1-5*, No. 12-cv-06152 (VM) (KNF), 2012 WL 5899331, at *8 (S.D.N.Y. Nov. 26, 2012)). Here, "[t]he ninth factor tilts marginally against Plaintiff because the issues in this case are likely not of a purely or predominantly legal nature." *Doe v. Combs*, No. 24-cv-08852 (JPC), 2024 WL 4867087, at *2 (S.D.N.Y. Nov. 22, 2024); *see also Combs*, 2025 WL 268515, at *5 ("Plaintiff's claims are factual in nature, which weighs against anonymity.").

### IV. Anonymity Would Significantly Prejudice Defendants (Factor Six)

The Court agrees with Defendants that the sixth factor (whether allowing the plaintiff to proceed anonymously would prejudice the defendants) weighs against the use of a pseudonym. The Court is acutely aware of "[t]he imbalance [that] arises where [a] [d]efendant must 'defend himself publicly while [a] plaintiff could make [his] accusations from behind a cloak of anonymity.'" *Doe v. Gooding*, No. 20-cv-06569 (PAC), 2022 WL 1104750, at *7 (S.D.N.Y. Apr. 13, 2022) (quoting *Shakur*, 164 F.R.D. at 361). "In such a situation, when one party is anonymous while others are not, there is an 'asymmetry in fact-gathering.' This asymmetry is more profound in cases involving substantial publicity, because 'information about only one side may come to light as a result,'" *Combs*, 2024 WL 863705, at *4 (quoting *Leonelli*, 2022 WL 2003635, at *5) (internal citations omitted),

"[p]articularly in a high profile case in which unknown witnesses may surface," *Combs*, 2025 WL 268515, at *4 (citing *Rapp*, 537 F. Supp. 3d at 531). Moreover, "[i]n cases where plaintiffs allege sexual assault, courts have found a reputational damage risk to a defendant." *Doe v. Townes*, 19-cv-08034 (ALC) (OTW), 2020 WL 2395159, at *5 (S.D.N.Y. May 12, 2020) (citing *Skyline Autos. Inc.*, 375 F. Supp. 3d at 407; *Shakur*, 164 F.R.D. at 361). *But see Kolko*, 242 F.R.D. at 198 ("Given the negative publicity already sustained by defendants, 'any additional prejudice to the defendant[s'] reputation or ability to operate merely by pursuit of this action under a pseudonym appears minimal.'" (alteration in original) (citation omitted) (quoting *EW v. N.Y. Blood Ctr.*, 213 F.R.D. 108, 112 (E.D.N.Y. 2003))). "Confidentially disclosing the plaintiff's name to the defendants' counsel, as [P]laintiff's counsel suggests, would not eliminate the potential prejudice." *Combs*, 2025 WL 268515, at *4; *accord Combs*, 2024 WL 4635309, at *5 ("The potential prejudice to Defendants is particularly stark here because Plaintiff is bringing a lawsuit about an incident that allegedly occurred approximately twenty years ago, which may be difficult to defend even with information about Plaintiff's identity."); *see* Br. at 2 ("Counsel for Plaintiff will confidentially disclose Plaintiff's name to counsel for Defendants."). Accordingly, the Court finds that the sixth factor weighs strongly in favor of disclosure.

### V. There Are Alternative Mechanisms for Protecting Plaintiff's Confidentiality (Factor Ten)

The final factor (whether alternative mechanisms for protecting Plaintiff's confidentiality are available) weighs against anonymity. As Defendants correctly observe, "there are other mechanisms to protect any confidential information that may be disclosed during discovery or as part of the case." Opp. at 18. Indeed, Defendants are willing to enter a protective order to protect confidential information that will be exchanged in this case, "such

9

as private financial information or medical records." *Id.*; *see also Combs*, 2025 WL 268515, at *5 ("The plaintiff 'can seek less drastic remedies than blanket anonymity, such as redactions to protect particularly sensitive information, or a protective order.'" (quoting *Weinstein*, 484 F. Supp. 3d at 98)); *accord Combs*, 2024 WL 5220449, at *3. "While this promise will not fully alleviate Plaintiff's concerns, it does provide some protection over disclosure of sensitive information exchanged during discovery." *Combs*, 2024 WL 863705, at *5. Accordingly, this factor weighs slightly in favor of disclosure.

## VI. The Balance of Factors Weighs in Favor of Disclosure

On one hand, this case involves highly sensitive and personal allegations, Plaintiff has thus far kept his identity confidential, and the public has a particularized interest in encouraging the victims of sexual assault to confront their accusers — who are often powerful figures. On the other hand, Plaintiff brings factually grounded claims on a topic of significant public interest against a well-known figure, and the public has a strong interest in maintaining the "customary and constitutionally-embedded presumption of openness in judicial proceedings." *Sealed Plaintiff*, 537 F.3d at 189 (quoting *Roe v. Aware Woman Ctr. for Choice, Inc.*, 253 F.3d 678, 685 (11th Cir. 2001)). And, significantly, Plaintiff has not provided any particularized evidence or even nonspeculative allegations to establish that the disclosure of his identity would result in concrete physical or mental harm to himself or third parties. Such evidence plays a vital role in the balancing of competing interests in these cases, and its absence is particularly salient here given the risk of severe prejudice to Defendants from continued anonymity, hampering their ability to confront their accuser, guard against reputational harm, and defend an action based on events from over a decade ago. In sum, Plaintiff has not provided the Court with enough information to tip the scales in his favor.

## CONCLUSION

For the foregoing reasons, the Court DENIES Plaintiff's motion to proceed anonymously.  Plaintiff shall refile the Amended Complaint in his name by November 18, 2025.  Failure to do so will result in dismissal of the Amended Complaint.

The Clerk of Court is respectfully directed to terminate the motion at Dkt. 15.

Dated: November 10, 2025
New York, New York

SO ORDERED.

_____
JENNIFER L. ROCHON
United States District Judge