# THE BLOOMFIRM
## Attorneys at Law

April 30, 2026

**BY ECF**
The Honorable Jennifer L. Rochon
United States District Court
Southern District of New York
500 Pearl Street, Room 1920
New York, NY 10007

   Re: *Julian Sapp v. Sean Combs, et al.*; Case No. 1:25-cv-00996 (JLR)

Dear Judge Rochon:

   We represent Plaintiff Julian Sapp in the above-captioned matter. Plaintiff respectfully submits this letter in response to Defendant Sean Combs' April 10, 2026, letter to this Court, which provides notice of *Withers v. Combs*, No. 24 Civ. 8852 (JPC), slip op. (S.D.N.Y. Mar. 30, 2026).

   Defendant's reliance on *Withers* is misplaced and rests on a misreading of *Breest v. Haggis* 180 A.D.3d 83 (1st Dep't 2019). *Breest* did not disregard the statutory phrase "victim's gender." To the contrary, the First Department expressly addressed that requirement, analyzing whether the alleged rape and sexual assault were committed "due, at least in part, to an animus based on the victim's gender," and holding that they were. *Breest*, at 88–89. In doing so, the court explained that in cases of rape and sexual assault, "malice or ill will based on gender is apparent from the alleged commission of the act itself," thereby recognizing that such violence embodies gender-based hostility, domination, or contempt. *Id.* at 89. *Breest* therefore did not render the "victim's gender language"—or any statutory text—superfluous as Defendant argues; it applied that requirement to the facts before it and concluded that sexual violence itself satisfies the animus element. Defendant's attempt to recast *Breest*—and to elevate a single district court decision in *Withers* over binding First Department authority—should be rejected.

   The Court in *Breest* further cautioned against importing restrictive interpretations derived from federal VAWA jurisprudence, noting that such approaches have "distorted" the statute and risk erecting "insuperable barriers to stating a claim" (*id.* at 93), contrary to the GMVL's remedial purpose. *Withers*, however, does exactly what *Breest* forbids—requiring plaintiffs to plead extrinsic evidence of gender animus beyond the alleged sexual violence itself.

   Second, even assuming *arguendo* that *Breest* requires a more particularized showing of animus, Plaintiff's allegations independently satisfy that standard. The FAC pleads substantial extrinsic evidence demonstrating animus directed at Plaintiff as the victim. Unlike the single-incident allegation in *Withers*, Plaintiff alleges a prolonged and repeated pattern of conduct in which Defendant treated him as a sexual object for Defendant's gratification, including physically controlling Plaintiff's genitals, compelling him to engage in sexual acts while Defendant observed, and humiliating Plaintiff through coerced ejaculation acts. (FAC ¶¶ 39, 48-49.) These acts were not gender-neutral. They reflect Defendant's exploitation of Plaintiff's male body—specifically targeting his genitals and their sexual function—in a manner designed to assert dominance, degrade Plaintiff's masculinity, and subject him to sexual humiliation based on his

gender. By forcing these acts to occur in the presence of women, Defendant reinforced Plaintiff's subjugation and undermined Plaintiff's masculine status. This conduct reflects Defendant's hostility to the presence of another male whom he viewed as a threat to his own male dominance.

For these reasons, Defendant's reliance on *Withers* is misplaced and provides no basis to dismiss Plaintiff's VGMVPL claim.

We also respectfully request a status conference for the limited purpose of understanding the anticipated timing of the Court's decision on the pending motion, including whether the Court is awaiting further developments in *Parker v. Alexander*, No. 25-487-cv (2d Cir. Mar. 23, 2026) where the Second Circuit certified the GMVL preemption issue to the New York Court of Appeals. *Id.* at 17–18. Plaintiff seeks clarity as to the current posture of the case and therefore believes a brief, narrowly tailored status conference would be appropriate. Defendant does not consent to this request.

Respectfully submitted,

/s/ Lisa Bloom
Lisa Bloom
Arick Fudali
Alan Goldstein
Devin Meepos

cc: All Counsel of Record via ECF

B