UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JULIAN SAPP,

Plaintiff,

-against-

SEAN COMBS, DOE CORPORATIONS 1-10, and DOE DEFENDANTS 11-20,

Defendants.

Case No. 1:25-cv-00996 (JLR)

**MEMORANDUM OPINION AND ORDER**

JENNIFER L. ROCHON, United States District Judge:

Plaintiff Julian Sapp ("Plaintiff" or "Sapp") moves under Local Civil Rule 6.3 and Federal Rule of Civil Procedure ("Rule") 59(e) for partial reconsideration of the Court's September 18, 2026 Opinion and Order, Dkt. 78 (the "Order"), and amendment of the September 23, 2026 Judgment, Dkt. 79 (the "Judgment"). *See* Dkt. 80 ("Br."). Sapp principally asks the Court to vacate its dismissal of the state law claims over which it exercised supplemental jurisdiction, dismiss those claims without prejudice, and expressly preserve his ability to pursue certain claims in California or Nevada. *Id.* at 1-2, 7-8. He separately argues that the Court overlooked a California statutory provision potentially affecting Count IV, his claim under the California Trafficking Victims Protection Act ("CTVPA"), California Civil Code § 52.5. *Id.* at 8-10. Defendant Sean Combs ("Defendant" or "Combs") opposes the motion. *See* Dkt. 86 ("Opp."). Sapp has replied. *See* Dkt. 88 ("Reply"). For the reasons that follow, Sapp's motion for reconsideration is GRANTED in part and DENIED in part.

## BACKGROUND

The Court assumes familiarity with the allegations and procedural history of this case, *see generally* Order, to which the Court refers only as necessary to explain its findings below. In brief, Sapp alleges that Combs subjected him to trafficking, sexual assault, and other misconduct

during a series of encounters from approximately 2007 through 2012. *See id.* at 2-5. Sapp commenced this action on February 4, 2025, asserting two federal claims (Counts II-III) and thirteen state law claims under New York, California, and Nevada law (Counts I, IV-XV). *See id.* at 5.

On December 11, 2025, Combs moved to dismiss all fifteen claims. *See* Dkt. 60. Following briefing and oral argument from the parties, the Court granted the motion on September 18, 2026. *See* Order. In its Order, the Court dismissed Sapp's federal claims, Counts II and III, as untimely. *See id.* at 7-22. Having dismissed those claims, the Court considered "judicial economy, convenience, fairness, and comity" and exercised supplemental jurisdiction over Counts IV through XV because it concluded that those state law claims were "plainly time-barred." *Id.* at 22-23 (citation omitted). The Court declined supplemental jurisdiction over the remaining claim, Count I, which raised an unsettled question concerning preemption of New York City's Victims of Gender-Motivated Violence Protection Law ("VGMVPL"), and dismissed that count without prejudice. *See id.* at 38-40.

As to Count IV, the Court concluded that the CTVPA's seven-year limitations period had expired and that Sapp's Amended Complaint did not plausibly establish the statutory grounds for extending that period. *See id.* at 29-30. Having found Count IV untimely under California law, the Court did not reach the independent New York limitations inquiry implicated by New York's borrowing statute, N.Y. C.P.L.R. § 202 (McKinney 2026) ("CPLR 202"). *See id.* at 30. In addressing all California state law claims outside of Count IV, however, the Court considered a California statute effective January 1, 2026, that revived certain sexual-assault damages claims and "related claims," Cal. Civ. Proc. Code § 340.16(e)(6); *see* Order at 30-31, 33--36 (analyzing Counts V, XII, and XIII), and ultimately found those claims untimely under their corresponding New York state limitations periods.

Sapp now seeks reconsideration of the Court's disposition of his state law claims. *See generally* Br.

## LEGAL STANDARD

"This District has repeatedly stated that 'a motion for reconsideration is an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources.'" *Chelsea Hotel Owner LLC v. City of New York*, No. 21-cv-03982 (ALC) (RWL), 2025 WL 1603918, at *1 (S.D.N.Y. June 6, 2025) (alteration adopted) (quoting *Drapkin v. Mafco Consol. Grp., Inc.*, 818 F. Supp. 2d 678, 695 (S.D.N.Y. 2011)). "The standard for granting a motion to reconsider is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked — matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Ciocca v. Neff*, No. 02-cv-05067 (LTS) (HBP), 2006 WL 2864987, at *1 (S.D.N.Y. Oct. 5, 2006) (alteration adopted) (quoting *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 256-57 (2d Cir. 1995)); *see Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Tr.*, 729 F.3d 99, 104 (2d Cir. 2013) ("A motion for reconsideration should be granted only when the defendant identifies 'an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'" (quoting *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992))). Rule 59(e) "is to be narrowly construed and strictly applied so as to avoid repetitive arguments on issues that have been fully considered by the court." *In re Otal Invs. Ltd.*, No. 02-cv-04303 (HB), 2006 WL 895212, at *1 (S.D.N.Y. Apr. 7, 2006) (quoting *Anglo Am. Ins. Grp. v. Calfed Inc., XCF*, 940 F. Supp. 544, 557 (S.D.N.Y. 1996)); *see Analytical Survs., Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012), *as amended* (July 13, 2012) ("Rule 59 is not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a second bite at the

apple." (quotation marks and citation omitted)). "The standard is the same for a motion to reconsider under Southern District of New York Local Rule 6.3." *Otal Invs.*, 2006 WL 895212, at *1.

## DISCUSSION

Sapp asks the Court to vacate the dismissals of Counts IV through XV and decline supplemental jurisdiction over those claims under 28 U.S.C. § 1367(c). *See* Br. at 1, 7-8. Alternatively, he seeks the same relief as to a narrower subset of California claims (Counts IV, V, VIII, X, XI, and XIII), or, at minimum, an express reservation that the dismissals of a still narrower subset of the California and Nevada claims (Counts V, VIII, X, XI, and XIII) are without prejudice to future proceedings in those states. *Id.* at 1-2, 8, 10. As detailed below, the Court denies Sapp's requested relief except as to Count IV.

### I. The Court Declines to Reconsider Its Disposition of Counts V through XV

In the Order, the Court considered the exercise of supplemental jurisdiction. It recognized its discretion under 28 U.S.C. § 1367(c)(3), weighed the relevant factors, and explained that retaining jurisdiction served judicial economy because the claims it adjudicated were plainly untimely under the law governing their disposition in this Court. *See* Order at 22-23. That latter determination was premised on the application of CPLR 202, which requires a nonresident plaintiff's out-of-state claims to satisfy the applicable limitations period of both New York and the jurisdiction wherein the claim accrued. *See id.* at 28-29.

Sapp emphasizes that the Court found Counts V and VIII timely under California and Nevada law, respectively, notwithstanding their untimeliness under the applicable New York limitations period. *See* Br. at 4, 7-8; Reply at 2-3. In his view, the Court should have declined to exercise supplemental jurisdiction, rather than adjudicate those claims such that its New York limitations rulings may impact litigation elsewhere. *See* Reply at 2-3, 5-6. However, as Combs

observes, Sapp identifies no intervening authority or overlooked legal principle that undermines the Court's application of CPLR 202 to Counts V and VIII or its original balancing of the 28 US.C. § 1367(c) factors as to those claims. *See* Opp. at 3-5. Indeed, the possibility that those claims might be timely under a different forum's law was apparent from the Order itself. *See* Order at 30-32. Although Sapp disagrees with the Court's decision to adjudicate them, that disagreement does not supply a basis for altering the Judgment. *See Analytical Survs.*, 684 F.3d at 52.

Nor does the Judgment's potential preclusive effect warrant reconsideration. Whatever concerns Sapp may have, the authorities he cites do not establish error in the Court's disposition. *See* Br. at 5-7; Reply at 5-6. In *Semtek International Inc. v. Lockheed Martin Corporation*, 531 U.S. 497 (2001), the Supreme Court explained that Rule 41(b)'s designation of an involuntary dismissal as an adjudication "on the merits" does not, by itself, settle the judgment's claim-preclusive effect in other courts. *See id.* at 503-06; *see* Br. at 6 (citing *Semtek*). And *Cloverleaf Realty of N.Y., Inc. v. Town of Wawayanda*, 572 F.3d 93 (2d Cir. 2009), "h[e]ld that dismissal of a claim solely for lack of timeliness in a New York state court does not preclude the same claim from being brought in another jurisdiction with a longer statute of limitations." *Id.* at 96; *see* Br. at 6 (citing *Cloverleaf*). Those decisions illustrate that this Court's dismissal of Sapp's claims with prejudice does not necessarily dictate the effect of the Judgment in another forum. But neither case requires the Court to alter an otherwise proper dismissal to facilitate a later action.

Sapp's reliance on *Rosenthal v. Roosevelt Island Operating Corp.*, 185 F.4th 48 (2d Cir. 2026), fares no better. *See* Br. at 6-7. There, the Second Circuit held that an express reservation in an earlier New York state court judgment preserved identified claims for later litigation notwithstanding the resolution of related claims on the merits. *See Rosenthal*, 185 F.4th at 56-57; *see also id.* at 58 ("[W]hile a final judgment on the merits normally extinguishes all other

claims arising from the same transaction, a concurrent dismissal without prejudice for some claims preserves a plaintiff's ability to refile those specific claims in a second action."). While *Rosenthal* addresses the effect of a reservation that has already been made, it does not *require* a court to add such a reservation. Moreover, Sapp acknowledges that a later court would nonetheless independently determine the applicability of preclusion doctrines and other defenses regardless of any such reservation. *See* Reply at 5-6. The Court leaves those questions for any court in which Sapp might seek to bring another action and expresses no view on whether any such action may proceed.

Finally, Sapp asks this Court to revisit its decision to exercise supplemental jurisdiction over several of his state law claims without identifying any error in the Court's decision to exercise such jurisdiction or in the limitations analysis that followed. *See* Br. at 8. These include New York claims subject to a one-year limitations period (Counts VI, VII, and IX), *see* Order at 23-27, a California privacy claim dismissed on an independent pleading ground (Count XII), *see id.* at 33-35, and contract and quasi-contract claims that the Court found untimely under both New York and California law (Counts XIV-XV), *id.* at 36-37. Sapp offers no basis for reconsideration beyond his contention that the Court should have declined to exercise supplemental jurisdiction, *see* Br. at 7-8 — an argument that he failed to raise in opposing the motion to dismiss, *see generally* Dkts. 63, 69, 71, 75, and that he cannot raise for the first time on reconsideration, *see Ayyaz v. Thaler*, No. 19-cv-01412 (LTS) (SN), 2022 WL 837058, at *3 (S.D.N.Y. Mar. 21, 2022) ("It is well established that a motion for reconsideration is not a vehicle for raising new arguments or legal theories."); *Legacy Agency, Inc. v. Scoffield*, No. 20-cv-05771 (JGK), 2021 WL 5332295, at *3 (S.D.N.Y. Nov. 15, 2021) ("A motion for reconsideration cannot assert new arguments or claims which were not before the court on the original motion." (citation modified)).

In sum, Sapp has offered no reason for the Court to revisit its prior exercise of discretion as to Counts V through XV, or to amend the Judgment to include the requested reservations. Sapp's motion for reconsideration is therefore denied as to Counts V through XV.

**II. The Court Reconsiders Its Disposition of Count IV**

Sapp's CTVPA claim (Count IV) presents a different question. Sapp points out that, in the Order, the Court applied California Code of Civil Procedure § 340.16(e) ("Section 340.16(e)") to Count V and considered the application of its "related claims" provision to other counts, but did not address whether that provision similarly applies to Count IV. *See* Br. at 8-10; Reply at 3-4. Section 340.16(e)(1) revived adult sexual-assault damages claims "that would otherwise [have] be[en] barred before January 1, 2026, solely because the applicable statute of limitations . . . had expired," including qualifying actions "already pending in court on January 1, 2026." Cal. Civ. Proc. Code § 340.16(e)(1). This action was pending on that date. And relevant here, subsection (e)(6) extends that revival to "any related claims, including, but not limited to, wrongful termination and sexual harassment, arising out of the sexual assault." *Id.* § 340.16(e)(6).

Sapp contends that Count IV arises in part from the same alleged coerced sexual acts supporting his California sexual battery claim (Count V). *See* Br. at 9; Reply at 4. Count IV alleges that Combs obtained Sapp's labor or services, including certain sexual acts, "by force, fraud, or coercion." Dkt. 58 ("Am. Compl.") ¶ 103; *see id.* ¶¶ 101-08. Sapp's allegations describing compelled sexual activity provide a basis to consider whether Count IV falls within the "related claims" language of California's revival statute. The Order did not, however, resolve that issue before concluding that California law barred Count IV. *See* Order at 29-30.

In opposing reconsideration of Count IV, Combs raises two principal arguments. First, Combs objects to Sapp raising the applicability of the California revival statute for the first time

on reconsideration — particularly because the provision took effect while the parties were briefing the motion to dismiss. *See* Opp. at 5-6. Second, Combs observes that Sapp has not shown that the provision would ultimately save Count IV. *Id.* at 7. Those points carry weight. But the Court relied on Section 340.16(e) when assessing other claims, and its failure to consider the provision's possible application to Count IV affects the premise on which the Court retained supplemental jurisdiction over that count. The Court therefore grants reconsideration as to Count IV to address that omission.

The omission of Section 340.16(e) from the Court's analysis of Count IV changes the Court's assessment of whether to exercise supplemental jurisdiction. The Order retained jurisdiction over that claim on the understanding that it was plainly untimely under California law. Order at 22-23, 29-30. The potential application of Section 340.16(e)(6) makes that conclusion less straightforward. In adjudicating that claim, the Court would have to determine how Section 340.16(e)(6)'s "related claims" provision applies to a trafficking claim seeking damages for conduct that allegedly includes forced sexual activity. Even if the California provision applies, CPLR 202 requires a separate inquiry into the applicable New York limitations period. *See id.* at 28-29. That inquiry presents additional questions concerning the proper New York analogue to a claim under the CTVPA and the relevance, if any, of New York's civil trafficking statute and its fifteen-year limitations provision. *See* N.Y. Soc. Serv. Law § 483-bb(c) (McKinney 2021); N.Y. C.P.L.R. § 212(e) (McKinney 2022). Because the alleged conduct predates the enactment of New York's civil trafficking statute, determining the applicable limitations law may also require consideration of retroactivity. *S.J. v. Choice Hotels Int'l, Inc.*, 473 F. Supp. 3d 147, 156-57 (E.D.N.Y. 2020) (analyzing whether N.Y. Soc. Serv. Law § 483-bb(c), effective January 19, 2016, applies retroactively to conduct occurring between 2006 and 2009). The parties have not briefed those questions, and the Court does not decide

them here. But these considerations bear on the Court's balancing of factors governing the exercise of supplemental jurisdiction.

Under 28 U.S.C. § 1367(c), a district court may decline supplemental jurisdiction when "the claim raises a novel or complex issue of State law" or when it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. §§ 1367(c)(1), (3). The Court must weigh "judicial economy, convenience, fairness, and comity" in exercising that discretion. *Pension Benefit Guar. Corp. ex rel. St. Vincent Cath. Med. Ctrs. Ret. Plan v. Morgan Stanley Inv. Mgmt. Inc.*, 712 F.3d 705, 727 (2d Cir. 2013) (citation omitted). As the Second Circuit has explained, courts should be particularly cautious about retaining state claims involving "unsettled questions of law" after federal claims have been dismissed. *See Kolari v. N.Y.-Presbyterian Hosp.*, 455 F.3d 118, 124 (2d Cir. 2006); *accord Carver v. Nassau Cnty. Interim Fin. Auth.*, 730 F.3d 150, 154-55 (2d Cir. 2013) (directing dismissal of a supplemental claim that "raise[d] an unresolved issue of state law" implicating significant state interests).

On reconsideration, the balance now favors declining supplemental jurisdiction over Count IV. Judicial economy no longer favors retention on the ground that the claim is plainly time barred. Although the Court and the parties invested substantial resources in the original motion, the remaining questions about Count IV would require additional consideration of two states' statutory schemes and their temporal reach. Moreover, the federal claims were dismissed at the pleading stage, and no discovery or trial has occurred. Convenience does not materially favor either course, while comity favors allowing a court with an independent basis for jurisdiction to resolve those unsettled state law issues. Nor would it be fair to rest a final adjudication of Count IV on a limitations rationale that did not consider a potentially applicable revival provision. In light of these considerations, the Court declines supplemental jurisdiction over Count IV pursuant to 28 U.S.C. §§ 1367(c)(1) and (3).

The Court accordingly vacates only the portion of the Order dismissing Count IV as untimely and dismisses that count without prejudice pursuant to 28 U.S.C. § 1367(c).

## CONCLUSION

For the foregoing reasons, Plaintiff's motion for partial reconsideration and to alter or amend the Judgment is GRANTED in part and DENIED in part. The motion is granted solely as to Count IV. The Court VACATES the portion of its September 18, 2026 Opinion and Order, Dkt. 78, dismissing Count IV on limitations grounds, declines to exercise supplemental jurisdiction over Count IV under 28 U.S.C. § 1367(c)(1) and (3), and DISMISSES Count IV without prejudice.

In all other respects, the motion is DENIED and the Court's September 18, 2026 Opinion and Order remains in effect, including the dismissal of Count I without prejudice, the dismissals of Counts II, III, and V through XV, and the dismissal of the Doe Defendants.

The Clerk of Court is respectfully directed to terminate the motion at Dkt. 80 and amend the Judgment at Dkt. 79 to reflect that Count IV is dismissed without prejudice pursuant to 28 U.S.C. § 1367(c). This case shall remain CLOSED.

Dated: November 6, 2026
New York, New York

SO ORDERED.

Jennifer Rochon
JENNIFER L. ROCHON
United States District Judge